UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SUTTER HEALTH, et al.,<br><br>Defendants. | Case No. 18-CV-02067-LHK<br><br>**ORDER REGARDING MOTION TO WITHDRAW; PRO SE PROGRAM; SERVICE OF COMPLAINT; CASE MANAGEMENT CONFERENCE; AND DISCOVERY STAY**<br><br>Re: Dkt. No. 24 |

This case is a *qui tam* action alleging violations of the federal and California False Claims Acts. Plaintiff-Relator Judy Jones ("Jones") commenced this action *pro se* on April 4, 2018. ECF No. 1. Counsel Barry Himmelstein ("Himmelstein") filed a notice of appearance on May 24, 2018. ECF No. 9. An Amended Complaint was filed on October 19, 2018. ECF No. 13. Before the Court is the motion for order permitting withdrawal ("motion") of Himmelstein, counsel for Plaintiff-Relator Jones. ECF No. 24. The Court held a hearing on the motion on Thursday, October 3, 2019.

**I.  LEGAL STANDARD**

"An attorney may not withdraw as counsel except by leave of court." *Darby v. City of*

1

Case No. 18-CV-02067-LHK
ORDER REGARDING MOTION TO WITHDRAW; PRO SE PROGRAM; SERVICE OF COMPLAINT; CASE MANAGEMENT CONFERENCE; AND DISCOVERY STAY

*Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). Permission to withdraw is discretionary. *See United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). In ruling on a motion to withdraw, courts have considered: "1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case." *CE Res., Inc. v. Magellan Group, LLC*, 2009 WL 3367489, *2 (E.D. Cal. Oct. 14, 2009); *Das v. WMC Mortg. Corp.*, 2011 WL 13239055, at *1 (N.D. Cal. Oct. 14, 2011) (same).

In addition, attorneys seeking to withdraw must "comply with the standards of professional conduct required of members of the State Bar of California." Civil Local Rule 11-4(a)(1). Under the California Rules of Professional Conduct, withdrawal may be appropriate if the client "renders it unreasonably difficult for the member to carry out the employment effectively." Cal. R. Prof. Conduct 3-700(C)(1)(d). Before withdrawing for any reason, an attorney must take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules." Cal. R. Prof. Conduct 3-700(A)(2). The Civil Local Rules also require an attorney to provide written notice of her intent to withdraw "reasonably in advance to the client and to all other parties who have appeared in the case." Civil Local Rule 11-5(a).

Where withdrawal by an attorney is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear *pro se*, leave to withdraw may be subject to the condition that papers continue to be served on counsel for forwarding purposes until the client appears by other counsel or *pro se*. Civil Local Rule 11-5(b).

## II. DISCUSSION

### A. Motion to Withdraw

In the instant case, Himmelstein stated in his declaration in support of his motion that he was discharged by Jones. ECF No. 24 at 5. At the hearing on the motion, Himmelstein read from

2

Case No. 18-CV-02067-LHK
ORDER REGARDING MOTION TO WITHDRAW; PRO SE PROGRAM; SERVICE OF COMPLAINT; CASE MANAGEMENT CONFERENCE; AND DISCOVERY STAY

March 2019 texts in which Jones and Himmelstein discussed executing a substitution of counsel form when Jones obtained new counsel. During the hearing Himmelstein stated that Jones discharged Himmelstein on March 25, 2019. Himmelstein stated that he waited to file his motion, so that Jones could obtain new counsel.

Himmelstein also stated that he filed his motion and Statement in Lieu of Joint Case Management Conference Statement—which requested a continuance of the June 19, 2019 initial case management conference—on June 14, 2019. Himmelstein stated that he did so because the Joint Case Management Conference Statement was due on June 12, 2019, and he could no longer wait for Jones to obtain new counsel.

At the hearing on the motion, Jones stated that she never discharged Himmelstein and that she wanted Himmelstein to continue to represent her. Jones said that Himmelstein only wanted to discontinue his representation of Jones because the federal and state governments declined to intervene and that Himmelstein did not have the resources to litigate the case without government intervention. Jones stated that Himmelstein and Jones had misunderstandings, but that Jones and her business counsel hoped to work them out with Himmelstein. Jones stated that before the federal and state governments declined to intervene, Jones had requested that Himmelstein perform certain tasks.

Himmelstein stated that the declinations of the federal and state governments to intervene in the instant case had no bearing on the motion and that the performance of the tasks Jones requested would not be consistent with Himmelstein's professional ethical obligations such that Himmelstein could not continue his representation of Jones.

The Court need not determine whether Himmelstein's or Jones' version of events is true. Clearly, there is a breakdown in the attorney-client relationship such that this representation cannot continue. *VBS Distribution, Inc. v. Nutrivita Labs., Inc.*, 2018 WL 5279542, at *1 (C.D. Cal. June 29, 2018) (granting motion to withdraw due to "complete breakdown in trust and confidence"); *Heilman v. Silva*, 2017 WL 822164, at *2 (S.D. Cal. Mar. 2, 2017) (finding good

Case No. 18-CV-02067-LHK
ORDER REGARDING MOTION TO WITHDRAW; PRO SE PROGRAM; SERVICE OF COMPLAINT; CASE MANAGEMENT CONFERENCE; AND DISCOVERY STAY

cause for withdrawal because plaintiff and counsel "maintain differing opinions and positions regarding the handling of Plaintiff's case to the point that they have irreconcilable differences and cannot amicably carry on the attorney-client relationship"). Therefore, the Court GRANTS the motion for order permitting withdrawal. Himmelstein is ordered to deliver the entire case file to Jones by Monday, October 7, 2019.

During the hearing, Jones requested 30 days to obtain new counsel. Jones may obtain new counsel at any time, but she must proceed *pro se* in the interim. Indeed, Jones filed the initial complaint *pro se* on April 4, 2018, ECF No. 1. Moreover, Jones texted Himmelstein about executing a form to replace Himmelstein as counsel in March 2019, seven months ago.

Furthermore, Himmelstein's motion, filed on June 14, 2019, requested that the June 19, 2019 initial case management conference be continued up to 60 days in which Jones would obtain new counsel. That 60-day period expired two months ago, and Jones has failed to obtain new counsel. The federal and state governments declined to intervene on June 11, 2019. ECF Nos. 23 and 29. This case, which has been pending since April 4, 2018, must proceed.

Kevin Knestrick ("Knestrick") of the Federal Pro Se Program attended the October 3, 2019 hearing. During the hearing, the Court referred Jones to Knestrick and encouraged Jones to make an appointment with Knestrick. Although Knestrick provided his phone number during the hearing, the Court repeats it here for Jones's convenience: (408) 297-1480.

At the October 3, 2019 hearing, Jones represented that she has a medical doctorate degree and has completed one year of law office legal studies, which she represented is the equivalent of one year of law school. Jones represented that she is effectively a second-year law student. Although Jones may have some legal training, the Court strongly encourages Jones to obtain new counsel or make an appointment with Knestrick.

**B. Service of Complaint and Initial Case Management Conference**

The Court ORDERS Jones to serve the First Amended Complaint and summons on the defendants. The Court sets an initial case management conference for January 8, 2020 at 2:00

4

Case No. 18-CV-02067-LHK
ORDER REGARDING MOTION TO WITHDRAW; PRO SE PROGRAM; SERVICE OF COMPLAINT; CASE MANAGEMENT CONFERENCE; AND DISCOVERY STAY

p.m. The parties shall file a joint case management conference statement by January 1, 2020.

## C. Stay of Discovery

From 2014 to 2017, Jones sued all the same defendants except for Sutter Health and Sutter Bay Medical Foundation in the Superior Court of California, County of Santa Clara, for personal injury and medical malpractice. The Superior Court dismissed that case in November 2017. Jones represents that the dismissal was without prejudice. Himmelstein represents that the litigation was extensive over a period of years, the docket is very long, and that Jones obtained the medical billing data for the instant case from the discovery in the state court litigation. In the instant case, the First Amended Complaint includes snapshots of deposition testimony, deposition transcripts, and special interrogatory requests and responses from the state court litigation. The Court hereby STAYS discovery in the instant case until the Court orders otherwise.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS Himmelstein's motion to withdraw as counsel for Plaintiff-Relator Jones. The Court strongly encourages Jones to obtain new counsel or make an appointment with Knestrick of the Federal Pro Se Program.

Furthermore, the Court ORDERS Jones to serve the First Amended Complaint and summons on the defendants. The parties shall file a joint case management conference statement by January 1, 2020 for the case management conference set for January 8, 2020 at 2:00 p.m.

Finally, the Court STAYS discovery in the instant case until the Court orders otherwise.

**IT IS SO ORDERED.**

Dated: October 4, 2019

*Lucy H. Koh*
LUCY H. KOH
United States District Judge