1   LATHAM & WATKINS LLP
    Katherine A. Lauer (Bar No. 138010)
2   *katherine.lauer@lw.com*
    Jason M. Ohta (Bar No. 211107)
3   *jason.ohta@lw.com*
    12670 High Bluff Drive
4   San Diego, CA 92130
    Telephone: (858) 523-5400
5   Facsimile: (858) 523-5450

6   *Attorneys for Defendants Sutter Health, Sutter*
    *Bay Medical Foundation, and Palo Alto*
7   *Medical Foundation*

8

9                   **UNITED STATES DISTRICT COURT**

10                  **NORTHERN DISTRICT OF CALIFORNIA**

11                       **SAN JOSE DIVISION**

12

13  UNITED STATES OF AMERICA and THE        CASE NO. 5:18-cv-02067-LHK
    STATE OF CALIFORNIA, *ex rel.* Judy Jones,
14  an individual,                           **DEFENDANTS SUTTER HEALTH,**
                                             **SUTTER BAY MEDICAL**
15                  Plaintiffs,              **FOUNDATION, AND PALO ALTO**
                                             **MEDICAL FOUNDATION'S NOTICE**
16          v.                               **OF MOTION AND MOTION TO**
                                             **DISMISS RELATOR'S FIRST**
17  SUTTER HEALTH, a corporation; SUTTER     **AMENDED COMPLAINT;**
    BAY MEDICAL FOUNDATION, a                **MEMORANDUM OF POINTS AND**
18  corporation; PALO ALTO MEDICAL           **AUTHORITIES IN SUPPORT**
    FOUNDATION, a corporation; PALO ALTO     **THEREOF**
19  FOUNDATION MEDICAL GROUP, INC., a
    corporation; ROY HONG, M.D., aka ROY W.  Date:  October 29, 2020
20  HONG, an individual; and DOES 1-10,      Time:  1:30 p.m.
                                             Courtroom:  8, 4th Floor
21                  Defendants.              Hon. Lucy H. Koh

22

23

24

25

26

27

28

1     <u>**NOTICE OF MOTION & MOTION**</u>

2 **TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

3     PLEASE TAKE NOTICE that at 1:30 p.m. on October 29, 2020, or as soon thereafter as

4 the matter may be heard, before the Honorable Lucy H. Koh, United States District Judge for the

5 Northern District of California, in Courtroom 8, 4th Floor, Defendants Sutter Health, Sutter Bay

6 Medical Foundation and Palo Alto Medical Foundation ("Sutter Defendants") will and hereby do

7 move this Court for an order dismissing Relator's First Amended Complaint (ECF No. 13) (the

8 "FAC"). This Motion is brought on grounds that: Relator's False Claims Act ("FCA") and

9 California False Claims Act ("CFCA") claims must be dismissed under the Public Disclosure Bar,

10 Relator fails to adequately plead FCA or CFCA claims as to Sutter Defendants under Federal Rule

11 of Civil Procedure 9(b), Relator's FAC does not state any claim for relief under the FCA or CFCA,

12 and Relator uses a pseudonym in violation of Federal Rule of Civil Procedure 10(a) and the

13 common law.

14     Sutter Defendants seek an order pursuant to Federal Rules of Civil Procedure 12(b)(6),

15 9(b), and 10(a) dismissing Relator's First Amended Complaint in its entirety, with prejudice, for

16 failure to state a claim upon which relief can be granted.

17     Sutter Defendants' Motion is based on this Notice of Motion and Motion to Dismiss, the

18 following Memorandum of Points and Authorities, all pleadings and papers in this action, and any

19 oral argument of counsel.

20

21 Dated: June 15, 2020           Respectfully submitted,

22                       LATHAM & WATKINS LLP

23

24                       By: <u>*/s/ Jason M. Ohta*</u>

25                          Katherine A. Lauer
                         Jason M. Ohta

26                       *Attorneys for Defendants Sutter Health,*
                      *Sutter Bay Medical Foundation, and Palo*

27                       *Alto Medical Foundation*

28

# TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................................. 1

II. BACKGROUND ............................................................................................................. 2

III. LEGAL STANDARD ...................................................................................................... 2

IV. ARGUMENT ................................................................................................................. 4

    A. Relator's FCA and CFCA Claims Must be Dismissed Under the Public Disclosure Bar ...................................................................................... 4

        1. Relator's allegations are "substantially the same" as "transactions" that have been publicly disclosed ..................................... 4

        2. Relator is not an "original source" under the FCA or CFCA ................... 6

    B. Relator Fails to Adequately Plead FCA or CFCA Claims as to Sutter Defendants Under Federal Rule of Civil Procedure 9(b) ........................... 9

        1. Relator fails to plead with particularity allegations as to Sutter Defendants ................................................................................ 10

        2. Relator fails to allege that Dr. Hong and Dr. Bates are agents of Sutter Defendants ..................................................................... 12

        3. Relator fails to allege that Sutter Defendants conspired to violate the FCA or CFCA ..................................................................... 13

    C. Relator Fails to Allege Knowledge of any False or Fraudulent Statement to the Government .................................................................... 15

    D. Relator Uses a Pseudonym in Violation of Federal Rule of Civil Procedure 10(a) and the Common Law ................................................ 16

V. CONCLUSION ............................................................................................................ 19

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

# TABLE OF AUTHORITIES

Page(s)

## CASES

*4 Exotic Dancers v. Spearmint Rhino*,
No. CV 08-4038ABCSSX, 2009 WL 250054 (C.D. Cal. Jan. 29, 2009) ............................... 18

*A–1 Ambulance Serv., Inc.* v. *California*,
202 F.3d 1238 (9th Cir. 2000) ..................................................................................... 6, 7

*United States ex rel. Anita Silingo v. WellPoint, Inc.*,
904 F.3d 667 (9th Cir. 2018) ............................................................................................ 15

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..................................................................................................... 2, 15

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ............................................................................................................ 2

*United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*,
501 F.3d 493 (6th Cir. 2007) ............................................................................................ 12

*Bly-Magee v. California*,
236 F.3d 1014 (9th Cir. 2001) ............................................................................................ 2

*State of California ex rel. Bowen v. Bank of Am. Corp.*,
126 Cal. App. 4th 225 (2005) ............................................................................................. 4

*Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047 (9th
Cir. 2011) ........................................................................................................................... 2

*United States ex rel. Campie v. Gilead Scis., Inc.*,
862 F.3d 890 (9th Cir. 2017) ............................................................................................ 15

*United States ex rel. Cook v. Providence Health & Servs.*,
No. C13-1312RAJ, 2014 WL 4094116 (W.D. Wash. Aug. 18, 2014) ................................ 16

*Corsello v. Lincare, Inc.*,
428 F.3d 1008 (11th Cir. 2005) ........................................................................................ 14

*Destfino v. Kennedy*,
No. CV-F-08-1269 LJO DLB, 2008 WL 4810770 (E.D. Cal. Nov. 3, 2008),
*aff'd sub nom. Destfino v. Reiswig*, 630 F.3d 952 (9th Cir. 2011) ..................................... 9

*Doe v. Apstra, Inc.*,
No. C 18-04190 WHA, 2018 WL 4028679 (N.D. Cal. Aug. 23, 2018) ............................... 18

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

SUTTER DEFENDANTS' MOTION TO DISMISS
RELATOR'S FIRST AMENDED COMPLAINT
Case No. 5:18-cv-02067-LHK

*Doe v. Blue Cross & Blue Shield United of Wis.*,
    112 F.3d 869 (7th Cir. 1997) ................................................................................18

*Doe v. California*,
    No. CV 19-3251-DSF (KK), 2019 WL 2211893 (C.D. Cal. May 22, 2019) .........16

*Doe v. Epic Games, Inc.*,
    No. 19-CV-03629-YGR, 2020 WL 376573 (N.D. Cal. Jan. 23, 2020) ................17

*Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*,
    596 F.3d 1036 (9th Cir. 2010) .............................................................................18

*Doe v. Rostker*,
    89 F.R.D. 158 (N.D. Cal. 1981) ...........................................................................18

*United States ex rel. Doe v. Stanford Healthcare Billing Dep't*,
    No. CV178726DSFAFMX, 2020 WL 1074585 (C.D. Cal. Feb. 4, 2020) .......5, 7, 8

*Doe v. UNUM Life Ins. Co. of Am.*,
    164 F. Supp. 3d 1140 (N.D. Cal. 2016) ................................................................17

*Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000).........16, 17

*United States ex rel. Findley* v. *FPC–Boron Employees' Club*,
    105 F.3d 675 (D.C. Cir. 1997) ...............................................................................7

*United States ex rel. Found. Aiding The Elderly v. Horizon W.*,
    265 F.3d 1011 (9th Cir.), *opinion amended to correct clerical errors on denial
    of reh'g sub nom. United States ex rel. Found. Aiding Elderly v. Horizon W.,
    Inc.*, 275 F.3d 1189 (9th Cir. 2001) ......................................................................6

*Graham Cty. Soil & Water Conservation Dist. v. United States ex rel. Wilson*,
    559 U.S. 280 (2010)...............................................................................................4

*Haines v. Brand*,
    No. 11-CV-01335 YGR, 2012 WL 1670160 (N.D. Cal. May 13, 2012) ...............17

*United States ex rel. Hendow v. Univ. of Phoenix*,
    461 F.3d 1166 (9th Cir. 2006) .............................................................................15

*United States ex rel. Hochman v. Nackman*,
    145 F.3d 1069 (9th Cir. 1998) .............................................................................15

*United States ex rel. Integra Med Analytics LLC* v. *Providence Health & Servs.*,
    No. CV 17-1694 PSG (SSX), 2019 WL 3282619 (C.D. Cal. July 16, 2019)...........5, 11, 15

*United States ex rel. JDJ & Assocs. LLP* v. *Natixis*,
    No. 15-cv-5427 (PKC), 2017 WL 4357797 (S.D.N.Y. Sept. 29, 2017)...................7

*John Russo Indus. Sheetmetal, Inc. v. City of Los Angeles Dep't of Airports*,
  240 Cal. Rptr. 3d 217 (Cal. Ct. App. 2018) ..............................................................3

*United States ex rel. Joshi v. St. Luke's Hosp., Inc.*,
  441 F.3d 552 (8th Cir. 2006) ...............................................................................11

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ...........................................................................3, 10

*United States ex rel. Kraxberger v. Kansas City Power & Light Co.*,
  756 F.3d 1075 (8th Cir. 2014) ...............................................................................7

*Kristensen v. Credit Payment Servs.*,
  12 F. Supp. 3d 1292 (D. Nev. 2014) ....................................................................13

*United States ex rel. Lee v. Corinthian Colls.*,
  655 F.3d 984 (9th Cir. 2011) .................................................................................9

*Lesnik v. Eisenmann SE*,
  No. 16-CV-01120-LHK, 2018 WL 4700342 (N.D. Cal. Oct. 1, 2018) ..................14

*Loftis v. Salcedo*,
  No. 218CV03263JFWGJS, 2019 WL 5075853 (C.D. Cal. Sept. 11, 2019),
  *report and recommendation adopted*, No. 218CV3263JFWGJS, 2019 WL
  5063825 (C.D. Cal. Oct. 9, 2019) .........................................................................19

*United States ex rel. Marion v. Heald Coll.*,
  No. 5:12-CV-02067-PSG, LLC, 2015 WL 4512843 (N.D. Cal. July 24, 2015) ......14

*United States ex rel. Mateski v. Raytheon Co.*,
  816 F.3d 565 (9th Cir. 2016) ..........................................................................1, 4, 6

*United States ex rel. Modglin v. DJO Glob. Inc.*,
  114 F. Supp. 3d 993 (C.D. Cal. 2015), *aff'd sub nom. United States v. DJO
  Glob., Inc.*, 678 F. App'x 594 (9th Cir. 2017) .....................................................16

*United States ex rel. Mosler v. City of Los Angeles*,
  414 F. App'x 10 (9th Cir. 2010) ..........................................................................4, 9

*Pascal v. Agentra, LLC*,
  No. 19-CV-02418-DMR, 2019 WL 5212961 (N.D. Cal. Oct. 16, 2019) ...............13

*Prather v. AT&T, Inc.*,
  847 F.3d 1097 (9th Cir. 2017) ...............................................................................9

*Price v. Harris*,
  No. CV 18-9682-RGK (SP), 2019 WL 8012379 (C.D. Cal. July 23, 2019) ..........19

*United States ex rel. Rosales v. San Francisco Hous. Auth.*,
  173 F. Supp. 2d 987 (N.D. Cal. 2001) ..................................................................13

*United States ex rel. Ruhe v. Masimo Corp.*,
   929 F. Supp. 2d 1033 (C.D. Cal. 2012) ...................................................................14

*Schindler Elevator Corp.* v. *United States ex rel. Kirk*,
   563 U.S. 401 (2011).................................................................................4, 5, 9

*United States ex rel. Solis v. Millennium Pharm., Inc.*,
   885 F.3d 623 (9th Cir. 2018) ..............................................................................12

*United States ex rel. Springfield Terminal Ry. Co.* v. *Quinn*,
   14 F.3d 645 (D.C. Cir. 1994) ...............................................................................6

*State of California v. Altus Finance*
   116 P.3d 1175 (Cal. 2005) ...................................................................................3

*United States Hastings* v. *Wells Fargo Bank, NA, Inc.*,
   656 F. App'x 328 (9th Cir. 2016) ....................................................................8, 9

*United States v. Aggarwal*,
   No. 6:03CV117ORL31KRS, 2004 WL 5509107 (M.D. Fla. Nov. 8, 2004) ..........................9

*United States v. Aurora Las Encinas, LLC*,
   No. LACV1001031JAKRZX, 2012 WL 12897081 (C.D. Cal. Sept. 6, 2012) ......................11

*United States v. Bristol-Myers Squibb Co.*,
   No. 1:11-CV-029 (WOB), 2015 WL 12991207 (S.D. Ohio Sept. 24, 2015),
   *aff'd sub nom. United States ex rel. Ibanez* v. *Bristol-Myers Squibb Co.*, 874
   F.3d 905 (6th Cir. 2017) ......................................................................................7

*United States v. IASIS Healthcare LLC*,
   No. CV-15-00872-PHX-JJT, 2016 WL 6610675 (D. Ariz. Nov. 9, 2016) ..........................15

*United States v. Kiewit Pac. Co.*,
   41 F. Supp. 3d 796 (N.D. Cal. 2014) .....................................................................6

*Ebeid ex rel. United States v. Lungwitz*,
   616 F.3d 993 (9th Cir. 2010) ...............................................................................3

*United States v. Marshall Med. Ctr.*,
   No. 2:12-CV-00098-JAM, 2015 WL 2235461 (E.D. Cal. May 12, 2015)......................10, 15

*United States v. Prime Healthcare Servs., Inc.*,
   No. 11-CV-8214 PJW, 2014 WL 12480026 (C.D. Cal. Nov. 20, 2014)..........................11, 12

*United States v. Stoterau*,
   524 F.3d 988 (9th Cir. 2008) ..........................................................................16, 18

*United States v. United Healthcare Ins. Co.*,
   848 F.3d 1161 (9th Cir. 2016) .........................................................................9, 10

*United States v. Vandewater Int'l Inc.*,
  No. 2:17-CV-04393-RGK-KS, 2019 WL 6917927 (C.D. Cal. Sept. 3, 2019) .......................14

*Universal Health Services, Inc. v. United States ex rel. Escobar*,
  136. S. Ct. 1989 (2016) ................................................................................................2

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) ...........................................................................................3

*United States ex rel. Vuyyuru v. Jadhav*,
  555 F.3d 337 (4th Cir. 2009) ............................................................................................9

*United States ex rel. Zissa v. Santa Barbara Cty. Alcohol, Drug, & Mental Health Servs.*,
  No. CV 14-6891-DMG (RZX), 2019 WL 3291579 (C.D. Cal. Mar. 12, 2019) ....................13

*United States ex rel. Zizic v. Q2Adm'rs., LLC*,
  728 F.3d 228 (3d Cir. 2013) .............................................................................................7

**STATUTES**

31 U.S.C.
  § 3729(a)(1)(A) ........................................................................................................3, 10
  § 3729(a)(1)(B) ........................................................................................................3, 10
  § 3729(a)(1)(G) ........................................................................................................3, 10
  § 3729(b)(1) ...................................................................................................................15
  § 3729(b)(3) ...........................................................................................................3, 10
  § 3729, *et seq.* ...............................................................................................................1
  § 3730(d) .........................................................................................................................1
  § 3730(e)(4) ..................................................................................................................1, 4
  § 3730(e)(4)(A) ...............................................................................................................6
  § 3730(e)(4)(A)(ii) ...........................................................................................................5
  § 3730(e)(4)(B) .............................................................................................................6, 8

42 U.S.C.
  § 1320a-7b(b) ..................................................................................................................2
  § 1320a-7k(d)(2) ..............................................................................................................3
  § 1320a-7k(d)(3) ..............................................................................................................3

Cal. Gov't Code
  § 12650(b)(1) .................................................................................................................12
  § 12650, *et seq.* .............................................................................................................1
  § 12652(d)(3) ...................................................................................................................4

Cal. Ins. Code § 1871.7 ......................................................................................................2

| | |
|---|---|
| 1 | **RULES** |

Fed. R. Civ. P.

    8(a) .................................................................................................15

    9(b) ........................................................................... *passim*

    12(b)(6) ..............................................................................2

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

SUTTER DEFENDANTS' MOTION TO DISMISS
RELATOR'S FIRST AMENDED COMPLAINT
Case No. 5:18-cv-02067-LHK

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This case apparently arose out of a private insurance billing dispute between Relator "Judy Jones" ("Relator") and a single physician. Not content to raise complaints about that single provider, Relator has utilized requests under the Freedom of Information Act ("FOIA") to engage in a fishing expedition in an (unsuccessful) attempt to uncover purportedly false billings encompassing an entire not-for-profit health system. But the False Claims Act ("FCA"), 31 U.S.C. § 3729, *et seq*., and the California False Claims Act ("CFCA"), Cal. Gov't Code § 12650, *et seq*., are not intended to support "parasitic lawsuits" filed by "plaintiffs who have no significant information of their own to contribute." *U.S. ex rel. Mateski* v. *Raytheon Co.*, 816 F.3d 565, 570 (9th Cir. 2016). For that reason, the FCA and CFCA include a bar on information that has already been disclosed to the public—precisely the type of information upon which Relator relies in this *qui tam* action. *See* 31 U.S.C. § 3730(e)(4). Yet Relator, relying upon information *already possessed by the government* well before she filed her action, seeks to pose as a "whistleblower" and claims entitlement to the benefits that accrue to relators. *See id.* § 3730(d). Therefore, Relator's FCA and CFCA claims are barred, and Relator's action should be dismissed on that basis.

Even if Relator's action were not barred (which it is), Relator's claims against Defendants Sutter Health, Sutter Bay Medical Foundation and Palo Alto Medical Foundation (collectively, "Sutter Defendants") still fall short. Despite her broad access to Medicare data through a FOIA request, Relator alleges merely a handful of purported coding errors by two physicians, one of whom is the subject of her private insurance billing dispute. Relator cannot allege anything more against those physicians or Sutter Defendants, nor does she allege a basis upon which Sutter Defendants can be liable for the acts of those physicians. Moreover, Relator has failed to state a claim under the FCA and CFCA, as her meager miscoding allegations are insufficient to establish knowledge of any false or fraudulent statement to the government. Sutter Defendants therefore request that Relator's First Amended Complaint ("FAC") be dismissed in its entirety, or alternatively as to Sutter Defendants.

## II. BACKGROUND

Operating under a pseudonym, Relator filed this *qui tam* action against Sutter Defendants, Palo Alto Foundation Medical Group, Dr. Roy Hong and Does 1-10 (collectively, "Defendants") based on her data analysis of publicly available Medicare data from a FOIA request. *See* Complaint, ECF No. 1. Relator's Complaint alleged violations of the FCA and the California Insurance Frauds Prevention Act ("CIFPA"), Ins. Code § 1871.7, based on allegations that "Defendants submitted false, fraudulent or misleading bills to payors by unbundling and upcoding surgeries," and retained overpayments unlawfully received on the basis of those allegedly false bills. *Id.* In her initial Complaint, Relator also alleged that Defendants falsely diagnosed her with cancer and billed her private insurer on that basis, and alleged an unspecified kickback scheme in violation of the Anti-Kickback Statute ("AKS"), 42 U.S.C. § 1320a-7b(b). *See id.* Having excised the AKS claims and adding a CFCA claim, Relator filed her First Amended Complaint on October 19, 2018. *See* ECF No. 13. Approximately eight months later, both the United States and the State of California notified the Court that they declined to intervene in the action. *See* ECF Nos. 23, 29. On December 4, 2019, Relator voluntarily dismissed without prejudice her CIFPA claims. *See* ECF No. 39. Therefore, Relator's only remaining claims are her claims under the FCA and CFCA.

## III. LEGAL STANDARD

Relator's FAC "fails to state a claim upon which relief can be granted," and therefore should be dismissed. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted); *see also Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). Conclusory allegations of fact are not accepted as true, *see Iqbal*, 556 U.S. at 678, and the allegations "must be enough to raise a right to relief above the speculative level" on the assumption that those allegations are true, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

Moreover, because the False Claims Act is an anti-fraud statute, Relator's allegations must be pled with "particularity" under Rule 9(b). *See Universal Health Services, Inc. v. United States ex rel. Escobar*, 136. S. Ct. 1989, 2004 n.6 (2016); *see also Bly-Magee v. California*, 236 F.3d

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

1014, 1018 (9th Cir. 2001) ("Rule 9(b) serves . . . to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." (internal quotations and citations omitted)). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)). It is not sufficient for Relator to allege only "details of a scheme to submit false claims"; she also must "identify representative examples of false claims" or, at the very least, provide "reliable indicia that lead to a strong inference that claims were actually submitted." *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998–99 (9th Cir. 2010) (citation omitted).

A complaint brought under the False Claims Act must allege facts establishing the following elements: First, the complaint must allege a "false or fraudulent claim" for payment, a false statement "material to a false claim," or "an obligation to pay or transmit money or property to the Government" arising from the "retention of an[] overpayment." 31 U.S.C. §§ 3729(a)(1)(A), (B), (G); *id.* § 3729(b)(3). Second, the complaint must allege that the false submission was done "knowingly," *id.* §§ 3729(a)(1)(A), (B), or, if retention of an overpayment is alleged, that the overpayment was "identified" and wrongfully withheld for at least 60 days, 42 U.S.C. § 1320a-7k(d)(2); *see also id.* § 1320a-7k(d)(3). Finally, the complaint must allege that any false statement or certification was "material" to the government's decision to pay. 31 U.S.C. §§ 3729(a)(1)(A), (B), (G). Moreover, it is recognized that the CFCA is "patterned on similar federal legislation and it is appropriate to look to precedent construing the equivalent federal act." *John Russo Indus. Sheetmetal, Inc. v. City of Los Angeles Dep't of Airports*, 240 Cal. Rptr. 3d 217, 224 (Cal. Ct. App. 2018) (quoting *State of California v. Altus Finance* 116 P.3d 1175, 1184 (Cal. 2005)). Therefore, any failure to state a claim under the FCA will similarly foreclose claims alleged under the CFCA.

\\\

\\\

\\\

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

## IV. ARGUMENT

### A. Relator's FCA and CFCA Claims Must be Dismissed Under the Public Disclosure Bar

The FCA's public disclosure bar provides that a relator cannot bring an action that is substantially similar to allegations or transactions that have already been publicly disclosed, unless the relator is an "original source of the information." 31 U.S.C. § 3730(e)(4).[1] This hurdle is intended to "stifl[e] parasitic lawsuits," *Schindler Elevator Corp.* v. *United States ex rel. Kirk*, 563 U.S. 401, 413 (2011) (quoting *Graham Cty. Soil & Water Conservation Dist. v. United States ex rel. Wilson*, 559 U.S. 280, 295 (2010)), "discouraging litigation by plaintiffs who have no significant information of their own to contribute," *Mateski*, 816 F.3d at 570. Relator's case is a paradigmatic example of such a parasitic lawsuit: every one of her claims relies entirely upon publicly disclosed data obtained through a FOIA request, and she has no independent knowledge to support the allegations she casts at Defendants. As "the relevant information has already entered the public domain," Relator's claims must be dismissed. *See Wilson*, 559 U.S. at 285. To allow Relator's claims to move forward would render the public disclosure bar virtually meaningless, entitling any member of the public to allege FCA violations on the basis of little more than a data dive. *See Schindler Elevator*, 563 U.S. at 413 (noting a concern that "anyone could identify a few regulatory filing and certification requirements, submit FOIA requests until he discovers a federal contractor who is out of compliance, and potentially reap a windfall in a *qui tam* action under the FCA").

#### 1. Relator's allegations are "substantially the same" as "transactions" that have been publicly disclosed

Relator's claims center on alleged "upcoding" and "unbundling" healthcare billing practices, which, in Relator's own words, "were uncovered by Relator through her expert analysis

---

[1] The CFCA, under which Relator alleges similar claims, contains a nearly identical public disclosure bar. *See* Cal. Gov't Code § 12652(d)(3). "California courts look to federal decisions to interpret the public disclosure provision" of the CFCA, *United States ex rel. Mosler* v. *City of Los Angeles*, 414 F. App'x 10, 11 (9th Cir. 2010) (citing *State of California ex rel. Bowen v. Bank of Am. Corp.*, 126 Cal. App. 4th 225, 240 n.11 (2005)), and Relator's CFCA claims therefore should be dismissed for the same reasons as her FCA claims.

of thousands of adjudicated Medicare claims." FAC ¶ 2. Relator obtained these Medicare claims first through a FOIA request for Medicare billing and payment data related to the surgeon who had performed the procedure at issue on her, FAC ¶ 94, and then through a second FOIA request related to other plastic and reconstructive surgeons operating at Sutter facilities (although Relator provides no information as to which physicians or which facilities), FAC ¶ 98. Having purportedly analyzed the data "using her expertise as a certified medical coder and biller, as well as a practicing surgeon," Relator concluded that Defendants "pattern billed and received federal and State funds for breast surgery claims which did not appear to conform to [National Correct Coding Initiative] NCCI, were incompatible code combinations, and failed to adhere to [Centers for Medicare and Medicaid Services ("CMS")] mandates." FAC ¶ 100.

Relator's claims cannot proceed on this basis. The Medicare data upon which Relator relies were obtained through FOIA requests and therefore have been publicly disclosed. *See Schindler Elevator*, 563 U.S. at 416; *see also United States ex rel. Doe v. Stanford Healthcare Billing Dep't*, No. CV178726DSFAFMX, 2020 WL 1074585, at *1 (C.D. Cal. Feb. 4, 2020); *United States ex rel. Integra Med Analytics LLC* v. *Providence Health & Servs.,* No. CV 17-1694 PSG (SSX), 2019 WL 3282619, at *6 (C.D. Cal. July 16, 2019). The FCA's public disclosure bar requires courts to dismiss *qui tam* suits if they are substantially similar to "transactions or allegations" that have been publicly disclosed "in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation." 31 U.S.C. § 3730(e)(4)(A)(ii).

Pursuant to clear Supreme Court precedent, the materials Relator received from CMS in response to her FOIA requests qualify as "reports" subject to the FCA's public disclosure bar. In *Schindler Elevator*, the Supreme Court held that a federal agency's written response to a FOIA request for records constitutes a "report" within the meaning of that provision. *See* 563 U.S. at 407. The Court in *Schindler Elevator* broadly interpreted "report" to mean "something that gives information," a "notification," or "[a]n official or formal statement of facts or proceedings," and held that data compiled in response to a FOIA response falls within this definition. *Id.* at 408-09. Relator's FOIA requests, then, clearly are "reports" that have been publicly disclosed. *See Stanford Healthcare Billing Dep't*, 2020 WL 1074585, at *1 (relying on *Schindler Elevator* to

conclude that Medicare claims data obtained through a FOIA request constitute a "report" under 31 U.S.C. § 3730(e)(4)(A)).

So, too, Relator's action is "substantially the same" as "transactions" that were publicly disclosed by CMS pursuant to Relator's FOIA requests. 31 U.S.C. § 3730(e)(4)(A). "Courts have interpreted . . . 'transaction' to refer to facts from which fraud can be inferred." *Mateski*, 816 F.3d at 571. In order to be "substantially the same" as Relator's current claims, "the substance of the disclosure need not contain an explicit 'allegation' of fraud ... so long as the material elements of the allegedly fraudulent 'transaction' are disclosed in the public domain." *A–1 Ambulance Serv., Inc.* v. *California*, 202 F.3d 1238, 1243 (9th Cir. 2000); *see also Mateski*, 816 F.3d at 571; *United States ex rel. Springfield Terminal Ry. Co.* v. *Quinn*, 14 F.3d 645, 653-54 (D.C. Cir. 1994). If the public disclosure "was sufficient to enable [the government] adequately to investigate the case and to make a decision whether to prosecute," the bar will apply to subsequent FCA suits based on similar allegations. *United States ex rel. Found. Aiding The Elderly* v. *Horizon W.*, 265 F.3d 1011, 1016 (9th Cir.), *opinion amended to correct clerical errors on denial of reh'g sub nom. United States ex rel. Found. Aiding Elderly* v. *Horizon W., Inc.*, 275 F.3d 1189 (9th Cir. 2001).

As outlined in the FAC, Relator alleges that the material elements of her claims against Defendants can be discerned through analysis of the Medicare data she obtained from her FOIA requests. Indeed, if Relator's allegations and legal theories are to be believed, a mere glance at Defendants' Medicare billing reports can reveal Defendants' allegedly fraudulent "transactions." *See*, *e.g.*, FAC ¶¶ 129, 130. The transactions on which Relator relies, then, were sufficient to place the government "on notice" of the alleged fraud, *United States* v. *Kiewit Pac. Co.*, 41 F. Supp. 3d 796, 803 (N.D. Cal. 2014), and cannot form the basis for her FCA claims.

### 2. Relator is not an "original source" under the FCA or CFCA

Even where information has been publicly disclosed, the FCA provides that a relator nonetheless may be an "original source" if "prior to a public disclosure … , [she] has voluntarily disclosed to the Government the information on which allegations or transactions in a claim are based," or if she "has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions." 31 U.S.C. § 3730(e)(4)(B). Certainly, Relator does not

qualify under the first prong, as she obtained all relevant information *as a result of* the public disclosure at issue; prior to that disclosure, she shared no information with the Government. *See Stanford Healthcare Billing Dep't,* 2020 WL 1074585, at *1; *see also United States* v. *Bristol-Myers Squibb Co.*, No. 1:11-CV-029 (WOB), 2015 WL 12991207, at *4 (S.D. Ohio Sept. 24, 2015), *aff'd sub nom. United States ex rel. Ibanez* v. *Bristol-Myers Squibb Co.*, 874 F.3d 905 (6th Cir. 2017) ("[T]here . . . can be no colorable argument that Relators are the original sources of claims and remuneration data obtained from CMS.").

Relator also fails to qualify as an original source under the second prong because she does not have "knowledge that is independent of and materially adds to" the Medicare data obtained via her FOIA requests. Relator's so-called "expert analysis" does not endow her with independent knowledge: the "mere fact that [relator's] own expertise . . . may have enabled it to formulate its novel legal theory of fraud is irrelevant to the question of whether the material transactions giving rise to the alleged fraud were already disclosed in the public domain in the first place." *A–1 Ambulance Serv.*, 202 F.3d at 1245; *see also United States ex rel. Zizic* v. *Q2Adm'rs., LLC*, 728 F.3d 228, 240 (3d Cir. 2013) ("[W]e have repeatedly rejected the argument that a [relator's] knowledge is independent when it is gained through the application of expertise to information publicly disclosed."); *United States ex rel. JDJ & Assocs. LLP* v. *Natixis*, No. 15-cv-5427 (PKC), 2017 WL 4357797, at *11 (S.D.N.Y. Sept. 29, 2017) ("Just as combining publicly available information with specialized expertise is not sufficient to overcome the first step of the public disclosure bar, neither does conducting an analysis based on such expertise qualify a relator as an original source."); *United States ex rel. Findley* v. *FPC–Boron Employees' Club*, 105 F.3d 675, 688 (D.C. Cir. 1997) ("A relator's ability to recognize the legal consequences of a publicly disclosed fraudulent transaction does not alter the fact that the material elements of the violation already have been publicly disclosed."). Relator's purported analysis of information she obtained through her FOIA requests therefore cannot render her an original source.

There are simply no allegations in the FAC that "materially add" to the publicly disclosed Medicare data that comprise the basis for any factual allegations of Defendants' purportedly fraudulent Medicare billing practices. *See United States ex rel. Kraxberger* v. *Kansas City Power*

& *Light Co.*, 756 F.3d 1075, 1080 (8th Cir. 2014) (relator does not "materially add" to publicly disclosed allegations when the publicly disclosed allegations themselves are sufficient to "raise a reasonable inference of fraud" (citation omitted)); *United States Hastings* v. *Wells Fargo Bank, NA, Inc.,* 656 F. App'x 328, 331–32 (9th Cir. 2016) ("Allegations do not materially add to public disclosures when they provide only background information and details relating to the alleged fraud."). The bulk of the allegations based on Relator's independent knowledge relate to private insurance billing. *See* FAC ¶ 94 ("In or about November 2016, while reviewing the medical and billing records for her 2012 surgery, Relator noticed certain billing irregularities."); *id.* ¶¶ 109-112, Exhibit D (outlining Defendants' alleged nonresponse to Relator's correspondence which primarily detailed private insurance billing issue and demanded "immediate refund in proper proportion to me and the insurance carrier").[2]

These allegations do not "materially add" to publicly disclosed information, nor do they comprise "knowledge" of the alleged fraud that render her an original source. 31 U.S.C. § 3730(e)(4)(B). First, allegations concerning an individual private insurance billing dispute with a single physician do not materially add to a *qui tam* action that purports to identify a fraud upon a federal or State health care program. *See Stanford Healthcare Billing Dep't,* 2020 WL 1074585, at *1 (granting defendants' motion to dismiss on basis that allegations in FAC concerning improper private billing not sufficient to show that independent information "materially adds" to public information). Second, any imagined or asserted connection between these alleged facts and Relator's allegations that "Defendants knowingly submitted, and caused to be submitted, thousands of false or fraudulent statements, records, and claims for payment to Medicare, Medicaid, and private insurance carriers for upcoded and unbundled mastectomy and breast

---

[2] Only a few of the allegations based on Relator's independent knowledge relate to billing of Medicare. *See* FAC ¶¶ 118-120 (describing and quoting deposition testimony by Dr. Hong and Dr. Frederick Dirbas and interrogatories by Dr. Hong indicating that Dr. Hong performed fewer single-stage surgeries than he allegedly billed to Medicare); *id.* Exhibit D (correspondence from Relator to Sutter Defendants concerning private insurance billing dispute that includes two alleged examples of Medicare upcoding by Dr. Hong and refers vaguely to "system wide errors and similar coding discrepancies"). Yet these speculative allegations are merely offered to buttress Relator's theory that the Medicare data reveal the submission of false claims to the government—they do not materially add to the Medicare data upon which Relator relies to allege a fraudulent billing scheme.

reconstruction surgeries and procedures, and related charges," FAC ¶ 12, is "speculation, and not—as required by the applicable law—true knowledge of fraudulent misconduct." *Prather* v. *AT&T, Inc.*, 847 F.3d 1097, 1105 (9th Cir. 2017); *see also Hastings,* 656 F. App'x at 331 (concluding that public disclosure bar "require[s] knowledge," but Relator's information "provide[s] only speculation"); *United States ex rel. Vuyyuru* v. *Jadhav*, 555 F.3d 337, 353 (4th Cir. 2009) ("[Relator's] mere suspicion that there must be a false or fraudulent claim lurking around somewhere simply does not carry his burden of proving that he is entitled to original source status."). Relator's allegations concerning private insurance billing, then, cannot render her an original source for the purposes of the public disclosure bar.

This action is "a classic example of the 'opportunistic' litigation that the public disclosure bar is designed to discourage." *Schindler Elevator*, 563 U.S. at 413. Relator has relied upon publicly disclosed Medicare data to assign fraudulent misconduct to Defendants, and she is not an "original source" of knowledge as to that alleged fraudulent misconduct. The "public disclosure bar" therefore mandates dismissal of Relator's FCA and CFCA claims. *See United States ex rel. Mosler* v. *City of Los Angeles*, 414 F. App'x 10, 11 (9th Cir. 2010) (affirming dismissal of CFCA claim under FCA's public disclosure standards).

### B. Relator Fails to Adequately Plead FCA or CFCA Claims as to Sutter Defendants Under Federal Rule of Civil Procedure 9(b)

Even if Relator qualified as an original source (she does not), her claims against Sutter Defendants must nevertheless be dismissed because she "fail[s] to clearly link [Sutter] Defendants with the allegedly fraudulent conduct." *United States v. Aggarwal*, No. 6:03CV117ORL31KRS, 2004 WL 5509107, at *5 (M.D. Fla. Nov. 8, 2004). "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016) (quoting *United States ex rel. Lee v. Corinthian Colls.*, 655 F.3d 984, 997-98 (9th Cir. 2011)); *see also Destfino v. Kennedy*, No. CV-F-08-1269 LJO DLB, 2008 WL 4810770, at *7 (E.D. Cal. Nov. 3, 2008), *aff'd sub nom. Destfino v. Reiswig*, 630 F.3d

952 (9th Cir. 2011) (granting motion to dismiss where "plaintiffs group all defendants in one category and state they engaged in all fraudulent conduct, which is stated in general language").

In her FAC, Relator launches a litany of allegations against Dr. Hong, her opponent in a private insurance billing dispute, as well as a small number of allegations against Dr. Stephen J. Bates (not named as a defendant in this action). Relator appears to believe that by adding "and Sutter" or "Sutter and" to such allegations, she has sufficiently pled Sutter Defendants' participation in the alleged fraudulent scheme. *See, e.g.*, FAC ¶¶ 121-123, 127-130. Relator is incorrect. She cannot "merely lump multiple defendants together" in this manner, *United Healthcare Ins. Co.*, 848 F.3d at 1184, and it is not sufficient to allege that Sutter Defendants are liable on the basis that some unspecified relationship exists with Dr. Hong or Dr. Bates. *See United States v. Marshall Med. Ctr.*, No. 2:12-CV-00098-JAM, 2015 WL 2235461, at *3 (E.D. Cal. May 12, 2015) (complaint lacked sufficient particularity under 9(b) where relator alleged that defendant Foundation "partner[ed] with" one defendant and "contract[ed] with" another defendant). Rather, for her claims against Sutter Defendants to proceed, Relator must either allege facts regarding each Sutter Defendant's participation in the scheme, or she must allege a legal basis upon which Sutter Defendants can be liable for acts by the other Defendants. Relator has failed to do so, and her claims against Sutter Defendants must therefore be dismissed.

### 1. Relator fails to plead with particularity allegations as to Sutter Defendants

In order to state a claim under the FCA, the complaint must allege either a "false or fraudulent claim" for payment, a false statement "material to a false claim," or "an obligation to pay or transmit money or property to the Government" arising from the "retention of an[] overpayment." 31 U.S.C. §§ 3729(a)(1)(A), (B), (G); *id.* § 3729(b)(3). The Rule 9(b) particularity requirement mandates that relators must, at the very least, "identify representative examples of false claims," or provide "reliable indicia" that false claims were submitted to the government. *Ebeid*, 616 F.3d at 998.

Here, Relator relies upon exceedingly vague allegations that are a far cry from "the who, what, when, where, and how" required under 9(b). *Kearns*, 567 F.3d at 1124. *Compare* FAC ¶¶

100-101 (broadly alleging, without specific factual support, that Sutter Defendants "pattern billed" and "upcoded" certain CPT codes associated with breast surgery); *id* ¶ 106 ("Sutter had a demonstrable course of conduct of unlawful upcoding."); *id.* ¶ 107 (stating that "Sutter routinely unbundled and upcoded" claims) *with United States v. Prime Healthcare Servs., Inc.*, No. 11-CV-8214 PJW, 2014 WL 12480026, at *4 (C.D. Cal. Nov. 20, 2014) (stating that "[t]he FAC describes a standardized system of meetings, procedures, hospital forms, and training sessions by all Prime hospitals to perpetrate Medicare fraud and provides sufficient detail regarding why relator ... believes these practices are common to all Defendants") *and Integra Med Analytics LLC*, 2019 WL 3282619, at *21 (finding Relator's allegations sufficiently described "how" defendant health system participated in the alleged fraud because Relator described how defendant "train[ed] doctors to use language supporting the MCCs and steer[ed] them into using that language through leading queries and incentives").

Relator fails to plead allegations as to falsity (either submission of false or fraudulent claims, or false statements or certifications) to support her claims of wrongdoing beyond the two physicians referenced in her FAC. Relator merely alleges a widespread pattern of fraudulent billing by "Sutter and its Surgeons," FAC ¶ 2, yet the only allegations of fraudulent activity in the FAC concern precisely two physicians. "The examples that a relator provides will support more generalized allegations of fraud only to the extent that the relator's examples are representative samples of the broader class of claims." *United States v. Aurora Las Encinas, LLC*, No. LACV1001031JAKRZX, 2012 WL 12897081, at *4 (C.D. Cal. Sept. 6, 2012); *see also United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 557 (8th Cir. 2006) (holding that a relator "must provide *some* representative examples of [the defendants'] alleged fraudulent conduct, specifying the time, place, and content of their acts and the identity of the actors") (emphasis in original). "The examples of false claims pled with specificity should, in all material respects, including general time frame, substantive content, and relation to the allegedly fraudulent scheme, be such that a materially similar set of claims could have been produced with a reasonable probability by a random draw from the total pool of all claims." *Aurora Las Encinas,* 2012 WL

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

12897081, at *4 (quoting *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 510 (6th Cir. 2007)).

Relator's allegations are not sufficient to establish a widespread or common practice of surgeons affiliated with Sutter Defendants submitting claims for reimbursement to Medicare in violation of the FCA or CFCA. Even if Relator had sufficiently pled her allegations as to Dr. Hong or Dr. Bates, Relator pleads no facts that would support a view that such claims were "representative samples of the broader class of claims" as to Sutter Defendants. *Id*. Indeed, it appears unlikely that "a random draw from the total pool of all claims" would produce a materially similar set of claims because Relator only identified allegedly miscoded claims submitted by two physicians, one of whom was her treating physician. Nor, for instance, has Relator included claims concerning training or guidance materials from Sutter Defendants that could give rise to an inference of a widespread practice of upcoding or unbundling. *See, e.g., Prime Healthcare Servs.*, 2014 WL 12480026, at *4 (finding relator provided sufficient basis for her belief that practices were "common to all defendants" based on "standardized system of meetings, procedures, hospital forms, and training sessions by all Prime hospitals"). Therefore, Relator has not pled allegations sufficient to establish a pattern of fraudulent billing for claims submitted to Medicare, and has failed to identify any allegations sufficient to establish falsity. *See United States ex rel. Solis v. Millennium Pharm., Inc.*, 885 F.3d 623, 629 (9th Cir. 2018). The Court should dismiss Relator's FAC on this basis.[3]

### 2. Relator fails to allege that Dr. Hong and Dr. Bates are agents of Sutter Defendants

Relator also has not established that Sutter Defendants can be liable on the basis of allegations against Dr. Hong or Dr. Bates under an agency theory. Relator's FAC includes boilerplate language stating that "each defendant was the agent for each other defendant" and "was acting in the course and scope of such agency." FAC ¶ 37. "Courts have recognized that th[e]

---

[3] Relator's CFCA claims fail, too, because Relator does not identify a single claim submitted to a California government program. *See* Cal. Gov't Code § 12650(b)(1) (stating that the CFCA is limited to claims involving the state or its political subdivisions).

basic agency theory of liability applies to FCA cases." *United States ex rel. Zissa v. Santa Barbara Cty. Alcohol, Drug, & Mental Health Servs.*, No. CV 14-6891-DMG (RZX), 2019 WL 3291579, at *5 (C.D. Cal. Mar. 12, 2019); *see also U.S. ex rel. Rosales v. San Francisco Hous. Auth.*, 173 F. Supp. 2d 987, 1003 (N.D. Cal. 2001) (finding that entity "is answerable for" conduct of managers and executives with "actual or apparent authority to bind the entity"). "Although the precise details of the agency relationship need not be pleaded to survive a motion to dismiss, sufficient facts must be offered to support a reasonable inference that an agency relationship existed." *Pascal v. Agentra, LLC*, No. 19-CV-02418-DMR, 2019 WL 5212961, at *3 (N.D. Cal. Oct. 16, 2019) (quoting *Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1301 (D. Nev. 2014)).

Here, Relator has not pled facts showing that Dr. Hong or Dr. Bates were agents of any Sutter Defendant. For instance, Relator has not alleged any standard indicia of an agency relationship, such as that any Sutter Defendant "maintained complete control" or "oversight" over Dr. Hong or Dr. Bates, nor has she established that those physicians had authority to bind Sutter Defendants or otherwise provided any facts regarding the alleged agency relationship. *See Zissa*, 2019 WL 3291579, at *5 (finding Relator agency relationship sufficiently alleged where complaint stated, "[the County] exercises complete control over [BWA]. [The County] hires and fires [BWA] employees; provides legal oversight of [BWA] activities; investigates claims of fraud with [BWA]; and certifies, along with [BWA], the validity of the claims the Defendants present to Medi-Cal") (alterations in original)). Therefore, Relator's allegations are not sufficient to establish that Dr. Hong or Dr. Bates were agents of Sutter Defendants, or that Sutter Defendants can be liable on that basis for the alleged wrongful acts by those physicians.

3.    **Relator fails to allege that Sutter Defendants conspired to violate the FCA or CFCA**

Finally, Relator has not sufficiently alleged that Sutter Defendants conspired with Dr. Hong or Dr. Bates, and therefore cannot allege on that basis that Sutter Defendants are liable for the purported acts of those physicians. In the FAC, Relator alleges that "Defendants conspired to violate the FCA [and] the CFCA . . . by causing the submission of false or fraudulent claims;

conspired to make and use, or cause to be made or used, false records material to false or fraudulent claims; and, once put on notice of the unlawful billing, conspired to not disclose or return the resulting overpayments to the U.S., the State, and private insurers." FAC ¶ 113.

"To state a claim for conspiracy under the FCA, a plaintiff must show that (1) the defendant agreed with one or more persons to get a false or fraudulent claim allowed or paid by the United States; (2) one or more conspirators performed any act to effect the object of the conspiracy; and (3) the United States suffered damages as a result." *United States v. Vandewater Int'l Inc.*, No. 2:17-CV-04393-RGK-KS, 2019 WL 6917927, at *5 (C.D. Cal. Sept. 3, 2019) (quoting *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005)); *see also Lesnik v. Eisenmann SE*, No. 16-CV-01120-LHK, 2018 WL 4700342, at *8 (N.D. Cal. Oct. 1, 2018) ("Rule 9(b) requires that plaintiffs 'alleging conspiracy claims under Section 3729(a)(1)(C) must allege the existence of an agreement between the defendants to violate the FCA.'") (quoting *United States ex rel. Marion v. Heald Coll., LLC*, No. 5:12-CV-02067-PSG, 2015 WL 4512843, at *4 (N.D. Cal. July 24, 2015)).

In *Lesnik*, the court concluded that relator's failure to allege the existence of any agreement "compel[ed] dismissal of the FCA claim" as to certain defendants. 2018 WL 4700342, at *8; *see also Vandewater*, 2019 WL 6917927, at *6 ("[T]he FAC does not contain sufficient factual allegations that . . . Defendants entered into an agreement with (or even acted in concert with)" other alleged conspiracy participants). Similarly, Relator has not alleged any agreement between Sutter Defendants and Dr. Hong or Dr. Bates (the only Defendants alleged to have performed any act pursuant to the alleged conspiracy), nor has she stated any facts that would support an inference that such an agreement existed.[4] Therefore, no claim of conspiracy has been sufficiently alleged against Sutter Defendants. Because Relator fails to plead with sufficient particularity Sutter Defendants' involvement in the alleged fraudulent scheme, nor does she allege with sufficient

---

[4] Moreover, to the extent Relator maintains that Dr. Hong and Dr. Bates are employees or agents of Sutter Defendants, the intra-corporate conspiracy doctrine bars any such conspiracy claims. *See Vandewater Int'l*, 2019 WL 6917927, at *5 ("[A] corporation cannot conspire with its own agents and employees.") (quoting *United States ex rel. Ruhe v. Masimo Corp.*, 929 F. Supp. 2d 1033, 1037 (C.D. Cal. 2012)).

particularity that Dr. Hong or Dr. Bates are agents of Sutter Defendants or that Sutter Defendants conspired with those physicians, the Court should dismiss all claims against Sutter Defendants.

### C. Relator Fails to Allege Knowledge of any False or Fraudulent Statement to the Government

A claim under the False Claims Act requires a showing that a false statement or fraudulent course of conduct was made "knowingly," or with "scienter." *United States ex rel. Campie v. Gilead Scis., Inc.*, 862 F.3d 890, 898–99 (9th Cir. 2017). For FCA purposes, "knowing" means that a defendant "(i) has actual knowledge of the information; (ii) acts in deliberate ignorance of the truth or falsity of the information; or (iii) acts in reckless disregard of the truth or falsity of the information." 31 U.S.C. § 3729(b)(1). "Mere negligence, however, is insufficient to state a claim under the FCA." *Integra Med Analytics*, 2019 WL 3282619, at *21; *see United States ex rel. Hendow v. Univ. of Phoenix*, 461 F.3d 1166, 1171 (9th Cir. 2006) ("[I]nnocent or unintentional violations do not lead to False Claims Act liability."); *United States v. IASIS Healthcare LLC*, No. CV-15-00872-PHX-JJT, 2016 WL 6610675, at *4 (D. Ariz. Nov. 9, 2016) ("Congress amended the FCA to include this definition to make 'firm . . . its intention that the act not punish honest mistakes or incorrect claims submitted through mere negligence.'") (quoting *United States ex rel. Hochman v. Nackman*, 145 F.3d 1069, 1073 (9th Cir. 1998)). Moreover, **"**[a] complaint . . . must set out sufficient factual matter from which a defendant's knowledge of a fraud might reasonably be inferred." *United States ex rel. Anita Silingo v. WellPoint, Inc.*, 904 F.3d 667, 679–80 (9th Cir. 2018) (citing *Iqbal*, 556 U.S. at 678). Despite the lower pleading standard applied to the "knowledge" element of a FCA claim, *see* Fed. R. Civ. P. 8(a); *United States v. Marshall Med. Ctr.,* No. 2:12-CV-00098-JAM, 2015 WL 2235461, at *3 (E.D. Cal. May 12, 2015), Relator nonetheless fails to sufficiently allege this element, *see id.* ("Even when evaluated under the more lenient Rule 8(a) standard, these allegations are too vague to state a claim.").

While the FAC includes cursory allegations that "Defendants knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval," FAC ¶ 138, *see also id.* ¶¶ 139, 142, and "knowingly concealed and/or knowingly and improperly avoided an obligation to pay or transmit money to the Government resulting from Defendants' retention of the foregoing

overpayments," *id.* ¶ 146, Relator does not include a single factual allegation from which knowledge of a fraud could be inferred, *see United States ex rel. Modglin v. DJO Glob. Inc.*, 114 F. Supp. 3d 993, 1024 (C.D. Cal. 2015), *aff'd sub nom. United States v. DJO Glob., Inc.*, 678 F. App'x 594 (9th Cir. 2017) (finding, "[i]n the absence of any factual allegations supporting relators' assertion that defendants acted with the requisite scienter," that relator's conclusory allegations of knowledge were insufficient to plead a plausible claim for relief). Certainly, Relator's paltry— and legally flawed—allegations concerning submission by Dr. Hong and Dr. Bates of miscoded claims for reimbursement do not support an inference that Defendants knew of, or were indifferent or reckless as to, the perpetration of a fraud. *See United States ex rel. Cook v. Providence Health & Servs.*, No. C13-1312RAJ, 2014 WL 4094116, at *7 (W.D. Wash. Aug. 18, 2014) (finding "no allegations giving rise to a plausible inference that [defendant] was deliberately ignoring or recklessly disregarding" information concerning unlawful activity). Therefore, even if the incorrect codes were sufficient to establish the falsity element, there is simply no factual allegation that indicates or gives rise to an inference that any Defendant was aware of, or acted in deliberate indifference or reckless disregard of, the alleged miscoding by Dr. Hong or Dr. Bates. Relator fails to sufficiently allege that Defendants possessed the knowledge required to establish a violation of the FCA or CFCA, and the FAC should be dismissed on that basis.

### D. Relator Uses a Pseudonym in Violation of Federal Rule of Civil Procedure 10(a) and the Common Law

Relator also fails to state a claim on which relief can be granted because she uses a pseudonym rather than reveal her identify. "A plaintiff's use of fictitious names runs afoul of the public's common law right of access to judicial proceedings and Rule 10(a)'s command that the title of every complaint 'include the names of all the parties.'" *Doe v. California*, No. CV 19-3251-DSF (KK), 2019 WL 2211893, at *2–3 (C.D. Cal. May 22, 2019) (quoting *Does I thru XXIII v. Adv. Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000)). "As a general rule, the identity of the parties in any action ... should not be concealed except in the unusual case where there is a need for the cloak of anonymity." *United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008) (citation omitted). Therefore, "parties may proceed under pseudonyms only "in the unusual case

when nondisclosure of the party's identity is necessary ... to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Doe v. Epic Games, Inc.*, No. 19-CV-03629-YGR, 2020 WL 376573, at *18 (N.D. Cal. Jan. 23, 2020) (quoting *Adv. Textile Corp.*, 214 F.3d at 1067–68). In determining whether to permit a plaintiff to use a pseudonym, the Ninth Circuit has instructed courts to "balance the need for anonymity against the general presumption that parties' identities are public information" by taking into account the following factors: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, (3) the anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing party, and (5) the public interest. *See Adv. Textile Corp.*, 214 F.3d at 1068.

In the FAC, Relator provides two bases for her anonymous filing: (1) protection of her medical privacy, and (2) concern that "if her identity were to become publicly known, Relator's pursuit of a false claims action against Sutter and an entire cadre of its referring physicians could adversely impact both her family's finances and her career." *See* FAC ¶ 43. Under the case law in this Circuit, neither of these reasons is sufficient to allow Relator to proceed under a pseudonym. First, it is necessary to distinguish between Relator's interest in protecting her professional reputation and her desire to protect her medical record. The latter, which comes up frequently in litigation and does not render the case "unusual," can certainly be addressed by means such as a protective order limiting access to any medical documentation. *See, e.g.*, *Haines v. Brand*, No. 11-CV-01335 YGR, 2012 WL 1670160, at *3 (N.D. Cal. May 13, 2012) (ordering parties to agree on stipulated protective order to govern production of plaintiff's medical records). It is not a basis on which Relator may proceed anonymously. *See Doe v. UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140, 1147 (N.D. Cal. 2016) (declining to allow plaintiff to use a pseudonym, but ordering that remote access to administrative record containing medical information be limited to the parties and their attorneys).

As for the former, Relator's fear of harm to her finances and her career is not sufficient to justify departure from "the general presumption that parties' identities are public information." *Adv. Textile Corp.*, 214 F.3d at 1068. "The most compelling situations [in which plaintiffs are allowed to proceed anonymously] involve matters which are highly sensitive, such as social

stigmatization, real danger of physical harm, or where the injury litigated against would occur as a result of the disclosure of the plaintiff's identity." *Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D. Cal. 1981). Indeed, the basis on which Relator seeks to maintain anonymity is "of an entirely different nature than that which typically justifies the use of pseudonyms, such as information about sexual abuse, human trafficking, or mental illness." *Epic Games*, 2020 WL 376573, at *19. That she "may suffer some embarrassment or economic harm is not enough." *Id.; see also 4 Exotic Dancers v. Spearmint Rhino*, No. CV 08-4038ABCSSX, 2009 WL 250054, at *2 (C.D. Cal. Jan. 29, 2009) ("[E]conomic retaliation is not sufficiently severe to warrant pseudonymity."). Moreover, *qui tam* lawsuits frequently involve whistleblowers whose careers and finances potentially are placed at risk by serving as relators; indeed, such lawsuits usually involve employees of the organization at which fraud is alleged, and who therefore operate at greater risk than Relator. The supposed potential harm to Relator's career and finances, then, is neither "extraordinary" nor "unusual" in the context of a *qui tam* action. *Spearmint Rhino*, 2009 WL 250054, at *2.

In addition, Sutter Defendants have a right to know Relator's identity, for the purposes of defending against this action. "The Ninth Circuit has acknowledged that the use of pseudonyms can impair defendants' ability to mount a defense." *Id.* at *3; *Doe v. Apstra, Inc.*, No. C 18-04190 WHA, 2018 WL 4028679, at *1 (N.D. Cal. Aug. 23, 2018) ("Allowing plaintiff to proceed anonymously would also hamper [Defendants'] efforts to investigate and defend this action."). If Sutter Defendants are to investigate and respond to Relator's allegations, knowledge of Relator's identity is key. Finally, "[i]dentifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." *Stoterau*, 524 F.3d at 1013 (quoting *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) (alteration in original omitted)). Given the "paramount importance of open courts" such that the "default presumption is that the plaintiffs will use their true names," *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1046 (9th Cir. 2010), Relator simply cannot justify the use of a pseudonym. Because Relator is not entitled to proceed under the "cloak of anonymity," the Court should dismiss this *qui tam* action.[5]

---

[5] So, too, the Court should dismiss all Doe defendants. In order "to state a claim against a Doe

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

# V.     CONCLUSION

For the foregoing reasons, Sutter Defendants respectfully request that the Court grant their Motion to Dismiss and dismiss Relator's First Amended Complaint with prejudice.


Dated: June 15, 2020                                 Respectfully submitted,

LATHAM & WATKINS LLP



By: /s/ *Jason M. Ohta*
        Katherine A. Lauer
        Jason M. Ohta

*Attorneys for Defendants Sutter Health,
Sutter Bay Medical Foundation, and Palo
Alto Medical Foundation*

---

defendant, plaintiff must be able to pinpoint the individual who caused him harm, even if he does not know the individual's name." *Price v. Harris*, No. CV 18-9682-RGK (SP), 2019 WL 8012379, at *6 (C.D. Cal. July 23, 2019). Here, the FAC does not contain any allegations regarding unknown individuals that require the use of a "Doe" moniker. If such individuals later become known to Relator, she may move to amend the complaint at that time. *See Loftis v. Salcedo*, No. 218CV03263JFWGJS, 2019 WL 5075853, at *9 (C.D. Cal. Sept. 11, 2019), *report and recommendation adopted*, No. 218CV3263JFWGJS, 2019 WL 5063825 (C.D. Cal. Oct. 9, 2019).

LATHAM & WATKINS LLP
ATTORNEYS AT LAW