Scott J. Kiepen (State Bar No. 175504)
Katrina A. Pagonis (State Bar No. CA 262890)
**HOOPER LUNDY & BOOKMAN, P.C.**
101 Montgomery Street, 11th Floor
San Francisco, CA 94104
Telephone: (415) 875-8500
Facsimile: (415) 986-2157
Email: SKiepen@health-law.com
Email: KPagonis@health-law.com

Joseph R. LaMagna (State Bar No. CA 246850)
**HOOPER LUNDY & BOOKMAN, P.C.**
101 W. Broadway, Suite 1200
San Diego, CA 92101
Telephone: (619) 744-7300
Facsimile: (619) 230-0987
Email: JLamagna@health-law.com

Attorneys for Defendants Roy Hong, M.D.
aka Roy W. Hong and Palo Alto Foundation
Medical Group, Inc., a corporation

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF CALIFORNIA, *ex. rel.* Judy Jones, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>SUTTER HEALTH, a corporation; SUTTER BAY MEDICAL FOUNDATION, a corporation; et al.,<br><br>Defendants. | Case No. 18-CV-02067-LHK<br><br>(*Assigned to The Honorable Lucy H. Koh*)<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS ROY HONG, M.D. aka ROY W. HONG AND PALO ALTO FOUNDATION MEDICAL GROUP, INC., A CORPORATION, MOTION TO DISMISS**<br><br>Judge: Lucy H. Koh<br><br>First Amended Comp. Filed:  October 19, 2018<br>Trial Date: Not Set |

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................................... 4

II.   ARGUMENT ......................................................................................................... 5

   A.   Despite Threadbare Assertions to the Contrary, Relator's Claims are Barred
        Pursuant to the Public Disclosure Bar. ...................................................... 5

        1.   The "CMS Ledgers" (FOIA Reports) are Public "Federal Reports." ........... 6

        2.   The Use of CPT Code 19340 for Multi-Stage Procedures Was
             Publicly Disclosed in the FOIA Reports. ...................................................... 7

        3.   Relator is Not an Original Source Because Her Knowledge
             Concerning Dr. Hong's Performance of Single-Stage Reconstruction
             Procedures Does Not Materially Add to the Publicly Disclosed
             Allegations or Transactions. .......................................................................... 8

        4.   Relator Implicitly Concedes Her Claims Regarding Other
             "Impermissible" Codes (FAC ¶¶ 123-131) are Barred Pursuant to
             the Public Disclosure Bar. ........................................................................... 10

   B.   Relator's FCA Action Fails Under Rules 8(a) and 9(b). ........................................ 10

        1.   Relator Fails to Allege Falsity. ................................................................... 10

        2.   Relator Cannot Show the Materiality of Her Purported Coding
             "Rules." ........................................................................................................ 12

        3.   Relator Fails to Allege PAFMG Caused the Submission of Any
             Claim or that Dr. Hong Caused the Submission of Any of Claim for
             Dr. Bates's Services. ................................................................................... 14

        4.   Relator Has Not Alleged Knowledge on the Part of Dr. Hong or
             PAFMG. ........................................................................................................ 15

        5.   Relator Does Not Address Her Failure to Allege Any Reverse False
             Claims. .......................................................................................................... 16

   C.   Relator Fails to State a Claim Under the California False Claims Act. .................. 16

   D.   Relator's Opposition Indicates that She Does Not Intend to Comply with
        Rule 10(a). .................................................................................................. 17

III.  CONCLUSION .................................................................................................... 18

1

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................... 14, 16

*Coastal Neurology, Inc. v. State Farm Mut. Auto. Ins. Co.*, 271 F.R.D. 538 (S.D. Fla. 2010) ...................................................................................................... 14

*Schindler Elevator Corp. v. United States ex rel. Kirk*, 563 U.S. 401 (2011) ................................. 6

*Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194 (9th Cir. 1998) .................................... 13

*United Health Services, Inc. v. Escobar*, 136 S. Ct. 1989 (2016) ............................................. 12, 14

*United States ex rel. Harman v. Trinity Indus.*, No. 2:12-CV-00089-JRG, 2014 U.S. Dist. LEXIS 973, at *17 (E.D. Tex. Jan. 3, 2014) ................................................ 9, 10

*United States ex rel. Integra Med Analytics LLC v. Providence Health & Servs.*, 2019 U.S. Dist. LEXIS 125352 (C.D. Cal. July 19, 2019), *appeal docketed* No. 19-56367 (9th Cir. Nov. 22, 2019) ............................................................................ 6, 8

*United States ex rel. Lee v. Corinthian Colls.*, 655 F.3d 984 (9th Cir. 2011) ............................ 15

*United States ex rel. Ling v. City of L.A.*, 389 F. Supp. 3d 744 (C.D. Cal. 2019) .......................... 14

*United States ex rel. Mateski v. Raytheon Co.*, 816 F.3d 565 (9th Cir. 2016) ............................ 7

*United States ex rel. Roe v. Stanford Healthcare Billing Dep't,* 2020 U.S. Dist. LEXIS 156475 (C.D. Cal. July 13, 2020) ...................................................... 5, 13, 18

*United States ex rel. Roe v. Stanford Healthcare Billing Dep't,* 2020 U.S. Dist. LEXIS 156495 (C.D. Cal. July 13, 2020), *appeal docketed* No. 19-56367 (9th Cir. Nov. 22, 2019) ...................................................................................... 5, 7, 8, 18

United States ex rel. Roe v. Stanford Healthcare Billing Dep't, 2020 U.S. Dist. LEXIS 164530 (Aug. 21, 2020), *appeal docketed*, No. 20-55874 (9th Cir. Aug. 25, 2020) ...................................................................................................... 18

**Federal Statutes**

31 U.S.C. § 3729(a)(1)(G) ...................................................................................... 16

31 U.S.C. § 3729(e)(4)(B)(i) ...................................................................................... 9

31 U.S.C. § 3730(e)(4) ...................................................................................... 4, 6, 8

**Rules**

18-CV-02067-LHK

REPLY MEMO ISO DEFENDANTS DR. HONG & PAFMG'S MOTION TO DISMISS

6015787.5

Civil Local Rule 3-4(c)(2) .................................................................................................... 4

Fed. R. Civ. P. 10(a) ................................................................................... 5, 13, 17, 18

Fed. R. Civ. P. 12(b)(6) .............................................................................. 5, 14, 16, 18

Fed. R. Civ. P. 8(a) ................................................................................................... 12

Fed. R. Civ. P. 9(b) ................................................................................................... 12

18-CV-02067-LHK

REPLY MEMO ISO DEFENDANTS DR. HONG & PAFMG'S MOTION TO DISMISS

6015787.5

I.      **INTRODUCTION**

Relator's overlong[1] and meandering Opposition (ECF No. 79) to Defendants Dr. Hong's and PAFMG's Motion to Dismiss (ECF No. 72) ("Defs' Mot.") expresses vehemence without setting forth any cognizable arguments in opposition to Defendants' motion.[2]

The FAC must be dismissed under the public disclosure bar because Relator's allegations are entirely based on publicly disclosed Freedom of Information Act ("FOIA") reports.  Relator alleges that Dr. Hong used CPT code 19340 for procedures that were not single-stage breast reconstruction procedures, but the FOIA reports readily disclose this fact.  For example, the FOIA reports include claims for CPT code 19340 that are preceded by claims for breast reconstruction with tissue expander (CPT code 19357) performed on the same beneficiary months earlier, making clear that the beneficiary did not undergo a single-stage breast reconstruction procedure.  Moreover, Relator adds nothing material to these FOIA reports, as would be required for her to proceed as an "original source."  31 U.S.C. § 3730(e)(4).  Instead, she presents deposition testimony and responses to interrogatories that are merely consistent with the FOIA reports' disclosure that Dr. Hong billed using CPT code 19340 for procedures other than single-stage breast reconstruction procedures.

Moreover, dismissal is also appropriate for failure to allege falsity or materiality where Relator fails to support her assertion that CPT code 19340 can only be billed for a single-stage breast reconstruction procedure.  Relator's Opposition merely assumes the truth of her assertion—

---

[1] As noted in Defendants Dr. Hong's and Palo Alto Foundation Medical Group's ("PAFMG") notice of August 26, 2020 (ECF No. 82), Relators' Opposition (ECF No. 79) to Defendants' motion (ECF No. 72) fails to comply with Civil Local Rule 3-4(c)(2), which limits the parties' papers to 28 lines per page.  Her Opposition instead contains 32 lines per page.  These extra four lines per page render her 25-page Opposition overlong by 100 lines or 3.5 pages.  *See* Civil L.R. 7-4(b) (limiting briefs or memoranda filed with opposition papers to 25 pages).  Moreover, she further disregards Civil Local Rule 7-4(b) when she improperly includes further arguments in opposition in her request for judicial notice ("RJN") (ECF No. 79-1).  Relator's RJN should be confined to requests for judicial notice any any arguments in support thereof.  This Court should not consider any of Relator's arguments beyond the 25 pages and 28 lines per page provided by the Local Rules and should not consider further arguments in opposition incorporated into her RJN.

[2] Except where otherwise noted, "Defendants" refers only to Dr. Hong and PAFMG in this Reply. (footnote continued)

REPLY MEMO ISO DEFENDANTS DR. HONG & PAFMG'S MOTION TO DISMISS

1    wholly disregarding the plain text of the applicable code definition and ignoring Defendants

2    arguments to the contrary.  Nor does she allege any other guidance or authority that would support

3    her (erroneous) belief that CPT code 19340 is coterminous with a single-stage breast

4    reconstruction procedure.  Thus, Relator fails to present any cogent argument or allegations that

5    the "false claims" at issue are in fact "false" and that such falsity is material to payment.[3]

6        Finally, Relator, a serial pseudonymous plaintiff that unsuccessfully sued Defendants for

7    malpractice in state court under the fictitious name "Jane Doe"[4] and is currently appealing

8    dismissal of her separate FCA action against Stanford-affiliated entities and individuals under the

9    fictitious name "Emily Roe,"[5] indicates in her Opposition that she has no intention to comply with

10   the requirements of Rule 10(a) of the Federal Rules of Civil Procedure.

11       This action, like Relator's other FOIA-based FCA action, should be dismissed with

12   prejudice in light of the critical and pervasive deficiencies that cannot be cured by amendment.[6]

13   **II.    <u>ARGUMENT</u>**

14       **A.    <u>Despite Threadbare Assertions to the Contrary, Relator's Claims are Barred
             Pursuant to the Public Disclosure Bar.</u>**

15       Relator's overlong briefing on the public disclosure bar does more to obscure than to

16   clarify.  Briefly, Relator alleges Dr. Hong used CPT code 19340 for breast implantation

17

18   _____

19   [3] Dismissal is also required because Relator fails to adequately allege the submission of certain
     claims or scienter.  Nor does she present any cogent argument against dismissal of her reverse
20   FCA claims or her California FCA claims.

     [4] Relator makes much of a clerical error in Defendants' RJN (ECF No. 72-2) concerning dismissal
21   of her state malpractice action.  The error was corrected the following business day (ECF No. 81)
     and it did not impact Defendants' Motion (ECF No. 72) in any way.  Relator also clarifies that her
22   amended complaint in her state malpractice action (Defs.' RJN, Ex. A) was never filed, and
     Defendants' hereby withdraw their request for judicial notice of this document (Ex. A).

23   [5] Relator's *Roe* action was dismissed under both the public disclosure bar and Rule 10(a).  *United
     States ex rel. Roe v. Stanford Healthcare Billing Dep't,* 2020 U.S. Dist. LEXIS 156495 (C.D. Cal.
24   July 13, 2020) (public disclosure bar), *appeal docketed* No. 19-56367 (9th Cir. Nov. 22, 2019);
     2020 U.S. Dist. LEXIS 156475 (C.D. Cal. July 13, 2020) (Rule 10(a)).

25   [6] Relator's Opposition raises a number of issues that are non-responsive to Defendant's Motion,
     that pertain exclusively to the Sutter Defendants' Motion (ECF No. 73), or that are simply
26   inscrutable.  For example, Relator goes to great length to argue that the public disclosure bar is not
     jurisdictional (Opp. 6-7) even though Defendants make no argument or suggestion that it is
27   jurisdiction and they exclusively proceed under Rule 12(b)(6) in seeking dismissal pursuant to the
     public disclosure bar.  Defendants' reply is confined to the arguments that pertain to Defendants'
28   insofar as the Relator's arguments could be deciphered from her Opposition.

5                                    18-CV-02067-LHK

1 procedures that were not "single stage" procedures.  The CMS reports obtained by Relator under

2 FOIA, however, fully disclose all of these operative facts on their face because they contain claims

3 where Dr. Hong billed for a surgery using CPT code 19340 ("immediate insertion of breast

4 prosthesis following mastopexy, mastectomy or in reconstruction") and also billed for a surgery

5 on the same beneficiary using CPT code 19357 ("breast reconstruction, immediate or delayed,

6 with tissue expander") months earlier.  In other words, on the face of the FOIA reports, it is clear

7 that Dr. Hong used CPT code 19340 to bill for two-stage procedures.  These circumstances trigger

8 the public disclosure bar: "The court shall dismiss an [FCA] action, unless opposed by the

9 Government, if substantially the same allegations or transactions as alleged in the action or claim

10 were publicly disclosed . . . in a . . . Federal report . . . unless . . . the person bringing the action is

11 an original source of the information." 31 U.S.C. § 3730(e)(4)(A).  Because Relator's alleged

12 independent knowledge (consisting of deposition testimony and responses to interrogatories in her

13 unsuccessful state malpractice suit) does not "materially add" to the publicly disclosed allegations

14 or transactions, she is not an original source and her action must be dismissed.

15    1.   The "CMS Ledgers" (FOIA Reports) are Public "Federal Reports."

16        Relator's claims are based on information contained in FOIA reports from CMS and are

17 thus subject to the public disclosure bar.  *See Schindler Elevator Corp. v. United States ex rel.*

18 *Kirk*, 563 U.S. 401 (2011); *United States ex rel. Integra Med Analytics LLC v. Providence Health*

19 *& Servs.*, 2019 U.S. Dist. LEXIS 125352 (C.D. Cal. July 19, 2019) ("Medicare claims data

20 [obtained by the relator from CMS] was publicly disclosed in a federal report within the meaning

21 of the FCA"), *appeal docketed* No. 19-56367 (9th Cir. Nov. 22, 2019).  Despite her overlong,

22 confusing, and largely irrelevant briefing on the public disclosure bar, Relator cannot dispute that

23 a FOIA report is a "Federal report" within the meaning of 31 U.S.C. § 3730(e)(4)(A)(ii).[7]  Relator,

24 however, makes the puzzling and unsupported assertion that "the Medicare CPT code ledgers were

25 not 'reports' or 'responses.'" Opp. 11.  Her FAC, however, clearly alleges that these "ledgers" are

26

---

27 [7] Relator's attempt to call the Supreme Court's holding in *Schindler Elevator* into question (Opp. 11) should be disregarded as Supreme Court precedent is binding on this Court.  *See Rivers v.*

28 *Roadway Exp., Inc.*, 511 U.S. 298, 312 (1994) ("[O]nce the [Supreme] Court has spoken, it is the duty of other courts to respect that understanding of the governing rule of law.").

1   in fact "CMS reports" produced in response to her FOIA requests.  FAC ¶¶ 94-96, 98.  There can

2   be no serious dispute that these FOIA reports qualify as "Federal report[s]," and the Central

3   District of California so concluded in dismissing her other FCA action against Stanford-affiliated

4   entities.  *Roe*, 2020 U.S. Dist. LEXIS 156495, *2 (C.D. Cal. July 13, 2020).

   2.   The Use of CPT Code 19340 for Multi-Stage Procedures Was Publicly Disclosed in the
        FOIA Reports.

        The FOIA reports obtained and relied on by Relator disclose all of the relevant facts, and

   particularly disclose that Dr. Hong used CPT code 19340 for procedures that were not single-stage

   reconstruction procedures (*e.g.,* procedures where CPT code 19357 was previously billed for the

   same beneficiary).  Because, the FOIA reports fully reveal both the alleged misrepresented state of

   facts (the performance of a single-stage insertion procedure) and the true state of facts (the

   performance of a multi-stage insertion procedure), the "substantial similarity" element of the

   public disclosure bar is satisfied.[8]  *See, e.g.*, *United States ex rel. Mateski v. Raytheon Co.*, 816

   F.3d 565, 571 (9th Cir. 2016) ("[I]f X + Y = Z, Z represents the allegation of fraud and X and Y

   represent [a misrepresented state of facts and a true state of facts].  In order to disclose the

   fraudulent transaction publicly, the combination of X and Y must be revealed, from which readers

   or listeners may infer Z, *i.e.*, the conclusion that fraud has been committed.") (*quoting United*

   *States ex rel. Found. Aiding The Elderly v. Horizon W., Inc.*, 265 F.3d 1011, 1013 (9th Cir.),

   *amended on denial of reh'g*, 275 F.3d 1189 (9th Cir. 2001)).

        Relator, however, contends "it would be impossible for the government to know that [Dr.]

   Hong did not do the surgery (CPT 19340) which he billed for because the government did not

   have his deposition testimony and admission under oath."  Opp. 16; *see also* Opp. 8-10.  This is

   simply untrue.  The FOIA reports include pseudonymous Medicare beneficiary identifiers (the

   ---

   [8] Relator makes the odd and unsupported assertion that Defendants cannot take the "conflicting
   positions" that the alleged misrepresented state of facts and true state of facts were disclosed and
   that Relator has in fact failed to properly allege falsity and materiality.  Opp. 10.  Although
   arguments may be presented in the alternative, there is simply no tension between arguing that
   Relator cannot allege falsity (*i.e.*, CPT code 19340 can properly be used for the insertion of an
   implant as part of a multi-stage procedure) and arguing that the FOIA report discloses
   substantially the same allegations as those presented by Relator (*i.e.*, Dr. Hong billed using CPT
   code 19340 in connection with multi-stage procedures).

1   "HIC" number) such that each of Dr. Hong's claims for a particular beneficiary can be readily

2   identified to determine whether Dr. Hong performed any surgery (*e.g.* a breast reconstruction with

3   a tissue expander, CPT code 19357) prior to the immediate insertion of the breast prosthesis (CPT

4   code 19340).  FAC ¶¶ 123-124, Ex. A.  Thus, the FOIA report discloses that Dr. Hong submitted a

5   claim using CPT code 19340 for an April 18, 2012 procedure on the same beneficiary that had a

6   tissue expander inserted (CPT code 19357) five months earlier on December 6, 2011.  FAC ¶ 123,

7   Ex. A.  In other words, the FOIA report plainly discloses the alleged misrepresented state of facts

8   and the alleged true state of facts.  *Cf. Integra Med Analytics*, 2019 U.S. Dist. LEXIS 125352, *51

9   (CMS data showed high rates of three types of major complications or comorbidities, but did not

10   disclose the allegedly fraudulent scheme that explained those high rates).

11       Relator's conclusory assertion that the alleged "fraud" cannot be discerned from the FOIA

12   reports absent her "algorithms and surgical code set analysis" and Dr. Hong's deposition

13   testimony (Opp. 10) does not make it so.  A review of the data indicates that the FOIA report itself

14   readily discloses the use of CPT code 19340 in multi-stage reconstruction procedures.

   3.  Relator is Not an Original Source Because Her Knowledge Concerning Dr. Hong's
15       Performance of Single-Stage Reconstruction Procedures Does Not Materially Add to the
16       Publicly Disclosed Allegations or Transactions.

17       Relator also erroneously contends that she is an original source based on her allegations of

18   deposition testimony and responses to interrogatories obtained in the course of her unsuccessful

19   her State malpractice action.[9]  To qualify as an original source, Relator must have "knowledge that

20   is independent of an materially adds to the publicly disclosed allegations or transactions."  31

21   U.S.C. § 3730(e)(4)(B)(ii).[10]  Relator's allegations concerning the deposition testimony and

22

23   [9] Relator also appears to suggest that her experience as a commercially insured patient of Dr.
24   Hong qualifies her as an original source, saying that she was in the "belly of the beast."  Opp. 19,
     16.  Despite her hyperbole, Relator provides no argument as to how her experience as a patient
25   could qualify her as an original source, and nothing about her personal experiences materially adds
     to the public information.  *Roe*, 2020 U.S. Dist. LEXIS 156495, *4 (C.D. Cal. July 13, 2020).

26   [10] Relator states that Defendants "claim instances of disclosure that occurred well *after* Relator . . .
     filed the original FCA Complaint on April 4, 2018."  Opp. 9.  Defendants' public disclosure bar
27   arguments are premised exclusively on the FOIA reports that Relator received no later than March
     2018 (FAC ¶ 98) and presumably far earlier in the case of Dr. Hong (*see* FAC Ex. D, (Relator's
28   March 2017 letter referencing FOIA reports)).  To the extent Relator suggests that she "voluntarily
     (footnote continued)

6015787.5
REPLY MEMO ISO DEFENDANTS DR. HONG & PAFMG'S MOTION TO DISMISS

1  responses to interrogatories make clear that Relator's independent knowledge is at best redundant

2  of the FOIA reports and does not materially add to the public disclosure.

3       Insofar as it can be discerned from her Opposition, it appears that Relator argues that her

4  "independent" knowledge is premised on the following three allegations in her FAC:

5      1.   Dr. Hong answered "uh-huh" when asked in a 2016 deposition whether "on both of

6         those, you did an immediate reconstruction after mastectomy?"  FAC ¶ 118.[11]

7      2.   In November 2014, Dr. Frederick Dirbas testified that "[i]t's very possible" that he

8         told Dr. A in December 2012 that he had not seen Dr. Hong perform a single-stage

9         procedure.  FAC ¶ 119.

10      3.   Dr. Hong responded to interrogatories stating that he had performed, assisted on, or

11         participated in "approximately 6" single stage surgeries in the ten years preceding

12         December 12, 2012.  FAC ¶ 120.

13  None of this materially adds to the clear and specific FOIA report showing Dr. Hong's use of CPT

14  code 19340 for procedures that plainly were not "single-stage" surgeries.

15       Relator also invokes an unpublished, out-of-circuit decision to suggest that her "algorithms

16  and surgical code set analysis" (Opp. 10) of data in FOIA reports constitute "independent"

17  knowledge that render her an original source.  Opp. 13.  However, no special algorithms or

18  analysis is required to identify the use of CPT code 19340 as part of a multi-stage procedure from

19  the FOIA reports here.  In addition, the cited case, *United States ex rel. Harman v. Trinity Indus.*,

20  No. 2:12-CV-00089-JRG, 2014 U.S. Dist. LEXIS 973, at *17 (E.D. Tex. Jan. 3, 2014), offers no

21  succor for Relator.  The *Harman* Court found that "no public disclosure or set of disclosures, in

22  the absence of Harman's investigation, would have fully brought to light the basis of Harman's

23  claims."  *Id.* at *14.  Harman's investigation involved inspecting approximately 100 crash cites

24  and taking measurements on 125 of the products at issue.  *Id.* at *13.  In addition, he confirmed in

25  deposition testimony that the design of the product had been changed after it was approved by the

26   

27  disclosed to the Government the information on which allegations or transactions in [her] claim
   are based" prior to a public disclosure, 31 U.S.C. § 3729(e)(4)(B)(i), this intimation is wholly
   unsupported by her FAC which focuses on data in FOIA reports.

28  [11] No context is provided to discern the meaning of "on both of those."

REPLY MEMO ISO DEFENDANTS DR. HONG & PAFMG'S MOTION TO DISMISS

1 Federal Highway Administration.  *Id.*  Thus, the court concluded that "a significant portion of his

2 claim stems from personally gathered information" that "was gained through his own efforts" such

3 that "the crux of his action . . . was made plain only through his own efforts."  *Id.* at *17-18.  Here,

4 however, the crux of Relator's claim—Dr. Hong used CPT code 19340 for procedures other than

5 single-stage procedures—is plainly evident from the publicly disclosed FOIA reports.

6 Because Relator is not an original source, her FAC must be dismissed.  Moreover,

7 dismissal with prejudice is appropriate because Relator has no knowledge of Medicare claims

8 other than what is contained in FOIA reports and is unable to materially add to those reports.

9 4. <u>Relator Implicitly Concedes Her Claims Regarding Other "Impermissible" Codes (FAC ¶¶ 123-131) are Barred Pursuant to the Public Disclosure Bar.</u>

10

11 Relator's Opposition presents no argument concerning the applicability of the public

disclosure bar to her allegations in paragraphs 123 to 131.[12]  Rather, her arguments concerning the

12 public disclosure bar focus exclusively on a futile attempt to salvage her claims that Dr. Hong

13 used CPT code 19340 for procedures other than single-stage procedures.  *See* discussion *supra*,

14 Parts II.A to II.A.3.  The allegations in paragraphs123 through 131 present alternative theories of

15 FCA liability involving difference CPT codes, and Relator cannot argue that any of these alleged

16 false claims are derived from any source other than the FOIA reports.  Nor can she identify any

17 independent knowledge that adds information not disclosed by the FOIA reports.  By failing to

18 address these allegations, Relator implicitly concedes her FCA claims based on theories other than

19 Dr. Hong's allegedly improper use of CPT code 19340 are barred by the public disclosure bar.

20 **B.** **Relator's FCA Action Fails Under Rules 8(a) and 9(b).**

21 1. <u>Relator Fails to Allege Falsity.</u>

22 Relator's Opposition fails to respond to Defendants' argument that she failed to allege

23 "upcoding" or "unbundling" (Defs.' Mot. 22-24).  Although her Opposition focuses on Dr. Hong's

24 use of CPT code 19340, she wholly fails to address Defendants' argument that CPT code 19340 is

25 properly used for the insertion of a breast prosthesis in reconstruction.  This argument is premised

26

27 ─────────────────

28 [12] Section IV.A of the Motion to Dismiss explains why these are not in fact false claims.
Therefore this issue is not addressed here.

REPLY MEMO ISO DEFENDANTS DR. HONG & PAFMG'S MOTION TO DISMISS

1   on the code definition *alleged by Relator*, which explicitly provides for CPT code 19340's

2   applicability to an "[i]mmediate insertion of breast prosthesis . . . in reconstruction."  FAC ¶ 87,

3   89.  Yet, Relator falls back on her bald and unsupported assertion that Dr. Hong's claims for CPT

4   code 19340 must have been false given the infrequency with which he performed "immediate

5   implant based reconstruction."  Opp. 17.  Relator's FAC makes clear that CPT code 19340 is *not*

6   coterminous with "immediate implant based reconstruction" and can be properly used when a

7   breast prosthesis is inserted in reconstruction (*e.g.*, a capsulectomy).  Relator's protestations to the

8   contrary cannot override the plain text of the applicable code description, and she cites to no

9   allegations or judicially noticeable facts supporting her view that a claim is false when CPT code

10   19340 is billed for anything other than a single-stage reconstruction.[13]

11        Relator's erroneous understanding of the range of procedures for which CPT code 19340

12   can be used is most evident from her statement that "CPT 19340 . . . was a very new surgery

13   introduced on or about 2012."  Opp. 13.[14]  It appears she is basing this statement on deposition

14   testimony concerning the performance of single-stage reconstruction procedures in 2012.  FAC

15   ¶ 119 (alleging Dr. Dirbas testified in his deposition testimony that he knew of a group in San

16   Francisco that may have performed single-stage reconstruction procedures in or around 2012).

17   She does not cite to any allegation or judicially noticeable facts indicating that CPT code 19340

18   was introduced around this time to code for single-stage reconstruction procedures.  In fact,

19   CMS's online physician fee schedule search tool, which includes Medicare payment rates for

20   billable codes as far back as 2000, indicates CPT code 19340 was in use as far back as calendar

21   year 2000.  RJN Ex. A.  The long-standing use of CPT code 19340 along with Relator's assertion

22   that single-stage reconstruction procedures were not introduced until about 2012 suggests that

23

24   _____

25   [13] Relator also makes the passing argument that Dr. Bates (who is not a party to this action)
"falsely billed CPT codes 19357 and 19342 in the same patient, whereas the correct codes were

26   19357 and 11970."  Opp. 17.  Relator, however, does not provided any argument that could save
such an FCA claim from the public disclosure bar, implicitly conceding that these claims must be
dismissed under the public disclosure bar.  *See* discussion, *supra*, Part II.A.4.

27

28   [14] Relator's only support for this assertion is Dr. Dirbas' deposition testimony concerning a group
in San Francisco that may have performed single-stage reconstruction procedures in or around
2012.  FAC ¶ 119.  The testimony makes no reference to CPT code 19340 or code definitions.

6015787.5

1  CPT code 19340 is properly used for procedures other than single-stage reconstruction procedures.

2  This is, of course, consistent with the plain text of the code description for CPT code 19340,

3  which explicitly includes the immediate insertion of a prosthesis in reconstruction of the breast

4  and is not confined to single-stage reconstruction procedures.

5       Relator's erroneous understanding of the range of procedures for which CPT code 19340

6  can properly be used is evident form her statement that "CPT 19340 . . . was a very new surgery

7  introduced on or about 2012."  Opp. 13 (citing to the deposition testimony of Dr. Dirbas regarding

8  conversations in or around December 2012 concerning physicians in San Francisco that had

9  performed single-stage reconstruction procedures).  This testimony makes no reference to CPT

10  code 19340 or any coding issues.  FAC ¶ 119.  But Relator argues that "hardly any surgeons were

11  performing CPT 19340 surgery" in 2012, conflating the surgical procedure with the CPT code.

12  Opp. 13.  Any allegation that single-stage reconstruction procedures were introduced in 2012 in

13  fact supports reading CPT code 19340 as being the proper code for surgeries beyond single-stage

14  reconstruction procedures.  CMS's online physician fee schedule search tool shows that CPT code

15  19340 was a payable code as early as 2000 (the first year for which the tool is available).  RJN,

16  Ex. A.  This suggests that CPT code 19340 is a long-standing code that was not developed to bill

17  for single-stage reconstruction procedures, and, consistent with the plain text of the code

18  description for CPT code 19340, the code is properly used for procedures other than the single-

19  stage reconstruction procedures described by Relator.

20       In short, Relator, without having reviewed a single medical record and without any

21  knowledge of any Medicare or Medi-Cal beneficiary's care, has ignored key words in the

22  operative code definitions (*i.e.*, "in reconstruction") and assumed fraud.  Relator's bare allegations

23  fail to allege falsity with the plausibility and particularity required under Rules 8(a) and 9(b).

24       2.  Relator Cannot Show the Materiality of Her Purported Coding "Rules."

25       Relator cannot meet the "demanding" materiality standard under the FCA, *United Health*

26  *Services, Inc. v. Escobar*, 136 S. Ct. 1989 (2016), and her Opposition only presents cursory

27  arguments that fail to establish that *the Government* considered any of her purported coding

28  "rules" to be material to payment.  For example, Relator wholly fails to address her failure to

REPLY MEMO ISO DEFENDANTS DR. HONG & PAFMG'S MOTION TO DISMISS

1   "allege that any Defendant's coding of a claim was inconsistent with" the National Correct Coding

2   Initiative ("NCCI") Coding Policy Manual (Defs.' Mot. 22).  Instead, her Opposition repeatedly

3   asserts—without explanation or support from her FAC or the NCCI Manual—that Defendants

4   "circumvented global fees and NCCI" and that "the codes submitted to CMS were inconsistent

5   with CCI".  Opp. 15, 22, 25.  She also states that she "followed . . . NCCI coding guidelines"

6   when reviewing the FOIA reports.  Opp. 5.  Meanwhile, Defendants requested judicial notice of

7   the relevant excerpts of the NCCI Coding Policy Manual, which on its face provide no support for

8   any of Relator's coding "rules."  In particular, the NCCI Coding Policy Manual does not indicate

9   that CPT Code 19340 is limited to single-stage reconstruction procedures.[15]

10          Relator's failure to provide any meaningful argument concerning the NCCI Coding Policy

11  Manual or to even *cite* to any provision of the Manual is consistent with her general approach to

12  materiality.  Rather than identifying any allegation or judicially noticeable fact that would suggest

13  her coding "rules" are material to Medicare or Medi-Cal payment, Relator continues to simply

14  include the word "material" in her conclusory allegations.

15          Relator also has not and cannot point to evidence that Medicare or Medi-Cal ever denied

16  any claim when a provider billed for CPT procedures in violation of her "rules."  She baldly states

17  that "had the government detected the upcoded billings, they would have . . . executed refund

18  demands," (Opp. 15), but she provides no supporting allegations that would suggest the

19  government has ever denied or recovered payment for a multi-stage breast reconstruction billed

20  using CPT code 19340.  This new factual assertion in her Opposition should not be considered.

21  *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the

22

23  _____

24  [15] Relator apparently believes she can invoke her own supposed "expertise" to avoid her burden to
    demonstrate materiality, and Relator's FAC and Opposition place great weight on her credibility
    and expertise.  *E.g.*, Opp. 15 ("Relator's unique expertise as a surgeon and medical coding

25  professional are material to the audit results provided to the government."); FAC ¶ 100.  Relator's
    views on correct coding, however, are irrelevant to the question of whether a particular fact would

26  tend to influence the payment or receipt of *Medicare payments*. Moreover, Relator's invocation of
    her own expertise renders her dogged refusal to comply with Rule 10(a) particularly problematic.

27  *See Roe*, 2020 U.S. Dist. LEXIS 156475, at *3-4 ("The public will be much less well-equipped to
    evaluate the serious allegations brought by the Relator if it has no way means of judging Relator's

28  competence and credibility. If Relator might be viewed as somehow not very competent or
    credible, Defendants have an interest in having the public view her allegations in that light.").

REPLY MEMO ISO DEFENDANTS DR. HONG & PAFMG'S MOTION TO DISMISS

1    propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's

2    moving papers.").  And even if this allegation were included in her FAC, it would be a conclusory

3    allegation "not entitled to the assumption of truth."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

4         Finally, Relator appears to assert that the government's continued payment of claims is not

5    relevant to the materiality analysis, citing to a case involving continued payment by the

6    Department of Housing and Urban Development ("HUD").  Opp. 18 (*citing United States ex rel.

7    Ling v. City of L.A.*, 389 F. Supp. 3d 744, 762 (C.D. Cal. 2019)).  Contrary to Relator's assertion

8    the *Ling* Court did not conclude that continued payment of claims by the government is irrelevant

9    to materiality in the Medicare context.  Rather, the court was presented with allegations that

10   (1) explained HUD's decision to continue paying entitlement funds and (2) indicated that HUD

11   denied defendant the opportunity to apply for $33 million in funds due to non-compliance.  389 F.

12   Supp. at 763.  Thus, the Court concluded as follows: "While an agency's decision to continue

13   funding even after learning of violations may generally be 'very strong evidence' of immateriality,

14   *Escobar*, 136 S. Ct. at 2003, the allegations in the [complaint] temper the value of that evidence in

15   this case by presenting an alternative explanation: that HUD is still trying to obtain voluntary

16   compliance before reducing or terminating funding." 389 F. Supp. 3d at 763.  No such

17   circumstances are present in the case at bar.  To the contrary, Medicare maintains and applies

18   NCCI coding edits, which have the purpose of "prevent[ing] improper payment when incorrect

19   code combinations are reported."  *Coastal Neurology, Inc. v. State Farm Mut. Auto. Ins. Co.*, 271

20   F.R.D. 538, 542 (S.D. Fla. 2010).  Thus, Medicare has a process for detecting and denying

21   payment for incorrect code combinations, but Relator identifies no evidence that any of the code

22   combinations that she alleges are incorrect have ever been included in an NCCI coding edit.

23        In short, Relator relies on bare and conclusory allegations that do not satisfy the

24   "demanding" materiality standard.  Because Relator has not indicated any capacity to allege

25   materiality and instead seeks to rely on her baseless insistence that her coding "rules" exist and are

26   material, her FAC should be dismissed with prejudice.

27        3.   Relator Fails to Allege PAFMG Caused the Submission of Any Claim or that Dr. Hong

28

**REPLY MEMO ISO DEFENDANTS DR. HONG & PAFMG'S MOTION TO DISMISS**

6015787.5

1  <u>Caused the Submission of Any of Claim for Dr. Bates's Services.</u>

2  Relator has failed to identify any allegation that PAFMG presented or caused to be

3  presented any claim or made or used a false record or statement material to a false or fraudulent

4  claim, and thus her claims against PAFMG must be dismissed.  *See* Defs.' Mot. 24-25 (ECF No.

5  72).  Relator's Opposition attempts to fill in her scant allegations concerning PAFMG with

6  numerous miscites to the FAC.  In particular, she suggests that the allegations in paragraphs 24,

7  30, 32, 109, 110, 119, 121, 128-130 of the FAC contain allegations concerning PAFMG.  Opp. at

8  10, 17, 24.  In fact, there is not a single allegation concerning PAFMG in the cited paragraphs[16]

9  and the *only* allegations concerning PAFMG in the FAC are found in paragraphs 25 and 27.

10  These allegations read in full as follows:

11        25. Defendant PALO ALTO FOUNDATION MEDICAL GROUP, INC.
    ("PAFMG") is a professional corporation organized and existing under the laws of
12  the State of California, having its principal place of business in Mountain View,
    California. . . .

13        27. Defendant Sutter is the corporate parent of, owns, or otherwise controls
14  defendants SBMF, PAMF, and PAFMG.

15  These paltry allegations do not identify any role played by PAFMG in any "scheme."  *See United*

16  *States ex rel. Lee v. Corinthian Colls.*, 655 F.3d 984, 998 (9th Cir. 2011) (The plaintiff "must, at a

17  minimum identify the role of each defendant in the alleged fraudulent scheme").[17]

18  Relator also makes no allegations that could support holding Dr. Hong liable for any

19  alleged false claims submitted by another physician (Dr. Bates).

20      4.  <u>Relator Has Not Alleged Knowledge on the Part of Dr. Hong or PAFMG.</u>

21  Relator's Opposition fails to present any argument that she properly alleges the *knowing*

22

23  _____

24  [16] For example, she asserts that PAFMG employs Dr. Bates, citing to paragraph 30, 128, 129, and
    130 of the FAC.  Opp. 17.  But, the cited paragraphs of the FAC makes no such allegation
25  concerning PAFMG.  *E.g.*, FAC ¶ 30 ("Sutter employs over 100 plastic and reconstructive
    surgeons."), ¶¶ 128-130 (alleging actions by "Bates and Sutter").  She also cites to paragraph 21 of
26  the FAC to support her assertion that "PAFMG . . . falsely attested under oath to CMS[] that Hong
    performed 29 CPT 19340 in a four-year period" (Opp. 17), but again, the FAC does not reference
27  any conduct by PAFMG.  FAC ¶121.

    [17] Relator asserts various allegations that Sutter had an improper revenue campaign and previously
28  entered into settlements with the Government.  Sutter is a distinct entity apart from Dr. Hong and
    PAFMG and these allegations are inapplicable here.

1  submission of false or fraudulent claims by Dr. Hong or PAFMG or to meaningfully engage with

2  Defendants' scienter arguments (Defs.' Mot. 25-26 (ECF No. 72)).  For example, Relator has not

3  pleaded the supposed requirement that CPT code 19340 be limited to single-stage reconstruction

4  procedures was documented in Medicare rules or regulations, the NCCI manual, or in any other

5  Medicare guidance; nor does she allege that Dr. Hong or PAFMG had any knowledge of this

6  alleged "rule."  Rather, Relator relies only on "[t]hreadbare recitals of a cause of action's

7  elements, supported by mere conclusory statements" in an attempt to allege scienter.  *Iqbal*, 556

8  U.S. at 678.  Relator's Opposition does not respond to Defendants' arguments and instead focuses

9  on her assertion that Defendants knew claims must be truthful.  Opp. 20-22.  This is wholly

10  irrelevant to the question of whether any Defendant knew of Relator's coding "rules" and then

11  violated them.  Finally, Relator makes the unsupported and improper assertion that a complaint

12  cannot be dismissed for failure to allege the essential element of scienter in a motion under Rule

13  12(b)(6).  Opp. 22.  This case presents no need for any fact-specific inquiry because Relator has

14  done nothing more than offer conclusory allegations that all Defendants collectively had the

15  requisite scienter.  As such, her FAC must be dismissed, *inter alia*, for failure to allege scienter.

16      5.  <u>Relator Does Not Address Her Failure to Allege Any Reverse False Claims.</u>

17          Relator wholly fails to argue that she has stated a claim under the FCA's reverse false

18  claims provision, 31 U.S.C. § 3729(a)(1)(G), and these claims should likewise be dismissed with

19  prejudice under Rule 12(b)(6) for the reasons set forth on pages 26 to 27 of Defendants' Motion.[18]

20      **C.**      **<u>Relator Fails to State a Claim Under the California False Claims Act.</u>**

21          Relator's Opposition fails to defend her claims under the CFCA.  Relator's silence on the

22

23

24  [18] Relator does use the words "reverse false claims" in the following inscrutable statement: "[T]he
CMS ledgers through April 3, 2018 are arguably a *prima facie* showing that Defendants retained
the funds (therefore supporting reverse false claims . . .)."  (Opp. 15).  Nothing in this statement

25  responds to Defendants' reverse false claims arguments.  Relator's Opposition also includes the
following unsupported statement: "Relator implored Hong [and] PAFMG . . . to address

26  upcoding."  Opp. at 23 (ECF No. 79).  Her FAC, however, only alleges contact with alleged
agents of Sutter and PAMF.  FAC ¶ 109-110.  Relator's Opposition further misrepresents her own

27  allegations, stating that the "RHIA Director, HIM at *PAFMG* . . . knew of Sutter's billing fraud"
(Opp. 24 (emphasis added)), when she in fact alleges that this individual was an agent of

28  Defendant *PAMF* (FAC ¶ 110).  The FAC does not allege correspondence with Dr. Hong,
PAFMG, or any agent of either Defendant concerning alleged upcoding or overpayments.

CFCA seemingly concedes that dismissal of her CFCA claims is proper for the reasons articulated on pages 27 and 28 of Dr. Hong's and PAFMG's Motion.

**D.     Relator's Opposition Indicates that She Does Not Intend to Comply with Rule 10(a).**

In order to proceed under a pseudonym, a relator must file an appropriate petition with the court articulating why anonymity is warranted.  Fed. R. Civ. P. 10(a).  Relator has not done so, and Defendants therefore requested that this Court establish a deadline for her to petition to proceed under a pseudonym or face dismissal.  Defs' Mot. 28.  Relator, however, mischaracterizes this request as an argument that "the action in entirety should be dismissed pursuant to Rule 10(a)," and proceeds to make clear that she has no intention of abiding by the requirements of Rule 10(a) or petitioning to proceed under a pseudonym.  Opp. 3.

Rather than petitioning to proceed under a pseudonym or addressing the five factors that she must establish to do so, Relator requests judicial notice of an order of the Superior Court of California, under the apparent misconception that the California court's order binds this Court or excuses her flagrant and persistent disregard of Rule 10(a).  *Id.*; Relator's RJN, Att. 15.[19]  Relator also claims this Court "accepted this action as filed and held a lengthy in camera briefing in October 2019 whereby Relator's pseudonym was found acceptable to the court."  Opp. 3.[20] Although Defendants lack direct knowledge of the referenced proceedings, this Court's October 4, 2019 Order does not address Relator's use of a fictitious name, Rule 10(a) or the applicable factors that Relator must establish in order to proceed under a pseudonym and does not excuse Relator's failure to petition to proceed under a pseudonym.  Order (Oct. 4, 2019) (ECF No. 35).

Relator's determination to disregard Rule 10(a) is also apparent from the progress of her related FCA suit against Stanford Healthcare and affiliated entities, which was brought under the

---

[19] She also requests judicial notice of a stipulation and a protective order that only addresses the disclosure of Relator's medical records and documents which contain protected health information.  Relator's RJN, Att. 16.  Her Opposition does not cite to this document at all, so it is unclear why or how this document could be relevant.  In any case, a stipulated protective order in state court bears no relevance to Relator's failure to abide by Rule 10(a) in this Federal Court.

[20] Her characterization of the hearing as lengthy is dubious at best as the Court's Minute Entry (ECF No. 34) notes that the October 3, 2019 proceedings only lasted 37 minutes.

REPLY MEMO ISO DEFENDANTS DR. HONG & PAFMG'S MOTION TO DISMISS

6015787.5

1   pseudonym "Jane Roe" in the United States District Court for the Central District of California.

2   The *Roe* Court dismissed her claims with prejudice under Rule 12(b)(6), 2020 U.S. Dist. LEXIS

3   156495, at *1 (C.D. Cal. July 13, 2020), but also determined that dismissal did not moot the

4   defendants' motion to dismiss under Rule 10(a) "because the public has a separate and

5   independent interest in the openness of judicial proceedings."  2020 U.S. Dist. LEXIS 156475, at

6   *1-2 (C.D. Cal. July 13, 2020).  Because Relator failed to establish "any reasonable fear of severe

7   harm" and because the public interest and the interests of the defendants both favored disclosure

8   (particularly in the context of claims of fraud against the government), the court ordered her to

9   disclose her true name by July 20, 2020.  *Id.* at *2-3.  She failed to comply with that order, and she

10  and her counsel were "ordered to purge their contempt of the Court's July 13 order by filing a

11  statement of Relator's true name no later than August 26, 2020."  2020 U.S. Dist. LEXIS 164530

12  (Aug. 21, 2020).  Instead, she has filed an appeal to the 9th Circuit.  *Id.*, *appeal docketed*, No. 20-

13  55874 (9th Cir. Aug. 25, 2020).

14          Although Defendants only requested that this Court establish a deadline by which Relator

15  must petition to proceed under a pseudonym or face dismissal, in light of the unusual

16  circumstances that have unfolded over the ensuing months, immediate dismissal under Rule 10(a)

17  as requested by the Sutter Defendants is warranted.  In the alternative, however, Defendants

18  request that any deadline for petitioning to proceed under a pseudonym be set as expeditiously as

19  possible and no later than September 18, 2020.  Relator has had three months to petition this Court

20  following our letter of June 10, 2020 (LaMagna Decl., Ex. A (ECF No. 72-1) and has failed to do

21  so.  Moreover, she has previously briefed this issue in her *Roe* action and should be familiar with

22  the requirements under Rule 10(a).  Therefore, further delay is unwarranted in this action.

23  **III.    <u>CONCLUSION</u>**

24          In light of the foregoing, the Court should dismiss Relator's FCA claims against

25  Defendants Dr. Hong and PAFMG with prejudice.  In addition, Defendants Dr. Hong and PAFMG

26  request that this court also dismiss Relator's action for failure to comply with Rule 10(a), pursuant

27  to the Sutter Defendants' Motion to Dismiss, or, in the alternative, establish a deadline of no later

28  than September 18, 2020 for Relator to petition to proceed under a pseudonym or face dismissal.

6015787.5        REPLY MEMO ISO DEFENDANTS DR. HONG & PAFMG'S MOTION TO DISMISS

1  Dated:  September 11, 2020

2

HOOPER, LUNDY & BOOKMAN, P.C.

3  By:      */s/ Scott J. Kiepen*
          ─────────────────────────────

4            SCOTT J. KIEPEN
            KATRINA A. PAGONIS
            JOSEPH R. LAMAGNA

5  Attorneys for Defendants Roy Hong, M.D.

6  aka Roy W. Hong; Palo Alto Foundation Medical
    Group, Inc., a corporation

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6015787.5
REPLY MEMO ISO DEFENDANTS DR. HONG & PAFMG'S MOTION TO DISMISS