LATHAM & WATKINS LLP
Katherine A. Lauer (Bar No. 138010)
*katherine.lauer@lw.com*
Jason M. Ohta (Bar No. 211107)
*jason.ohta@lw.com*
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400
Facsimile: (858) 523-5450

*Attorneys for Defendants Sutter Health, Sutter Bay Medical Foundation and Palo Alto Medical Foundation*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF CALIFORNIA, *ex rel.* Judy Jones, an individual,<br><br>    Plaintiffs,<br><br>    v.<br><br>SUTTER HEALTH, a corporation; SUTTER BAY MEDICAL FOUNDATION, a corporation; PALO ALTO MEDICAL FOUNDATION, a corporation; PALO ALTO FOUNDATION MEDICAL GROUP, INC., a corporation; ROY HONG, M.D., aka ROY W. HONG, an individual; and DOES 1-10,<br><br>    Defendants. | CASE NO. 5:18-cv-02067-LHK<br><br>**DEFENDANTS SUTTER HEALTH, SUTTER BAY MEDICAL FOUNDATION AND PALO ALTO MEDICAL FOUNDATION'S NOTICE OF MOTION AND MOTION TO DISMISS RELATOR'S SECOND AMENDED COMPLAINT**<br><br>Date: July 1, 2021<br>Time: 1:30 p.m.<br>Courtroom: 8, 4th Floor<br>Judge: Hon. Lucy H. Koh |

**<u>NOTICE OF MOTION & MOTION</u>**

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that at 1:30 p.m. on July 1, 2021, or as soon thereafter as the matter may be heard, before the Honorable Lucy H. Koh, United States District Judge for the Northern District of California, in Courtroom 8, 4th Floor, Defendants Sutter Health, Sutter Bay Medical Foundation and Palo Alto Medical Foundation (collectively, the "Sutter Defendants") will and hereby do move this Court for an order dismissing Relator Judy Jones's ("Relator") Second Amended Complaint (ECF No. 96) (the "SAC").

Sutter Defendants seek an order pursuant to Federal Rules of Civil Procedure 12(b)(6), 9(b) and 10(a) dismissing Relator's SAC in its entirety, with prejudice, for failure to state a claim upon which relief can be granted. This Motion is brought on grounds that: (1) Relator's False Claims Act ("FCA") and California False Claims Act ("CFCA") claims must be dismissed under the FCA's public disclosure bar; (2) Relator's SAC does not adequately plead any claim for relief as to Sutter Defendants under Federal Rules of Civil Procedure 9(b) and 8(a); and (3) Relator uses a pseudonym in violation of Federal Rule of Civil Procedure 10(a) and the common law. Sutter Defendants' Motion is based on this Notice of Motion and Motion to Dismiss, the following Memorandum of Points and Authorities, all pleadings and papers in this action and any oral argument of counsel.

Dated: March 1, 2021

Respectfully submitted,

LATHAM & WATKINS LLP

By: */s/ Jason M. Ohta*
Katherine A. Lauer
Jason M. Ohta

*Attorneys for Defendants Sutter Health,*
*Sutter Bay Medical Foundation and Palo*
*Alto Medical Foundation*

# TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................................... 7

II. BACKGROUND ........................................................................................................ 8

III. LEGAL STANDARD ................................................................................................ 9

IV. ARGUMENT ............................................................................................................ 10

    A. Relator's Claims Must be Dismissed Under the Public Disclosure
       Bar ................................................................................................................ 10

        1. Relator's Allegations are Substantially the Same as
           Transactions That Have Been Publicly Disclosed .................................. 11

        2. Relator is Not an Original Source Under the FCA or CFCA .................. 12

    B. Relator Fails to Plead a Claim for Relief Against Sutter Defendants ................. 14

        1. Relator Fails to Plead Her Allegations Against Sutter
           Defendants With Sufficient Particularity ................................................ 15

        2. Relator Fails to Establish that Dr. Hong is an Agent of
           Sutter Defendants .................................................................................... 17

        3. Relator Fails to Establish that Sutter Defendants Conspired
           with Dr. Hong to Violate the FCA or CFCA ......................................... 19

        4. Relator Fails to Establish Submission of False Claims to
           the Government ........................................................................................ 19

        5. Relator Fails to Plead Facts Establishing Sutter Defendants'
           Knowledge of Any Purportedly False Claims ........................................ 21

    C. Relator Uses a Pseudonym in Violation of Federal Rule of Civil
       Procedure 10(a) and the Common Law ............................................................ 22

V. CONCLUSION ......................................................................................................... 23

LATHAM & WATKINS LLP
ATTORNEYS AT LAW

**CASES**

*A-1 Ambulance Serv., Inc. v. California,*
 202 F.3d 1238 (9th Cir. 2000) ..................................................................12

*United States ex rel. Aflatooni v. Kitsap Physicians Serv.,*
 314 F.3d 995 (9th Cir. 2002) ...............................................................15, 20

*United States ex rel. Anita Silingo v. WellPoint, Inc.,*
 904 F.3d 667 (9th Cir. 2018) ....................................................................21

*Ashcroft v. Iqbal,*
 556 U.S. 662 (2009).............................................................................9, 21

*Bell Atl. Corp. v. Twombly,*
 550 U.S. 544 (2007).................................................................................9

*Bly-Magee v. California,*
 236 F.3d 1014 (9th Cir. 2001) ..................................................................10

*State of California ex rel. Bowen v. Bank of Am. Corp.,*
 126 Cal. App. 4th 225 (2005) ...................................................................11

*United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.,*
 637 F.3d 1047 (9th Cir. 2011) ..................................................................20

*United States ex rel. Campie v. Gilead Scis., Inc.,*
 862 F.3d 890 (9th Cir. 2017) ....................................................................21

*United States ex rel. Cook v. Providence Health & Servs.,*
 No. C13-1312RAJ, 2014 WL 4094116 (W.D. Wash. Aug. 18, 2014) ..................22

*Doe v. California,*
 No. CV 19-3251-DSF (KK), 2019 WL 2211893 (C.D. Cal. May 22, 2019) ..........22

*Doe v. Epic Games, Inc.,*
 No. 19-CV-03629-YGR, 2020 WL 376573 (N.D. Cal. Jan. 23, 2020) .................22

*Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate,*
 596 F.3d 1036 (9th Cir. 2010) ..................................................................22

*Graham Cty. Soil & Water Conservation Dist. v. U.S. ex rel. Wilson,*
 559 U.S. 280 (2010)...............................................................................11

*United States ex rel. Integra Med Analytics LLC v. Providence Health & Servs.,*
 No. CV 17-1694 PSG (SSX), 2019 WL 3282619 (C.D. Cal. July 16, 2019).............11, 16, 21

*John Russo Indus. Sheetmetal, Inc. v. City of Los Angeles Dep't of Airports*,
240 Cal. Rptr. 3d 217 (Cal. Ct. App. 2018) ................................................................10

*United States ex rel. Joshi v. St. Luke's Hosp., Inc.*,
441 F.3d 552 (8th Cir. 2006) .......................................................................................17

*United States ex rel. Karp v. Ahaddian*,
No. CV 16-500 PSG (JPRX), 2018 WL 6333670 (C.D. Cal. Aug. 3, 2018) ................20

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) ...............................................................................10, 15

*United States ex rel. Kraxberger* v. *Kansas City Power & Light Co.*,
756 F.3d 1075 (8th Cir. 2014) .....................................................................................13

*Lesnik v. Eisenmann SE*,
No. 16-CV-01120-LHK, 2018 WL 4700342 (N.D. Cal. Oct. 1, 2018) .........................19

*Loftis v. Salcedo*,
No. 218CV03263JFWGJS, 2019 WL 5075853 (C.D. Cal. Sept. 11, 2019), *report and
recommendation adopted*, No. 218CV3263JFWGJS, 2019 WL 5063825
(C.D. Cal. Oct. 9, 2019) ...............................................................................................23

*United States ex rel. Mateski v. Raytheon Co.*,
816 F.3d 565 (9th Cir. 2016) .......................................................................................11

*United States ex rel. Maur v. Hage-Korban*,
No. 117CV01079STAJAY, 2020 WL 912753 (W.D. Tenn. Feb. 25, 2020),
*aff'd*, 981 F.3d 516 (6th Cir. 2020) ..............................................................................12

*United States ex rel. Modglin v. DJO Glob. Inc.*,
114 F. Supp. 3d 993 (C.D. Cal. 2015), *aff'd sub nom. United States v. DJO Glob., Inc.*,
678 F. App'x 594 (9th Cir. 2017) .................................................................................21

*United States ex rel. Mosler* v. *City of Los Angeles*,
414 F. App'x 10 (9th Cir. 2010) .............................................................................11, 14

*Pascal v. Agentra, LLC*,
No. 19-CV-02418-DMR, 2019 WL 5212961 (N.D. Cal. Oct. 16, 2019) .......................18

*Prather* v. *AT&T, Inc.*,
847 F.3d 1097 (9th Cir. 2017) .....................................................................................14

*Price v. Harris*,
No. CV 18-9682-RGK (SP), 2019 WL 8012379 (C.D. Cal. July 23, 2019) .................23

*United States ex rel. Puhl v. Terumo BCT*,
No. CV178446PSGJPRX, 2019 WL 6954317 (C.D. Cal. Sept. 12, 2019) ....................20

*United States ex rel. Roe v. Stanford Healthcare Billing Dep't,*
    No. 2:17-CV-8726 (C.D. Cal. Feb. 4, 2020), 2020 WL 1074585 ....................12, 13

*Schindler Elevator Corp. v. U.S. ex rel. Kirk,*
    563 U.S. 401 (2011)..........................................................................................11

*United States ex rel. Solis v. Millennium Pharm., Inc.,*
    885 F.3d 623 (9th Cir. 2018) ..........................................................................17

*State of California v. Altus Finance*
    116 P.3d 1175 (Cal. 2005) ...............................................................................10

*Ebeid ex rel. U.S. v. Lungwitz,*
    616 F.3d 993 (9th Cir. 2010) ......................................................................10, 20

*United States Hastings v. Wells Fargo Bank, NA, Inc.,*
    656 F. App'x 328 (9th Cir. 2016) ...............................................................13, 14

*United States v. Aggarwal,*
    No. 6:03CV117ORL31KRS, 2004 WL 5509107 (M.D. Fla. Nov. 8, 2004)..........14

*United States v. Aurora Las Encinas, LLC,*
    No. LACV1001031JAKRZX, 2012 WL 12897081 (C.D. Cal. Sept. 6, 2012) ......16

*United States v. Marshall Med. Ctr.,*
    No. 2:12-CV-00098-JAM, 2015 WL 2235461 (E.D. Cal. May 12, 2015).........17, 21

*United States v. Prime Healthcare Servs., Inc.,*
    No. 11-CV-8214 PJW, 2014 WL 12480026 (C.D. Cal. Nov. 20, 2014) ................16

*United States v. Stoterau,*
    524 F.3d 988 (9th Cir. 2008) ...........................................................................22

*United States v. United Healthcare Ins. Co.,*
    848 F.3d 1161 (9th Cir. 2016) .....................................................................14, 15

*United States v. Vandewater Int'l Inc.,*
    No. 2:17-CV-04393-RGK-KS, 2019 WL 6917927 (C.D. Cal. Sept. 3, 2019) ......19

*Universal Health Services, Inc. v. United States ex rel. Escobar,*
    136 S. Ct. 1989 (2016) ....................................................................................10

*Vess v. Ciba-Geigy Corp. USA,*
    317 F.3d 1097 (9th Cir. 2003) ..........................................................................10

*United States ex rel. Vuyyuru v. Jadhav,*
    555 F.3d 337 (4th Cir. 2009) ...........................................................................14

*United States ex rel. Zissa v. Santa Barbara Cty. Alcohol, Drug, & Mental Health Servs.,*
    No. CV 14-6891-DMG (RZX), 2019 WL 3291579 (C.D. Cal. Mar. 12, 2019)........18

**STATUTES**

31 U.S.C.
    § 3729(a)(1)(A)-(B) ...................................................................................9, 10, 15
    § 3729(a)(1)(G) ........................................................................................9, 10, 15
    § 3729(b)(1) .......................................................................................................21
    § 3729(b)(3) ............................................................................................9, 10, 15
    § 3730(e)(4) .......................................................................................................11
    § 3730(e)(4)(A) ...........................................................................................11, 12
    § 3730(e)(4)(B) ...........................................................................................12, 13

42 U.S.C.
    § 1320a-7k(d)(2) ...............................................................................................10
    § 1320a-7k(d)(3) ...............................................................................................10

Cal. B&P Code § 2400 *et seq.* .......................................................................................18

Cal. Gov't Code
    § 12651(a)(1) .....................................................................................................21
    § 12652(d)(3) .....................................................................................................11

**RULES**

Fed. R. Civ. P.
    9(b) ......................................................................................................10, 15, 20
    10(a) .............................................................................................................8, 22
    12(b)(6) ................................................................................................................9

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

This Court dismissed Relator Judy Jones's ("Relator") First Amended Complaint ("FAC") finding it a "paradigmatic example of a suit foreclosed by the public disclosure bar." Order at 11 (ECF No. 90). Relator based her allegations on Medicare data obtained pursuant to requests under the Freedom of Information Act ("FOIA") and "lack[ed] 'knowledge that [was] independent of and materially add[ed] to'" that publicly disclosed information. *Id.* at 19. Relator's Second Amended Complaint ("SAC") responds to the Court's Order by merely excising references to the Medicare data that previously formed the backbone of Relator's claims.[1] But simply removing those allegations cannot cure Relator's deficient claims, nor are the paltry new allegations that place legal conclusions in the mouths of Defendant Dr. Roy Hong and his colleague, Dr. Frederick Dirbas, sufficient to state a claim. Relator's SAC remains deficient because her knowledge relates only to circumstances surrounding her private insurance dispute with Dr. Hong. Thus, Relator is unable to state a claim under the federal False Claims Act ("FCA") or the California False Claims Act ("CFCA") against Defendants Sutter Health, Sutter Bay Medical Foundation and Palo Alto Medical Foundation (collectively, the "Sutter Defendants").

As with Relator's prior complaint, Relator's claims must be dismissed because the allegations and transactions underlying her SAC already have been publicly disclosed through her FOIA requests, and her threadbare allegations do not suffice to "materially add" to the publicly disclosed information. Relator's claims against Sutter Defendants also must be dismissed because the SAC fails to allege sufficient facts to state a claim for relief under the rigorous particularity pleading standard for FCA claims, or even under the general plausibility standard. First, the allegations related to Sutter Defendants are extremely vague and do not satisfy the relevant pleading standards. Second, Relator does not explain why Sutter Defendants should be liable for the alleged fraudulent activity by Dr. Hong or how Sutter Defendants conspired with him. Third, Relator fails to allege that false claims were submitted to a federal or state health program in

---

[1] As a result, the SAC is approximately 25 percent shorter than the FAC.

connection with any Sutter Defendants' allegedly false billing practices.  Fourth, Relator fails to allege facts showing that Sutter Defendants had knowledge of any purportedly false claims.  Finally, the SAC should be dismissed because Relator continues to use a pseudonym in violation of Federal Rule of Civil Procedure 10(a) and the common law.

In the Order Granting Defendants' Motions to Dismiss, this Court warned Relator that "failure to cure the deficiencies identified in this order and in the motions to dismiss will result in dismissal of the deficient claims with prejudice."  Order at 19.  That is precisely what has occurred here.  Sutter Defendants therefore respectfully request that Relator's SAC be dismissed with prejudice in its entirety, or alternatively, as to Sutter Defendants.

## II.    **BACKGROUND**

Relator is a physician and surgeon.  SAC ¶ 1.  In 2012, she had a preventative double mastectomy performed "by a non-Sutter surgeon Dr. Frederick Dirbas," followed by "a single stage breast reconstruction by Dr. Hong[.]"  *Id.* ¶ 3.  Relator's procedures were paid for by private insurance.  *See id.* ¶ 45; ECF No. 14-4 at 4.  Two years later, in 2014, Relator filed a malpractice lawsuit against Drs. Hong and Dirbas "due to the very poor results of the operation[.]"  SAC ¶ 4.  In connection with that lawsuit, in 2016 and 2017, Relator submitted two FOIA requests for Medicare billing and coding records for Dr. Hong and other physicians.  *See* FAC ¶¶ 94, 98.  Relator's malpractice suit was ultimately dismissed after she failed to appear for trial.  *See* Request for Judicial Notice in Support of Mot. to Dismiss at Ex. B (ECF No. 72-2) (Order re: Defendants' Mot. to Dismiss dismissing case pursuant to Cal. Code Civ. Proc. § 581(b)(5)).

On April 4, 2018, Relator filed the present *qui tam* action against Dr. Hong, Palo Alto Foundation Medical Group ("PAFMG") (together with Dr. Hong, the "Doctor Defendants," and together with Sutter Defendants, "Defendants"), Sutter Defendants and Does 1-10.  *See* Compl., ECF No. 1.  Relator alleged, based on her analysis of the Medicare data she obtained through her FOIA requests, that "Defendants submitted false, fraudulent or misleading bills to payors by unbundling and upcoding surgeries," and retained overpayments unlawfully received on the basis of those allegedly false bills.  *See id.*  Relator filed her First Amended Complaint on October 19, 2018.  *See* ECF No. 13.  In June 2019, both the United States and the State of California declined

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

to intervene in the action. *See* ECF Nos. 23, 29.

On June 15, 2020, Sutter Defendants and Doctor Defendants separately filed Motions to Dismiss Relator's FAC. *See* ECF Nos. 72, 73. Relator filed Oppositions to those Motions on August 14, 2020, *see* ECF Nos. 79, 80, which, as the Court later noted, "violate[d] this district's Guidelines for Professional Conduct" because Relator "inaccurately state[d] the law, misrepresent[d] Defendants' arguments, and unfairly attack[ed] Defendants' counsel." Order at 12 n.4. On September 11, 2020, Sutter Defendants and Doctor Defendants each filed a reply supporting their Motions to Dismiss (ECF Nos. 84, 87). Doctor Defendants filed a request for judicial notice in support of their reply (ECF No. 85), and Defendants jointly filed an opposition to Relator's request for judicial notice (ECF Nos. 86, 88).

On November 6, 2020, the Court granted Defendants' Motions to Dismiss, holding that the FCA's public disclosure bar required it to dismiss the FAC. *See* Order at 9. The Court granted leave to amend, but noted that "failure to cure the deficiencies identified in this Order and in Defendants' motions to dismiss will result in dismissal of deficient claims with prejudice." *Id.* at 20. On January 5, 2021, Relator filed her SAC. *See* ECF No. 96.

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a party may move to dismiss a complaint that "fail[s] to state a claim upon which relief can be granted[.]" "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). Conclusory allegations of fact are not accepted as true, *see Iqbal*, 556 U.S. at 678, and the allegations "must be enough to raise a right to relief above the speculative level" on the assumption that those allegations are true, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A complaint alleging FCA violations must plead facts establishing the following elements: First, the complaint must allege a "false or fraudulent claim" for payment, a false statement "material to a false claim," or "an obligation to pay or transmit money or property to the Government" arising from the "retention of an[] overpayment." 31 U.S.C. §§ 3729(a)(1)(A)-(B), (G); *id.* § 3729(b)(3). Second, the complaint must allege that the false submission was done

"knowingly," *id.* §§ 3729(a)(1)(A)-(B), or, if retention of an overpayment is alleged, that the overpayment was "identified" and wrongfully withheld for at least 60 days, 42 U.S.C. § 1320a-7k(d)(2); *see also id.* § 1320a-7k(d)(3). Finally, the complaint must allege that any false statement or certification was "material" to the government's decision to pay. 31 U.S.C. §§ 3729(a)(1)(A)-(B), (G).

Because the FCA is an anti-fraud statute, allegations of FCA violations must be pled with "particularity" under Fed. R. Civ. P. 9(b). *See Universal Health Services, Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989, 2004 n.6 (2016); *see also Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (Rule 9(b) "deter[s] the filing of complaints as a pretext for the discovery of unknown wrongs" and "protect[s] [defendants] from the harm that comes from being subject to fraud charges"). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)). It is not sufficient for a complaint to allege only "details of a scheme to submit false claims"; it also must "identify representative examples of false claims" or, at the very least, provide "reliable indicia that lead to a strong inference that claims were actually submitted." *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998–99 (9th Cir. 2010) (citation omitted). "When an entire complaint … is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the complaint …." *Vess*, 317 F.3d at 1107.

Finally, a failure to state a claim under the FCA similarly forecloses claims alleged under the CFCA. *See John Russo Indus. Sheetmetal, Inc. v. City of Los Angeles Dep't of Airports*, 240 Cal. Rptr. 3d 217, 224 (Cal. Ct. App. 2018) (noting that the CFCA is "patterned on similar federal legislation and it is appropriate to look to precedent construing the equivalent federal act") (quoting *State of California v. Altus Finance,* 116 P.3d 1175, 1184 (Cal. 2005)).

## IV.    **ARGUMENT**

### A.    **Relator's Claims Must be Dismissed Under the Public Disclosure Bar**

This Court dismissed the FAC under the public disclosure bar. *See* Order at 9. In response, Relator simply has removed most of the prior references to Medicare data from her SAC. But, the

nature of Relator's claims against Sutter Defendants has not changed—she alleges unbundling and upcoding schemes, *e.g.*, SAC ¶¶ 15, 48, 55, which she asserts can be identified upon review of the relevant claims data, *e.g.*, *id.* ¶¶ 11-12, 51-52.  This Court has already found that the basis for Relator's claims was publicly disclosed in Relator's FOIA requests, and Relator does not have any knowledge that is "independent of materially adds to" the publicly disclosed information.  *See* 31 U.S.C. § 3730(e)(4).[2]  As "the relevant information has already entered the public domain," Relator's claims must be dismissed.  *See Graham Cty. Soil & Water Conservation Dist. v. U.S. ex rel. Wilson*, 559 U.S. 280, 285 (2010).

### 1. Relator's Allegations are Substantially the Same as Transactions That Have Been Publicly Disclosed

The public disclosure bar provides that "[t]he court shall dismiss" a *qui tam* action "if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed" in any of several sources.  31 U.S.C. § 3730(e)(4)(A).  As this Court previously held, the Medicare claims data Relator received via her FOIA requests "were 'publicly disclosed' under the public disclosure bar," and "all 'the material elements of the allegedly fraudulent transaction are disclosed in' CMS's responses to Relator's FOIA requests."  Order at 9–10 (citing *Schindler Elevator Corp. v. U.S. ex rel. Kirk*, 563 U.S. 401, 408 (2011); *U.S. ex rel. Mateski v. Raytheon Co.*, 816 F.3d 565, 571 (9th Cir. 2016)).  The Court recognized that there can be no dispute that Medicare data obtained through a FOIA request qualifies as a "report" for purposes of the public disclosure bar.  S*ee* Order at 12–15 (citing *Schindler Elevator*, 563 U.S. at 408; *United States ex rel. Integra Med Analytics LLC v. Providence Health & Servs*., No. CV 17-1694 PSG (SSX), 2019 WL 3282619 (C.D. Cal. July 16, 2019)).  The Court further held that "[t]he mere fact that [relator's] own expertise … may have enabled [her] to formulate [her] novel legal theory of fraud is irrelevant to the question of whether the material transactions giving rise to the alleged fraud

---

[2] The CFCA, under which Relator alleges similar claims, contains a nearly identical public disclosure bar.  *See* Cal. Gov't Code § 12652(d)(3).  "California courts look to federal decisions to interpret the public disclosure provision" of the CFCA, *United States ex rel. Mosler* v. *City of Los Angeles*, 414 F. App'x 10, 11 (9th Cir. 2010) (citing *State of California ex rel. Bowen v. Bank of Am. Corp.*, 126 Cal. App. 4th 225, 240 n.11 (2005)), and Relator's CFCA claims therefore should be dismissed for the same reasons as her FCA claims.

were already disclosed in the public domain in the first place." *Id.* at 15 (quoting *A-1 Ambulance Serv., Inc. v. California*, 202 F.3d 1238, 1245 (9th Cir. 2000)).

Relator's description of the alleged fraudulent scheme has not changed in her SAC—she continues to allege that "[a]s a direct, proximate, and foreseeable result of Sutter's fraudulent course of conduct set forth herein, Defendants knowingly submitted, and caused to be submitted, thousands of false or fraudulent statements, records, and claims for payment to Medicare and Medicaid for upcoded and unbundled mastectomy and breast reconstruction surgeries and procedures, and related charges." *See* SAC ¶¶ 15, 55; *see also* FAC ¶ 12 (raising virtually identical claims). The Court has already held that the basis for Relator's claims has been publicly disclosed, Order at 9–10, and Relator cannot simply wish away her FOIA requests by deleting references to them in the SAC. The allegations and transactions underlying Relator's unbundling and upcoding claims in the SAC have been publicly disclosed, and her claims must be dismissed pursuant to the public disclosure bar.

### 2. Relator is Not an Original Source Under the FCA or CFCA

The FCA provides that, even where information has been publicly disclosed, a relator nonetheless may be an "original source" if "prior to a public disclosure …, [she] has voluntarily disclosed to the Government the information on which allegations or transactions in a claim are based," or if she "has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions." 31 U.S.C. § 3730(e)(4)(B). Because the allegations and transactions underlying Relator's claims were already publicly disclosed, Relator's SAC can survive the public disclosure bar only if it includes information that is "independent of and materially adds to" the information disclosed through Relator's FOIA requests.[3]

---

[3] This time around, Relator also claims qualification as an "original source" on the basis that she "voluntarily disclosed to the United States the specific information admitted to her by Doctors Hong and Dirbas and the other information she thereafter collected and upon which allegations or transactions at issue in this complaint are based prior to any purported public disclosure under 31 U.S.C. § 3730(e)(4)(A)." SAC ¶ 16. Relator provides no support for her conclusory claim that she shared any relevant information with the government prior to her 2016 and 2017 FOIA requests, which occurred well before she filed her *qui tam* action on April 4, 2018. *See United States ex rel. Roe v. Stanford Healthcare Billing Dep't*, No. 2:17-CV-8726 (C.D. Cal. Feb. 4, 2020), 2020 WL 1074585, at *1; *United States ex rel. Maur v. Hage-Korban*, No. 117CV01079STAJAY, 2020 WL 912753, at *6 (W.D. Tenn. Feb. 25, 2020), *aff'd*, 981 F.3d 516

The answer is clear—it does not. There are no allegations in the SAC that "materially add" to the publicly disclosed Medicare data that comprise the basis for any factual allegations concerning Sutter Defendants' purportedly fraudulent Medicare billing practices. *See United States ex rel. Kraxberger* v. *Kansas City Power & Light Co.*, 756 F.3d 1075, 1080 (8th Cir. 2014) (noting that relator does not "materially add" to publicly disclosed allegations when the publicly disclosed allegations themselves are sufficient to "raise a reasonable inference of fraud" (citation omitted)); *United States Hastings* v. *Wells Fargo Bank, NA, Inc.,* 656 F. App'x 328, 331–32 (9th Cir. 2016) ("Allegations do not materially add to public disclosures when they provide only background information and details relating to the alleged fraud.").

The "new" allegations in Relator's SAC relate entirely to private insurance billing. *See, e.g.,* SAC ¶¶ 5, 10, 42, 45, 50.[4] These allegations do not "materially add" to the publicly disclosed information, nor do they comprise "knowledge" of the alleged fraud that render her an original source. 31 U.S.C. § 3730(e)(4)(B). Allegations concerning a private insurance billing dispute with a single physician do not materially add to a *qui tam* action that purports to identify a fraud upon a federal or state health care program. *See Stanford Healthcare,* 2020 WL 1074585, at *1 (granting defendants' motion to dismiss because allegations in the FAC concerning improper private billing did not materially add to public information); Order at 19 ("[L]ittle can be inferred from a single instance of incorrect billing" of a private insurer) (quoting *Stanford Healthcare*, 2020 WL 5033219, at *1). Furthermore, any imagined or asserted connection between Relator's allegations of improper bills submitted to her private insurer and Relator's allegations that "Defendants knowingly submitted, and caused to be submitted, thousands of false or fraudulent statements, records, and claims for payment to Medicare and Medicaid for upcoded and unbundled mastectomy and breast reconstruction surgeries and procedures, and related charges," SAC ¶ 15,

(6th Cir. 2020) (finding relator's allegations that he "voluntarily provided the information to the government prior to filing this Complaint" to be "a conclusory statement, devoid of specific facts sufficient to survive a motion to dismiss"). Therefore, Relator fails to establish that she is an "original source" on that basis.

[4] As described below, the few allegations related to Medicare billing are exceedingly vague and do not materially add to the publicly disclosed Medicare data. *See* SAC ¶¶ 6, 46 (referring to an alleged statement by Dr. Hong that "he performed these same breast reconstructive procedures frequently on all his clients, specifically including those covered by Medicare and Medi-cal").

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

SUTTER DEFENDANTS' MOTION TO DISMISS
RELATOR'S SECOND AMENDED COMPLAINT
Case No. 5:18-cv-02067-LHK

is "speculation, and not—as required by the applicable law—true knowledge of fraudulent misconduct." *Prather* v. *AT&T, Inc.*, 847 F.3d 1097, 1105 (9th Cir. 2017); *see also Hastings,* 656 F. App'x at 331 (concluding that public disclosure bar "require[s] knowledge," but relator's information "provide[s] only speculation"); *United States ex rel. Vuyyuru* v. *Jadhav*, 555 F.3d 337, 353 (4th Cir. 2009) ("[Relator's] mere suspicion that there must be a false or fraudulent claim lurking around somewhere simply does not carry his burden of proving that he is entitled to original source status."). Relator's allegations concerning private insurance billing cannot render her an original source for purposes of the public disclosure bar, and the Court should dismiss her FCA and CFCA claims. *See United States ex rel. Mosler* v. *City of Los Angeles*, 414 F. App'x 10, 11 (9th Cir. 2010) (affirming dismissal of CFCA claim under FCA's public disclosure standards).

### B. Relator Fails to Plead a Claim for Relief Against Sutter Defendants

Now that Relator has excised from her complaint information obtained through her FOIA requests, she is even farther away from satisfying the relevant pleading standards as to her claims against Sutter Defendants. In order to state a claim against Sutter Defendants, Relator must either allege facts regarding each Sutter Defendant's participation in the scheme, or she must allege a legal basis upon which Sutter Defendants can be liable for acts by the other Defendants. *See, e.g., United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016) ("Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.") (citation omitted).

Relator's pared-down SAC alleges no such facts. The SAC is comprised almost exclusively of allegations related to Relator's private insurance dispute with Dr. Hong. Relator never explains how Sutter Defendants should be liable for the alleged fraudulent activity of Dr. Hong or how Sutter Defendants conspired to violate the FCA with him. Because Relator fails to allege facts that "clearly link" Sutter Defendants with any fraudulent conduct, her claims against Sutter Defendants must be dismissed. *United States v. Aggarwal*, No. 6:03CV117ORL31KRS, 2004 WL 5509107, at *4 (M.D. Fla. Nov. 8, 2004) ("An FCA plaintiff … must not only make detailed factual allegations outlining the fraud, but must also clearly link the fraudulent conduct to

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

the defendant.").

Additionally, in order to state a claim under the FCA or CFCA, Relator must plead facts sufficient to show that fraudulent claims were actually submitted to the government. Yet again, now that Relator has removed her references to Medicare data in an attempt to avoid the FCA's public disclosure bar, she has *no factual basis* to show that any purportedly fraudulent claims were ever submitted to the government. Relator's SAC refers only to her private insurance claims, but such claims cannot serve as the factual basis for alleging the submission of fraudulent claims to the government. *See United States ex rel. Aflatooni v. Kitsap Physicians Serv.*, 314 F.3d 995, 1002 (9th Cir. 2002) ("It is not enough … 'to describe a [fraudulent] scheme in detail but then to allege simply and without any stated reason … that claims requesting illegal payment must have been submitted.' (citation omitted)). Relator's "failure to produce evidence establishing submission of a single false claim is fatal to [her] action." *Id.* at 1003. Finally, Relator alleges no facts to establish that Sutter Defendants had knowledge of any purportedly false claims. For these reasons, Relator's SAC must be dismissed.

1. **Relator Fails to Plead Her Allegations Against Sutter Defendants With Sufficient Particularity**

In order to state a claim under the FCA, Relator's SAC must allege a "false or fraudulent claim" for payment, a false statement "material to a false claim," or "an obligation to pay or transmit money or property to the Government" arising from the "retention of an[] overpayment." 31 U.S.C. §§ 3729(a)(1)(A)-(B), (G); *id.* § 3729(b)(3). In making such allegations, Relator cannot "merely lump multiple defendants together"; she must "differentiate [her] allegations … and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *See United Healthcare*, 848 F.3d at 1184. Relator's SAC fails to do so. The sparse references to Sutter Defendants in the SAC cannot suffice to provide "the who, what, when, where, and how" required under Fed. R. Civ. P. 9(b) in order to allege a scheme to submit false claims for reimbursement to Medicare, and the allegations relating to Dr. Hong are not sufficient to establish a "common" practice of surgeons affiliated with Sutter Defendants engaging or participating in such a scheme. *See Kearns*, 567 F.3d at 1124. Relator therefore fails to plead the submission of

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

false or fraudulent claims, or false statements or certifications, by any Sutter Defendant.

In her SAC, Relator launches a litany of allegations against Dr. Hong, based on the experience that led to her malpractice lawsuit. Relator appears to believe that by adding "and Sutter" or "Sutter and" to such allegations, she has sufficiently pled Sutter Defendants' participation in the alleged fraudulent scheme. *See, e.g.*, SAC ¶¶ 6, 13, 53. Relator is incorrect. Relator's lone allegation concerning wrongdoing by any individual other than Dr. Hong is a statement attributed to Dr. Dirbas, described by Relator as "a non-Sutter surgeon," that "it was common knowledge that doctors Hong and others who were part of the Sutter Health Care system frequently did the same unnecessary procedures." *See* SAC ¶¶ 7, 47. That vague and conclusory statement—in which Dr. Dirbas, a Sutter outsider, allegedly opined that physicians with some unspecified connection to Sutter Defendants conducted procedures that were "unnecessary"— cannot suffice to connect Sutter Defendants to a scheme to defraud the government. *Compare with United States v. Prime Healthcare Servs., Inc.*, No. 11-CV-8214 PJW, 2014 WL 12480026, at \*4 (C.D. Cal. Nov. 20, 2014) (allegations of "a standardized system of meetings, procedures, hospital forms, and training sessions by all Prime hospitals to perpetrate Medicare fraud" were sufficient to show that challenged "practices [were] common to all Defendants") *and Integra Med Analytics*, 2019 WL 3282619, at \*21 (noting that relator's descriptions of how defendant "train[ed] doctors to use language supporting the MCCs and steer[ed] them into using that language through leading queries and incentives" were sufficient).

Furthermore, while Relator claims that Sutter Defendants were implicated in the submission of "thousands of false or fraudulent statements, records, and claims for payment to Medicare and Medicaid for upcoded and unbundled mastectomy and breast reconstruction surgeries and procedures, and related charges," *see* SAC ¶¶ 15, 55; FAC ¶ 12, she only alleges a few instances of supposedly fraudulent billing of a private insurer by a single physician and pleads no facts to establish that those allegations are representative of a broader pattern of behavior with regard to Sutter Defendants. "The examples that a relator provides will support more generalized allegations of fraud only to the extent that the relator's examples are representative samples of the broader class of claims." *United States v. Aurora Las Encinas, LLC*, No. LACV1001031JAKRZX,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

2012 WL 12897081, at *4 (C.D. Cal. Sept. 6, 2012) (citation omitted); *see also United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 557 (8th Cir. 2006) (holding that a relator "must provide *some* representative examples of [defendants'] alleged fraudulent conduct, specifying the time, place, and content of their acts and the identity of the actors") (emphasis in original).  Relator pleads no facts that would support a view that any claims Dr. Hong submitted were "representative samples of the broader class of claims" as to Sutter Defendants.  *Id.*  Indeed, it appears unlikely that a random draw from the total pool of all government claims would produce a materially similar set of claims because the only claims Relator challenges are claims submitted to a private insurer by her treating physician.

Relator has pled no facts giving rise to an inference of a widespread practice of upcoding or unbundling among Sutter Defendants.  Therefore, Relator has not pled with particularity allegations sufficient to establish a pattern of fraudulent billing of Medicare and Medicaid by or in connection with any Sutter entity.  *See United States ex rel. Solis v. Millennium Pharm., Inc.*, 885 F.3d 623, 629 (9th Cir. 2018).   The Court should dismiss the SAC as to Sutter Defendants on this basis.

### 2.  Relator Fails to Establish that Dr. Hong is an Agent of Sutter Defendants

Relator has also failed to establish that Sutter Defendants can be liable on the basis of allegations against Dr. Hong under an agency theory.  Relator's SAC includes boilerplate language stating that "each defendant was the agent for each other defendant" and "was acting in the course and scope of such agency."  SAC ¶ 26.  But it is not sufficient to allege that some unspecified relationship exists between Sutter Defendants and Dr. Hong; Relator must plead specific facts to establish that Sutter Defendants can be held liable on the basis of their relationship with Dr. Hong. *See United States v. Marshall Med. Ctr.*, No. 2:12-CV-00098-JAM, 2015 WL 2235461, at *3 (E.D. Cal. May 12, 2015) (holding that the complaint lacked sufficient particularity under 9(b) where relator alleged that defendant Foundation "partner[ed] with" one defendant and "contract[ed] with" another defendant).

"Courts have recognized that th[e] basic agency theory of liability applies to FCA cases."

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

*United States ex rel. Zissa v. Santa Barbara Cty. Alcohol, Drug, & Mental Health Servs.*, No. CV 14-6891-DMG (RZX), 2019 WL 3291579, at *5 (C.D. Cal. Mar. 12, 2019). "Although the precise details of the agency relationship need not be pleaded to survive a motion to dismiss, sufficient facts must be offered to support a reasonable inference that an agency relationship existed." *Pascal v. Agentra, LLC*, No. 19-CV-02418-DMR, 2019 WL 5212961, at *3 (N.D. Cal. Oct. 16, 2019) (citation omitted).

Here, Relator has pled no facts showing that Dr. Hong was an agent of any Sutter Defendant. While Relator's SAC vaguely (and erroneously) describes Dr. Hong as being "employed by Sutter," *see* SAC ¶ 30, and states that Dr. Hong "worked for Sutter and Palo Alto Medical Foundation and Palo Alto Medical Foundation, Inc.," *id.* ¶ 42, she provides no explanation as to the relationship between the various defendant entities—PAFMG, PAMF, Sutter Bay Medical Foundation and Sutter Health—that would support her allegation that Dr. Hong was employed by any of the Sutter Defendants. In California, the laws regarding the corporate practice of medicine impose strict limitations on the types of entities that may employ a physician. Because it is not a professional medical corporation, Sutter Health cannot—and does not—directly employ physicians. *See* Cal. Cal. Bus. & Prof. Code § 2400 *et seq.* Therefore, to the extent that Relator seeks to allege that an employment relationship existed between Dr. Hong and any of the Sutter Defendants, she has not provided sufficient detail to support such an allegation.

In addition, Relator has not alleged any standard indicia of an agency relationship, such as that any Sutter Defendant "maintained complete control" or "oversight" over Dr. Hong, nor has she established that Dr. Hong had authority to bind Sutter Defendants or otherwise pled any facts regarding the alleged agency relationship. *See Zissa*, 2019 WL 3291579, at *5 (finding agency relationship sufficiently alleged where complaint pled, among other things, that one defendant exercised complete control over, hired and fired employees of, and certified validity of claims submitted by other defendant). Therefore, Relator's allegations are not sufficient to establish that Dr. Hong was an agent of Sutter Defendants, or that Sutter Defendants can be liable on that basis for the alleged wrongful acts by Dr. Hong.

### 3. Relator Fails to Establish that Sutter Defendants Conspired with Dr. Hong to Violate the FCA or CFCA

Relator also fails to allege facts showing that Sutter Defendants conspired with Dr. Hong, and therefore she cannot establish Sutter Defendants' liability for Dr. Hong's acts on that basis. Relator's SAC includes boilerplate language stating that "each defendant … was engaged in a conspiracy to do the things herein alleged." SAC ¶ 26. But "[t]o state a claim for conspiracy under the FCA, a plaintiff must show that (1) the defendant agreed with one or more persons to get a false or fraudulent claim allowed or paid by the United States; (2) one or more conspirators performed any act to effect the object of the conspiracy; and (3) the United States suffered damages as a result." *United States v. Vandewater Int'l Inc.*, No. 2:17-CV-04393-RGK-KS, 2019 WL 6917927, at *5 (C.D. Cal. Sept. 3, 2019) (citation omitted); *see also Lesnik v. Eisenmann SE*, No. 16-CV-01120-LHK, 2018 WL 4700342, at *8 (N.D. Cal. Oct. 1, 2018) ("Rule 9(b) requires that plaintiffs 'alleging conspiracy claims under Section 3729(a)(1)(C) must allege the existence of an agreement between the defendants to violate the FCA.'") (citation omitted).

In *Lesnik*, the court concluded that relator's failure to allege the existence of any agreement "compel[ed] dismissal of the FCA claim" as to certain defendants. 2018 WL 4700342, at *8; *see also Vandewater*, 2019 WL 6917927, at *6 ("[T]he FAC does not contain sufficient factual allegations that … Defendants entered into an agreement with (or even acted in concert with)" other alleged conspiracy participants.). Similarly, Relator has not alleged any agreement between Sutter Defendants and Dr. Hong, nor has she stated any facts that would support an inference that such an agreement existed.[5] Therefore, no claim of conspiracy has been sufficiently alleged against Sutter Defendants.

### 4. Relator Fails to Establish Submission of False Claims to the Government

The actual submission of a false or fraudulent claim to the government is the *sine qua non*

---

[5] Moreover, to the extent Relator maintains that Dr. Hong is an employee or agent of Sutter Defendants, the intra-corporate conspiracy doctrine bars any such conspiracy claims. *See Vandewater*, 2019 WL 6917927, at *5 ("[A] corporation cannot conspire with its own agents and employees.") (citation omitted).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

of an FCA action. *See United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011). A relator's allegations must (1) "identify examples of false claims" to the government, or (2) allege "reliable indicia that lead to a strong inference that [false] claims were actually submitted." *Ebeid*, 616 F.3d at 998-99. Merely alleging a pattern of behavior by which a defendant *could have violated* the FCA by submitting false claims does not meet the particularity requirement of Rule 9(b). *See Aflatooni*, 314 F.3d at 1002 ("It is not enough … to describe a [fraudulent] scheme in detail but then to allege simply and without any stated reason … that claims requesting illegal payment must have been submitted." (citation omitted)); *see also Cafasso*, 637 F.3d at 1057 ("In light of [relator's] failure to identify any particular false claims or their attendant circumstances, as well as the 'obvious alternative explanation' that no false claims occurred, we will not draw the unwarranted and improbable inference that discovery will reveal evidence of such false claims."). Relator provides no allegations regarding the submission to the government of claims for reimbursement beyond a series of allegations regarding her private insurance claims, *e.g.,* SAC ¶¶ 5, 10, 42, 45, 50, and one vague and implausible statement attributed to Dr. Hong that "he performed these same breast reconstructive procedures frequently on all his clients, specifically including those covered by Medicare and Medi-cal," *id.* ¶¶ 6, 46.

Relator's FCA claims are premised on an assumption that her experience with Dr. Hong's private insurance billing is sufficient to allege the submission of false claims to the government. But courts in the Ninth Circuit and beyond have rejected the argument that claims submitted to a private insurance company can provide "reliable indicia that lead to a strong inference that [false] claims were actually submitted" to the government. *See, e.g., Aflatooni*, 314 F.3d at 1002 (recognizing that it is not enough "to describe a private scheme in detail but then to allege simply and without any stated reason for [this] belief that claims requesting illegal payments must have been submitted" to the government); *United States ex rel. Puhl v. Terumo BCT*, No. CV178446PSGJPRX, 2019 WL 6954317, at *4 (C.D. Cal. Sept. 12, 2019) (dismissing FCA claims because "allegations that providers submitted false claims to private insurers are not enough to create the strong inference needed to plead an FCA claim"); *United States ex rel. Karp v. Ahaddian*, No. CV 16-500 PSG (JPRX), 2018 WL 6333670, at *4 (C.D. Cal. Aug. 3, 2018)

("[T]he fact that Defendants may have submitted false claims to private insurers is not enough to create a strong inference that they likewise submitted false claims to Medicare."). Relator's allegations about her own case, and the speculative inferences she tries to draw from it, cannot support any claim under the FCA.[6]

### 5. Relator Fails to Plead Facts Establishing Sutter Defendants' Knowledge of Any Purportedly False Claims

A claim under the FCA requires a showing that a false statement or fraudulent course of conduct was made "knowingly," or with "scienter." *United States ex rel. Campie v. Gilead Scis., Inc.*, 862 F.3d 890, 898–99 (9th Cir. 2017). For FCA purposes, "knowing" means that a defendant "(i) has actual knowledge of the information; (ii) acts in deliberate ignorance of the truth or falsity of the information; or (iii) acts in reckless disregard of the truth or falsity of the information." 31 U.S.C. § 3729(b)(1). "Mere negligence, however, is insufficient to state a claim under the FCA." *Integra Med Analytics*, 2019 WL 3282619, at *21. Moreover, **"**[a] complaint … must set out sufficient factual matter from which a defendant's knowledge of a fraud might reasonably be inferred." *United States ex rel. Anita Silingo v. WellPoint, Inc.*, 904 F.3d 667, 679–80 (9th Cir. 2018) (citing *Iqbal*, 556 U.S. at 678).

Despite the lower pleading standard applied to the "knowledge" element of an FCA claim, Relator nonetheless fails to sufficiently allege this element as to Sutter Defendants. *United States v. Marshall Med. Ctr.,* No. 2:12-CV-00098-JAM, 2015 WL 2235461, at *3 (E.D. Cal. May 12, 2015) ("Even when evaluated under the more lenient Rule 8(a) standard, these allegations are too vague to state a claim."). While the SAC includes cursory allegations that "Defendants knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval" to Medicare and Medi-Cal, SAC ¶ 61, Relator does not include a single factual allegation from which Sutter Defendants' knowledge of a fraud could be inferred. *See United States ex rel. Modglin v.*

---

[6] Similarly, in order to state a claim under the CFCA, Relator must allege submission of claims for reimbursement by a California state health program. *See, e.g.*, Cal. Gov. Code § 12651(a)(1) (imposing penalties on any individual who "[k]nowingly presents or causes to be presented a false claim for payment or approval" to a public state agency). Because her SAC lacks allegations concerning the submission of claims to any California health program, Relator fails to state a claim under the CFCA.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

*DJO Glob. Inc.*, 114 F. Supp. 3d 993, 1024 (C.D. Cal. 2015), *aff'd sub nom. United States v. DJO Glob., Inc.*, 678 F. App'x 594 (9th Cir. 2017) (finding, "[i]n the absence of any factual allegations supporting relators' assertion that defendants acted with the requisite scienter," that relator's conclusory allegations of knowledge were insufficient to plead a plausible claim for relief). Relator's paltry—and legally flawed—allegations concerning submission by Dr. Hong of miscoded claims for reimbursement do not support an inference that Sutter Defendants knew of, or were indifferent or reckless as to, the perpetration of a fraud. *See United States ex rel. Cook v. Providence Health & Servs.*, No. C13-1312RAJ, 2014 WL 4094116, at *7 (W.D. Wash. Aug. 18, 2014) (finding "no allegations giving rise to a plausible inference that [defendant] was deliberately ignoring or recklessly disregarding" information concerning unlawful activity). Relator fails to sufficiently allege that Sutter Defendants possessed the knowledge required to establish a violation of the FCA or CFCA, and the SAC should be dismissed on that basis.

## C. Relator Uses a Pseudonym in Violation of Federal Rule of Civil Procedure 10(a) and the Common Law

Finally, Relator's SAC should be dismissed because she impermissibly uses a pseudonym rather than reveal her true identity. "A plaintiff's use of fictitious names runs afoul of the public's common law right of access to judicial proceedings and Rule 10(a)'s command that the title of every complaint 'include the names of all the parties.'" *Doe v. California*, No. CV 19-3251-DSF (KK), 2019 WL 2211893, at *2–3 (C.D. Cal. May 22, 2019) (citation omitted). "As a general rule, the identity of the parties in any action … should not be concealed except in the unusual case where there is a need for the cloak of anonymity." *United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008) (citation omitted). "Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." *Id.* at 1013 (citation omitted). Given the "paramount importance of open courts," the "default presumption is that the plaintiffs will use their true names." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1046 (9th Cir. 2010). Therefore, "parties may proceed under pseudonyms only "in the unusual case when nondisclosure of the party's identity is necessary … to protect a person from harassment, injury, ridicule or personal embarrassment."" *Doe v. Epic Games, Inc.*, No. 19-CV-

03629-YGR, 2020 WL 376573, at *18 (N.D. Cal. Jan. 23, 2020) (citation omitted).

Relator cannot justify the use of a pseudonym, nor does she attempt to do so in her SAC. Relator indicates in the SAC that she will "file a motion to proceed under a fictitious name and to seal the reference list giving the corresponding true name to the Court." ¶ 2 n. 1. If that motion is ever filed, Sutter Defendants will vigorously oppose it. Because Relator is not entitled to proceed under the "cloak of anonymity," the Court should dismiss this *qui tam* action.[7]

## V.   <u>CONCLUSION</u>

For the foregoing reasons, Sutter Defendants respectfully request that the Court grant their Motion to Dismiss and dismiss Relator's Second Amended Complaint with prejudice.


Dated: March 1, 2021                      LATHAM & WATKINS LLP


                                          By: */s/ Jason M. Ohta*
                                              Katherine A. Lauer
                                              Jason M. Ohta

                                              *Attorneys for Defendants Sutter Health,*
                                              *Sutter Bay Medical Foundation and Palo*
                                              *Alto Medical Foundation*

---

[7] So, too, the Court should dismiss all Doe defendants. In order "to state a claim against a Doe defendant, plaintiff must be able to pinpoint the individual who caused him harm, even if he does not know the individual's name." *Price v. Harris*, No. CV 18-9682-RGK (SP), 2019 WL 8012379, at *6 (C.D. Cal. July 23, 2019). Here, the SAC does not contain any allegations regarding unknown individuals that require the use of a "Doe" moniker. If such individuals later become known to Relator, she may move to amend the complaint at that time. *See Loftis v. Salcedo*, No. 218CV03263JFWGJS, 2019 WL 5075853, at *9 (C.D. Cal. Sept. 11, 2019), *report and recommendation adopted*, No. 218CV3263JFWGJS, 2019 WL 5063825 (C.D. Cal. Oct. 9, 2019).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW