Anthony George Graham, SBN #148682
**GRAHAM & ASSOCIATES LLP**
2901 W Coast Hwy, Ste 200,
Newport Beach, CA 92663-4045
Phone Number: (949) 270-2792
Fax Number: (949) 270-2793
Email: anthonyggraham@msn.com
ATTORNEYS FOR RELATOR JUDY JONES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF CALIFORNIA, *ex. rel.* Judy Jones, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>SUTTER HEALTH, a corporation; SUTTER BAY MEDICAL FOUNDATION, a corporation; PALO ALTO MEDICAL FOUNDATION, a corporation, PALO ALTO FOUNDATION MEDICAL GROUP, INC., a corporation; ROY HONG, M.D., aka ROY W. HONG, an individual; and DOES 1-10,<br><br>Defendants. | Case No. 18-CV-02067-LHK<br><br>**NOTICE OF MOTION AND MOTION FOR PERMISSION TO PROCEED UNDER PSEUDONYM; DECLARATION IN SUPPORT THEREOF**<br><br>[Filed herewith Motion to File Under Seal and In Camera]<br><br>**Date:** July1, 2021<br>**Time:** 2:00 p.m.<br>**Judge:** Hon. Lucy H. Koh<br>**Courtroom:** 8 |

TO DEFENDANTS, THE REAL PARTIES IN INTEREST,

AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that

on July 1, 2021 at 2:00 p.m., or as soon thereafter as the matter may be heard,

in Courtroom 8 of the above-entitled Court, located at the United States

District Court, First Street Courthouse, 350 West 1st Street, San Jose, California, Relator Judy Jones (herein after "Relator") will, and hereby does, move for leave of court to proceed in the pseudonym "Judy Jones".

Relator requests permission to maintain the status quo pseudonym in this Court to protect from harm, and from public disclosure of Relator's highly sensitive medical records, and certain matters which were deemed of "exceptional circumstances" by the Superior Court in another matter which was based on the same set of facts. The United States, the real-party-in-interest pursuant to 31 U.S.C. §3279, has no objection to *this* Relator's pseudonym in this False Claims Action (FCA).

The FCA statute is objective- it requires the court to resolve primarily legal issues and then to address whether, and to what extent, the Government suffered specific damages. Even if Relator's given name remains under seal, these proceedings will remain public, thereby preserving any general public interest in the litigation. While naming a party by a pseudonym is the exception to the rule that the complaint must name the parties pursuant to Federal Rules of Civil Procedure Rule 10(a), it is reasonably justified here.

Relator acting through the undersigned counsel, moves the court for an order based upon this Notice and Motion, the accompanying

MOTION FOR PERMISSION TO PROCEED UNDER A PSEUDONYM
United States vs. Sutter Health et al.                    Case No. 18-CV-02067-LHK

Memorandum of Points and Authorities, the Declaration of Anthony Graham, the Motion to file under seal and in-camera, the complete records on file in this court herein, and on such other and further matters as may be presented to the court at the time of the oral hearing or in supplemental briefing on this matter.

In accordance with the foregoing, Relator respectfully requests that the Court *grant* leave of court for Relator to proceed in this court under the pseudonym. The sought relief would simply keep the *status quo* on the docket.

Dated: April 23, 2021

**GRAHAM & ASSOCIATES LLP**

By: s/ Anthony Graham
Anthony Graham
Attorneys for Relator Judy Jones

# TABLE OF CONTENTS

I.    INTRODUCTION ....................................................................................................1

II.   FACTUAL BACKGROUND AND PROCEDURAL POSTURE ..........................2

   A.    BACKSTORY ..............................................................................................3

III.  LEGAL ARGUMENT ............................................................................................6

IV.   CONCLUSION ....................................................................................................14

DECLARATION OF ANTHONY GRAHAM ...........................................................16

CERTIFICATE OF SERVICE ..................................................................................20

MOTION FOR PERMISSION TO PROCEED UNDER A PSEUDONYM

United States vs. Sutter Health et al.                    Case No. 18-CV-02067-LHK

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Plaintiff in this False Claims Act (FCA) is the United States of America, pursuant to 31 U.S.C. §3279. The FCA's most distinctive feature is that it authorizes suits by relators, on the Government's behalf, 31 U.S.C. §3730(b)(1). Plaintiff's Relator here seeks permission of this Court to proceed in this matter in the name Judy Jones, a pseudonym, rather than in her true name.

While naming a party by a pseudonym is the exception to the rule that the complaint must name the parties, it is reasonably justified here. Courts in this circuit hold that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity". *Does I thru XXIII v. Advanced Textile Corp*., 214 F.3d 1058 (9th Cir. 2000). This rule applies here.

First, Federal Courts usually defer to the State Court's jurisdiction and permit the party to similarly proceed in a pseudonym where a party was ordered to proceed via by the state Superior Court because of "exceptional circumstances". Those circumstances are set forth in the Declaration in support of this motion. If this Court were to order that the pseudonym could

---

not be used, it would negate the Superior Court protective orders, and ring a bell which could not be unrung.

Second, pursuant to Congress's broad purpose with the FCA to stifle out fraud on the Government, the public interest and the Government's interests also weigh in favor of permitting the use of this Relator's pseudonym in this case. Since the Government does not object to this Relator's pseudonym, the public interest weighs in favor of the use of a pseudonym.

For the foregoing reasons, Relator respectfully requests that the Court (1) grant her permission to proceed by the pseudonym; (2) order that the parties and any third party who makes a filing in this case shall redact Relator's true name, the State Court case caption and number, and any identifying information from all documents filed on the public record; and, (3) order that Defendants redact their disclosures on the docket.

## II.    FACTUAL BACKGROUND AND PROCEDURAL POSTURE

Relator filed this FCA on April 4, 2018 in the name Judy Jones, a pseudonym.   Preceding this motion, Relator filed a Second Amended Complaint ("SAC"). The SAC alleges that Defendants had a pattern and practice of submitting false healthcare claims to the Government in

MOTION FOR PERMISSION TO PROCEED UNDER A PSEUDONYM
United States vs. Sutter Health et al.                    Case No. 18-CV-02067-LHK

violation of 31 U.S.C.§3279, and that the Government incurred monetary damages because of a large number of false claims particularly for women's health services.

### A.   **BACKSTORY**

There was a prior personal injury suit between these parties. Relator underwent surgery under Defendants a number of years ago[1]. The outcome was poor. Relator and her spouse's attorneys filed a medical malpractice action in Superior Court due to the poor results of the operation and other conduct. The attorneys specifically alleged medical malpractice, invasion of privacy, and other misconduct. The Superior Court determined the matter involved "exceptional circumstances" and ordered that the two plaintiffs proceed via pseudonym. Only one plaintiff is a party to this FCA, and the other is a related non-party. That complaint is hence filed in this court under seal. Declaration Anthony Graham (Decl. Graham) ¶10; *See* Exhibit "E" to Relator's Motion for Leave to File under Seal and in Camera[2], filed herewith.

---

[1] Defendants are Sutter Health, Sutter Bay Medical Foundation, Palo Alto Medical Foundation, Palo Alto Foundation Medical Group, Dr. Roy Hong a.k.a Roy W. Hong, Palo Alto Medical Foundation Medical Group (collectively, "Sutter" or "Defendants").

[2] All further Exhibit references will be those attached to the same motion.

The Superior Court found the following sufficient to find the use of a pseudonym appropriate:

First, Dr. Roy Hong of Sutter admitted he surreptitiously took photos of Relator's body with his personal cellphone while she was sedated and under general anesthesia.

Second, Dr. Hong's associated surgical staff member Robert Lastinger was also convicted of photographing patients' bodies under anesthesia, and exchanging those photos with third parties.

Third, these highly offensive and unauthorized photos were further disseminated by certain Defendants in the Superior Court matter.

This conduct by Defendants led to Relator's *amended* cause of action in the State Court pursuant to Cal. Civil Code §1708.85 (statute permits party to proceed in the pseudonym). Additionally, Relator relies on California Civil Code § 1708.85, which applies to "revenge porn" photography and certain other highly sensitive photos in the State. *See also*, https://abc7news.com/stanford-hospital-employee-groping-patients-under-anesthesia-redwood-city/685745/

Defendants tried a number of times to de-anonymize relator in Superior Court, and each time, Defendants' efforts were rejected by the Superior Court. *See e.g.* Exhibits A, B [under seal]. Here, Defendants want

to publicly expose Relator, for no public interest, but solely to humiliate and harass her. As such, they moved this Court to dismiss this FCA based on Relator's use of a pseudonym. But, in doing so, Sutter has admitted Relator's given name is known to Defendants and their counsel and that they know about *all* of the Superior Court protective orders.

In consequence of all this, the Superior Court issued certain protective and confidentiality orders in favor of both plaintiffs, and two further court orders prohibiting Defendants, including Hong, *and their attorneys* to not reveal plaintiffs by their given name even after final disposition of that case.[3] Decl. Graham ¶¶6-9; *See* [under seal] Exhibit D (Court Protective and Confidentiality Order).

Finally, Relator's true name, and her personal and sensitive medical history is not directly relevant here because Sutter's submission of false healthcare claims to the Government turns **solely** on Sutter's conduct towards the Government.

Hence, Relator filed this FCA in good faith also in the pseudonym, based on the private discovery obtained from the parties in the Superior Court case.

---

[3] Due to a procedural issue, that matter resulted in a pre-trial dismissal *without prejudice* in November 2017.

MOTION FOR PERMISSION TO PROCEED UNDER A PSEUDONYM

## III.  LEGAL ARGUMENT

Although the general rule is that "the title of the complaint must name all the parties" and states "an action must be prosecuted in the name of the real party in interest" (F.R.C.P. Rules 10(a) and 17(a)) that rule is abrogated where a plaintiff can show her privacy interests outweigh the public's interests in knowing her identity.  In this Circuit, a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity. *Does I thru XXIII v. Advanced Textile Corp*., 214 F.3d 1058 (9th Cir. 2000) ("*Does I thru XXIII"); see also, Doe v. Cabrera*, 307 F.R.D.1 (D.D.C.2014) (this rule applies in numerous circuits). This exception to the general rule should apply in this case for the following reasons.

First, use of a pseudonym in this case is necessary to guard against the public disclosure of Relator's highly sensitive medical information. A district court has discretion to permit parties to proceed anonymously where privacy or confidentiality concerns require it. *James v. Jacobson,* 6 F.3d 233,238 (4th Cir. 1993) (*Jacobson*); *Does I Thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1068 (9th Cir. 2000). In making this determination, courts balance the party's interest in anonymity against any

MOTION FOR PERMISSION TO PROCEED UNDER A PSEUDONYM
United States vs. Sutter Health et al.                    Case No. 18-CV-02067-LHK

public interest in disclosure and any prejudice to the other side. *See, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008); *Does I Thru XXIII, supra,* 214 F.3d at).

In *Jacobson*, the Fourth Circuit addressed whether the plaintiffs could proceed anonymously in the trial of their medical malpractice/fraud action against a fertility doctor who allegedly used his own sperm to impregnate a patient, rather than the patient's husband's sperm. The Fourth Circuit identified the following non-exhaustive list of factors to rule on the issue:

(i)     is the request merely to avoid the annoyance that may attend any litigation or is it to preserve privacy in a sensitive matter;

(ii)     whether identification poses a risk of retaliatory physical or mental harm to the requesting party or to innocent non-parties;

(iii)     the ages of the persons whose privacy interests are sought to be protected;

(iv)     whether the action is against a governmental or private party; and,

(v)     the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously. *Jacobson, supra,* 6 F.3d at 238. The particular facts of a case may make one or more factor irrelevant and

may suggest additional relevant factors. *Doe v. Merten*, 219 F.R.D. 387, 392 (E.D. Va. 2004). Other courts have noted that whether identification risks harm's other than physical or mental harm, and the likely severity of those harms, may be relevant factors as well. *Sealed Plaintiff*, 537 F.3d at 190; *Advanced Textile Corp*., 214 F.3d at 1068. It is abundantly clear that each relevant factor weighs heavily in favor of the Relators position.

First, Relator's medical history with Defendants is one which involves highly sensitive and "personal medical information", as well as deeply invasive and demeaning use of photographs of Relators body. Decl Graham ¶10; *See* Exhibit E, ¶53.   Nothing in relation to the "exceptional circumstances' or sensitivity of those medical records or subject matter has changed. Defendants, as they have done here, attacked Relator's anonymity a number of times in Superior Court, using Relator's highly sensitive and private matters as a **sword**. And, each time, Defendants efforts were rejected by the State Court. Decl. Graham ¶¶6-8; *See* Exhibits A, B, C.

In evaluating this issue this Court must also take into account the fact that it is not merely Relator **but also her spouse (a non-party here)** who was granted a unilateral, court protective order which by its terms survives the termination of the personal injury matter. Decl. Graham ¶¶7,9; *See e.g.* Exhibit B court order "[t]he order on the 28th was directed to

maintaining the status quo that had existed up to the point regarding plaintiffs' anonymity so that defendants did not consider the order regarding trial to expand into other times and places."

This Court must also appreciate that a non-party will be appreciably harmed if this Motion is not granted.[4] *See Doe v. Evans,* 202 F.R.D. 173, 176 (E.D.Pa.2001) (granting plaintiff permission to proceed anonymously in light of the fact that "plaintiff ha[d] taken steps to keep [plaintiffs] identity confidential").

If this issue were not clear enough, Relator offers her physician's declaration as to the physical harm to her should this case be de-anonymized. Decl. Graham ¶¶11-12; [proposed in camera] Exhibit G. Additionally, Relator has evidence to support her very real fear of imminent physical and economic harm. During the Superior Court matter, Defendants made direct attacks against Relator, filing complaints with the administrative bodies over Relator's professional licenses, simply in retaliation. As outlined in the Complaint, Defendants and those under their control or direction, threatened

---

[4] Under the first factor, courts can address the extent to which the party has maintained the confidentiality of their own identity, *Doe v. Megless,* 654 F.3d 404 (3rd Cir. 2011) (Megless). Relator has not disclosed her identity in any of the pleadings, motions, and/or exhibits in this action. See e.g., Complaint EFC1, Second Amended Complaint, and Relator's Opposition to Motion to Dismiss (ECF99 and 100).

MOTION FOR PERMISSION TO PROCEED UNDER A PSEUDONYM
United States vs. Sutter Health et al.                    Case No. 18-CV-02067-LHK

Relator with severe economic harm, and are in a position to carry out on their threats. *See*, ECF 13, Complaint, ¶43. Relator's business and earnings rely in large part on referrals and consults from the larger healthcare system, and Sutter has become such a dominant force in healthcare in California that on March 29, 2018, the California Attorney General filed a Complaint for Violations of the Cartwright Act against Sutter (San Francisco Superior Court Case No. CGC-18-565398) "to restore competition in healthcare markets in California." *See* https://www.oag.ca.gov/system/files/attachments/press_releases/Sutter%20Complaint.pdf. Relator fears the same threats here, as well as public humiliation. *See, Does I-XXIII; Doe v. Evans,* 202 F.R.D. 173, 176 (E.D.Pa.2001) (finding plaintiffs "fear of [heightened] embarrassment, humiliation, and emotional distress" in the event of public disclosure "well-founded").

Second, as should be obvious, public exposure of such highly salacious and personal material would very likely result in psychological harm to Relator, as well as to her non-party spouse and their family. *See Doe v. Megless,* 654 F.3d 404, 409 (3rd Cir. 2011); *Evans, supra,* 202 F.R.D. at 176. Courts should consider the "undesirability of an outcome adverse to the pseudonymous party and attributable to [the party's] refusal to pursue the

MOTION FOR PERMISSION TO PROCEED UNDER A PSEUDONYM
United States vs. Sutter Health et al.                    Case No. 18-CV-02067-LHK

case at the price of being publicly identified[.]" *Megless, supra,* 654 F.3d at 409.

These harms clearly exceed the mere annoyance or embarrassment that may attend any litigation. Indeed, this is a particularly strong case for permitting the use of a pseudonym because **all of the relevant interests** point to allowing the use of a pseudonym. *See Advanced Textile Corp.,* 214 F.3d at l068-69 (permitting use of pseudonym where no factors weighed against concealing plaintiffs' identities); *See also, Sealed Plaintiff, supra*, 531 F.3d at 190; *Cf Jacobson, supra,* 6 F.3d at 238 (factors to weigh include whether anonymity is necessary to preserve privacy in a sensitive matter and whether identification poses risk of harm).

Third, the action is not against a governmental entity but is brought in the Governments' name. Additionally, the United States itself does not oppose Relators use of a pseudonym. As a practical matter, Relator's pseudonym does not obstruct public scrutiny of the FCA, since the Government is the plaintiff.

In fact, the opposite is true since courts may consider the magnitude of the public interest favoring the prosecution of certain cases. *See, Megless, supra,* 654 F.3d at 409; *see also Doe v. Clazmer,* No. 10-0992, 2011 WL 5040604, at *2 (E.D.Wis. Oct. 21, 2011) (finding that the

MOTION FOR PERMISSION TO PROCEED UNDER A PSEUDONYM
United States vs. Sutter Health et al.                    Case No. 18-CV-02067-LHK

"highly sensitive, personal nature of the alleged harm — the distribution of photographs involving the plaintiff" outweighed "the public interest in requiring plaintiff to disclose his identity"). This factor favors anonymity because it could deter parties similarly situated. *Evans, supra,* 202 F.R.D. at 176 ("although the public certainly" possessed an interest in the issues presented in plaintiffs complaint, "protecting [plaintiffs] identity [would] not impede the public's ability to follow the proceedings"); *see also Provident Life,* 176 F.R.D. at 468 (noting that the "use of a pseudonym [would] not interfere with the public's right or ability to follow the proceedings" in light of the fact that "the proceedings" remained "open to the public" despite plaintiffs anonymity).

Fourth, there is no risk of unfairness to the Defendants from allowing this action against it to proceed anonymously. That applies most particularly here since Defendants **know** Relators' identity, which was identified under seal in the Superior Court. In that regard, the Court is invited to take special interest in why Defendants want Relator's identity to be revealed **publicly,** and do so now under this jurisdiction when their attempts to do so failed in Superior Court. The Ninth Circuit Court, in upholding the pseudonym order in *Does I thru XXIII, supra,* 214 F.3d 1068, noted that, for example, the question whether there is a constitutional right to      abortion

MOTION FOR PERMISSION TO PROCEED UNDER A PSEUDONYM

United States vs. Sutter Health et al.                    Case No. 18-CV-02067-LHK

is of immense public interest, **but the public did not suffer by not knowing the plaintiff's true name in *Roe vs. Wade.*** *Advanced Textile, supra*, 214 F.3d at 1072 n. 15 [emphasis added]. The same finding should apply here.

Moreover, Defendants have never pled any form of prejudice as to the use of a pseudonym. If Relator's Motion is denied, it is only she and her family who will suffer harm – a bell that cannot be unrung. And, frankly, Relator's sought relief will obviously inhibit Relator's willingness to pursue her claims. *See, DOE v. Hartford Life*, 237 F.R.D. 545, 550 (D.N.J. 2006) (public disclosure of plaintiff's identity might result in plaintiff's refusal to "pursue his claim due to the stigmatization that may result in his community and to his professional career" . . . "Before this litigation commenced, Plaintiff conscientiously kept his illness confidential.")

In fact, given their efforts in the Superior Court and here, Defendants' motives for de-anonymizing Relator appear **illegitimate**. *Doe v. Oshrin,* 299 F.R.D. 100, 103 (D.N.J. 2014).

In contrast to Defendants' motives, no improper motive can be assigned Relator for proceeding by pseudonym. *See Megless, supra,* 654 F.3d at 409 (citation omitted). Here, Relator legitimately seeks to protect her own and family's privacy interests, as well as the threat of physical and economic harm should she be de-anonymized. *See Hartford Life,* 237 F.R.D.

at 550-51 (finding an intention to "protect [plaintiffs] reputation[,]" rather than an "illegal or ulterior motive[ ]"motivated plaintiffs request to proceed anonymously).

Finally, unlike most cases, in evaluating the factors, this Court must also take into account that the Superior Court has **already done the analysis** and found the Relator is entitled to the protection of a pseudonym. The Superior Court adjudicated the pseudonym matter and made the determination of "exceptional circumstances". Hence, this Court would be well within its jurisdiction at this juncture in the FCA litigation to maintain the status quo and defer to the State Court pseudonym order. Courts have held that *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted) ("[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.").

Based on that determination alone, as well as the overwhelming weight of the factors in her favor, this Court has a legally sufficient basis to grant this Motion.

## IV. CONCLUSION

In accordance with the foregoing, Relator respectfully requests that the Court grant the Motion.

14

MOTION FOR PERMISSION TO PROCEED UNDER A PSEUDONYM
United States vs. Sutter Health et al.                          Case No. 18-CV-02067-LHK

Respectfully Submitted,

Dated:  April 23, 2021          **GRAHAM & ASSOCIATES LLP**

By: s/ Anthony Graham
Anthony Graham
Attorneys for Relator Judy Jones

MOTION FOR PERMISSION TO PROCEED UNDER A PSEUDONYM
United States vs. Sutter Health et al.          Case No. 18-CV-02067-LHK

# DECLARATION OF ANTHONY GRAHAM

1.     I am an attorney at law licensed to practice before all the courts of the State of California and before the District Court for the Northern District of California. I am the managing attorney at Graham & Associates, attorneys of record for Relator Judy Jones in this action. This declaration is based on personal knowledge of the matters set forth herein.

2.     Relator sought to timely obtain Defendant's position as to the pseudonym matter. Defendants explained that they will "vigorously" oppose the pseudonym, but were either unable or unwilling to give any further explanation for their declination.

3.     Relator is a former patient of Defendants who had a prior Superior Court lawsuit for medical malpractice, invasion of privacy, and other conduct.  While there were two plaintiffs in that matter, my firm represents only one. Due to the highly sensitive subject matter of that case, the Superior Court deemed the matter of "exceptional circumstance" and ordered Defendants and their attorneys to name both plaintiffs only in the pseudonym at all relevant times. It is my understanding from a review of those court protective orders that

MOTION FOR PERMISSION TO PROCEED UNDER A PSEUDONYM

Defendants remain similarly bound under the State Court orders, even after termination of that matter.

4.     The Superior Court complaint alleged that Defendant Dr. Roy Hong admitted that he surreptitiously took and disseminated unauthorized photos of Relator's body with his personal cellphone while she was sedated and under general anesthesia. Those photos and the subject matter of that suit were of a highly sensitive and personal nature, and of great embarrassment and anguish to both plaintiffs. As a result of a number of actions by Defendants, and "exceptional circumstance," the Superior Court ordered the case to remain in both plaintiffs' pseudonyms.

5.     I am informed through recent discussions that Relator would not be willing to proceed in this FCA litigation if she were required to proceed in her given name. Similarly, Relator's spouse and family would be unwilling to have Relator proceed in this action should Defendants be enabled to upend the Superior Court orders and de-anonymize that case here. These health matters, and the unauthorized photos disseminated by Defendant Hong, were of a highly sensitive nature and caused extraordinary torment to Relator *and* her family.

MOTION FOR PERMISSION TO PROCEED UNDER A PSEUDONYM
United States vs. Sutter Health et al.                          Case No. 18-CV-02067-LHK

6.     Attached to the Motion to file under seal and in camera as Exhibit "A" is a true and correct copy of August 28, 2017 ordering that Sutter Defendants could not de-anonymize plaintiffs (which is precisely the State Court Order mandated and what Defendants have sought to vitiate here). Defendants are attempting to circumvent the referenced State Court orders in this court.

7.     Attached to the Motion to file under seal and in camera as Exhibit "B" is a true and correct copy of October 20, 2017 ordering that parties are to continue to observe the plaintiffs' pseudonym.

8.     Attached to the Motion to File Under Seal and In Camera as Exhibit "C" is a true and correct copy of September 9, 2014 Superior Court order ruling that state case was of "exceptional circumstance" warranting anonymity of the plaintiffs.

9.     Attached to the Motion to file under seal and in camera as Exhibit "D" is a true and correct copy of the November 19, 2015 Protective Court Order in favor of plaintiffs in Superior Court. Court.

10.     Attached to the Motion to file under seal and in camera as Exhibit "E" is a true and correct copy of the operative complaint between these parties in Superior Court, also in the pseudonym.

MOTION FOR PERMISSION TO PROCEED UNDER A PSEUDONYM

United States vs. Sutter Health et al.                    Case No. 18-CV-02067-LHK

11. As referenced in the Motion to file under seal and in camera as Exhibit "F" is a [proposed] true and correct copy of Relator's medical record [in camera].

12. As referenced in the Motion to file under seal and in camera as Exhibit "G" is a [proposed] true and correct copy of Relator's physician attestation of physical harm [in camera].

13. I am informed that due to a procedural matter, the Superior Court case between parties was dismissed without prejudice before trial. Due to a clerical issue, my office was unable to obtain a PDF attachable copy of the referenced order at time of filing of this motion.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct. Executed on April 23, 2021 in Orange County, California.


S/AnthonyGraham

ANTHONY GRAHAM

# CERTIFICATE OF SERVICE

Case
Name:       **United States et. al.        No. 18-CV-02067
            vs. Sutter
            Healthcare**

I hereby certify that I electronically filed the following documents
with the Clerk of the Court by using the ECF system:

## MOTION FOR LEAVE OF COURT TO PROCEED IN THE PSEUDONYM; DECLARATION IN SUPPORT THEREOF

I certify that service to **all** participants in the case who are
registered CM/ECF users will be accomplished by the CM/ECF
system. Service to all non-ECF participants will be accomplished
electronically by the party's email.

I declare under penalty of perjury under the laws of the State of
California the foregoing is true and correct and that this
declaration was executed on April 25, 2021 at Orange County
California.

       <u>   s/ Anthony Graham   </u>
        Anthony Graham

# [PROPOSED] ORDER

The Court having reviewed Relator's Motion to Procced under a Pseudonym and the Declaration of Anthony Graham in support thereof, the Court ORDERS that: Relator may proceed in the pseudonym Judy Jones. All parties are ordered to maintain the status quo pseudonym.

Pursuant to the prior Superior Court Protective and Confidentiality Order between the parties, the parties shall maintain the pseudonym.

In addition, the Court makes the further orders stated below: the court (1) grants Relator permission to proceed by the pseudonym under which she filed this case; (2) order that the parties and any third party who makes a filing in this case shall redact Relator's true name, superior court case caption and number, and any identifying given name information from all documents filed on the public record; and (3) order that Defendants redact their disclosures on docket.

IT IS SO ORDERED.

Dated:

_____

**HON.  LUCY KOH**
**JUDGE OF THE UNITED STATES**
**DISTRICT COURT**

21
[PROPOSED] ORDER

United States vs. Sutter Health et al.                    Case No. 18-CV-02067-LHK