Anthony George Graham, SBN #148682
**GRAHAM & ASSOCIATES LLP**
2901 W Coast Hwy, Ste 200
Newport Beach, CA 92663-4045
Phone Number: (949) 270-2792
Fax Number: (949) 270-2793
Email: anthonyggraham@msn.com
ATTORNEYS FOR
RELATOR JUDY JONES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF CALIFORNIA, *ex. rel.* Judy Jones, an individual,<br><br>            Plaintiffs,<br><br>    v.<br><br>SUTTER HEALTH, a corporation; SUTTER BAY MEDICAL FOUNDATION, a corporation; PALO ALTO MEDICAL FOUNDATION, a corporation, PALO ALTO FOUNDATION MEDICAL GROUP, INC., a corporation; ROY HONG, M.D., aka ROY W. HONG, an individual; and DOES 1-10,<br><br>          Defendants. | Case No. 18-CV-02067-LHK<br><br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE OF COURT TO FILE UNDER SEAL AND IN CAMERA**<br><br>[Filed herewith Motion to Proceed Under a Pseudonym]<br><br><br>**Date:** July 1, 2021<br>**Time:** 1:30 p.m.<br>**Judge:** Hon. Lucy H. Koh<br>**Courtroom:** 8 |

i

MOTION FOR LEAVE OF COURT TO FILE UNDER SEAL AND IN CAMERA
United States vs. Sutter Health et al.                    Case No. 18-CV-02067-LHK

**TO DEFENDANTS, THE REAL PARTIES IN INTEREST, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 1, 2021 at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 8 of the above-entitled Court, located at the United States District Court, First Street Courthouse, 350 West 1st Street, San Jose, California, Relator Judy Jones (herein after "Relator") will, and hereby does, move for leave of court to file certain documents designated as Exhibits "A" through "E" under seal pursuant to Local Civil Rule 79-5, and two [proposed] documents Exhibits "F" and "G" in camera.

In support of this Motion, the attention of the Court is respectfully invited to the Memorandum, the Declaration of Anthony Graham, and the Motion for permission to proceed under the pseudonym filed herewith in ECF106. The sought relief in submitting certain exhibits under seal would permit Relator to simply comply with the Superior Court orders including a Court Protective and Confidentiality Order issued by the Superior Court. Relator also submits two documents in-camera is to preserve the confidentiality of Relator's highly sensitive and confidential medical records. The two documents are [proposed] in camera because they are

otherwise protected by Article I of the California Constitution, and the 14th Amendment of the United States Constitution. However, these records are likely useful to this Court to determine a central question regarding the status quo of Relator's pseudonym.

Relator acting through the undersigned counsel, moves the court for an order based upon this Notice and Motion, the accompanying Memorandum of Points and Authorities, the complete records on file in this court herein, and on such other and further matters as may be presented to the court at the time of the oral hearing or in supplemental briefing on this matter.  In accordance with the foregoing, Relator respectfully requests that the Court *grant* leave for Relator to file certain documents under seal, and 2 documents in camera.

Dated:  April 25, 2021    **GRAHAM & ASSOCIATES LLP**

By: S/Anthony Graham
Anthony Graham
Attorneys for Relator Judy Jones

## MEMORANDUM OF POINTS AND AUTHORITIES

I.  **MOTION FOR LEAVE OF COURT TO FILE
UNDER SEAL AND IN-CAMERA**

Relator Judy Jones hereby respectfully moves for the following relief in the above-captioned matter: (a) leave of court to file sensitive materials under-seal; and, (b) leave of court to file certain confidential and highly sensitive medical records under-seal and in-camera in this Court record. Relator's counsel conferred with Defendants' counsel Mr. LaMagna who responded that, for unstated reasons, Defendants do not agree to the pseudonym or related relief sought. Declaration of Anthony Graham ("Graham Dec."), ¶2.

The grounds for this Motion are as follows.

First, all parties concede that Defendants already have all of the "under seal" superior court materials, which are court orders in the pseudonymized lawsuit with Relator to which Defendants were a direct party. Graham Dec. ¶2.

Second, Defendants are also aware of the subject matter of the "in-camera" exhibits (Relator's highly sensitive and confidential medical records) because they are outlined in general by Relator counsel's

---

MOTION FOR LEAVE OF COURT TO FILE UNDER SEAL AND IN CAMERA
United States vs. Sutter Health et al.                    Case No. 18-CV-02067-LHK

declaration, ECF 106.  Therefore, there would be no prejudice to Defendants when this Motion is granted.

Third, Relator's motion simply seeks to retain the status quo on Relator's pseudonym and the highly sensitive and confidential nature of the referenced documents, Exhibits "A" through" E", filed herewith under seal, and two documents [proposed Exhibits "F" and "G"] for in-camera inspection. The two documents are proposed for in camera review because they are otherwise protected by Article I of the California Constitution, and the 14th Amendment of the United States Constitution. Such relief would simply comply with the applicable Superior Court Protective and Confidentiality Orders.

## II.   MOTION TO FILE UNDER SEAL

Under Local Civil Rule 79-5 and in connection with Relator's Motion to Proceed by Pseudonym, filed concurrently with this Motion (ECF 106), Relator respectfully moves the Court to grant leave to file under seal the following documents: Relator's Exhibits "A" through "E" (under-seal). Exhibit "D" is the Protective and Confidentiality Order for Relator and her spouse. Graham Dec. ¶ 9.  Exhibits "A" and "B" are the pseudonym Orders

which bound Defendants, even after termination of the Superior Court case. *Id.* ¶¶ 6-8.

As explained below and in the Motion for Permission to proceed by Pseudonym in ECF 106, the Superior Court Protective and Confidentiality Order and documents are filed under seal for a number of reasons.

First, publicly attaching that Superior Court case name and caption here would inevitably lead to discovery of the plaintiffs' given names, especially if this Court were to deny Relator's pseudonym motion.

Second, Federal Courts usually defer to the State Court's jurisdiction and permit the party to similarly proceed in a pseudonym where a party was ordered to so proceed due to a finding of "exceptional circumstances". See, Graham Dec. ¶9, Exh. E. Those circumstances are set forth in the Declaration in support of this motion but include the unlawful and unauthorized use of extremely personal cellphone photography of Relator's body taken by and used by defendant Dr. Roy Hong.  Additionally, without the requested seal, the co-plaintiff to that Superior Court anonymized case, while not a party to this FCA would inevitability be de-anonymized here as well.

If these documents are not submitted under seal in this Court, they would inevitably lead to the unmasking of Relator that would allow Defendants to circumvent the Superior Court orders which otherwise bind them.

## III.   MOTION TO FILE TWO [PROPOSED] DOCUMENTS IN-CAMERA

In connection with the Motion for Permission to proceed by Pseudonym filed concurrently with this Motion, Relator respectfully moves the Court to grant leave to file for *in camera inspection* Exhibits "F" and "G". *In Camera* review is appropriate since the two documents contain Relator's private medical records and physician's attestation, Graham Decl. ¶¶11,12. These records contain sensitive medical information, the handling of which is governed by both State privacy statutes and the United States Constitution. Relator's personal health records are protected by Article I of the California Constitution, and the 14th Amendment of the United States Constitution. *Id.¶¶4-5.* Moreover, the referenced records are not relevant to

any issue in this case, other than the potential harm to Relator and her family. *Id.*[1]

Thus, the potential harm and prejudicial threat to Relator outweigh any claims by Defendants of potential prejudice in being denied an examination of these two [proposed] in camera documents.

## IV.   THE GOVERNMENT'S POSITION

The Plaintiff in this FCA case is the United States of America, pursuant to 31 U.S.C. §3279. The United States, and real-party-in-interest has no objection to this Relator's pseudonym in this FCA. At no time has the Government asked, directed, or required Relator to identify herself using her given name or otherwise amend her complaint to reflect her given name.

An FCA action requires the court to resolve primarily legal issues and then to address whether, and to what extent, the Government suffered specific damages. Even if these few documents remain under seal, these proceedings will remain public, thereby preserving any general public

---

[1] *Does I thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058 (9th Cir. 2000) holds that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity".

interest in the litigation. Further, Relator's personal and sensitive medical records are not directly relevant here because Sutter's submission of false healthcare claims to the Government turns solely on Sutter's conduct towards the Government. Moreover, these highly sensitive matters were deemed part of the "exceptional circumstances" by the Superior Court in its decision to issue Protective and Confidentiality Orders.

V.   **CONCLUSION**

For the foregoing reasons, the Court should grant Relator's Motion for leave of court to file under seal the documents attached hereto as Exhibits A-E, and in camera [proposed Exhibits F and G].

Respectfully submitted,

Dated: April 25, 2021

s/ Anthony Graham

Anthony Graham

**DECLARATION OF ANTHONY GRAHAM**

1.      I am an attorney at law licensed to practice before all the courts of the State of California and before the District Court for the Northern District of California. I am the managing partner at Graham & Associates LLP, attorneys of record for Relator Judy Jones in this action. This declaration is based on personal knowledge of the matters set forth herein.

2.      Relator sought to timely obtain Defendant's position as to the pseudonym matter. Defendants explained that they will "vigorously" oppose the pseudonym, but were either unable or unwilling to give any further explanation for their declination.

3.      Relator is a former patient of Defendants who had a prior Superior Court lawsuit for medical malpractice, invasion of privacy, and other conduct.  While there were two plaintiffs in that matter, my firm represents only one. Due to the highly sensitive subject matter of that case, the Superior Court deemed the matter of "exceptional circumstance" and ordered Defendants and their attorneys to name both plaintiffs only in the pseudonym at all relevant times. It is my

understanding from a review of those court protective orders that Defendants remain similarly bound under the State Court orders, even after termination of that matter.

4.      The Superior Court complaint alleged that Defendant Dr. Roy Hong admitted that he surreptitiously took and disseminated unauthorized photos of Relator's body with his personal cellphone while she was sedated and under general anesthesia. Those photos and the subject matter of that suit were of a highly sensitive and personal nature, and of great embarrassment and anguish to both plaintiffs. As a result of a number of actions by Defendants, and "exceptional circumstance," the Superior Court ordered the case to remain in both plaintiffs' pseudonyms.

5.      I am informed through recent discussions that Relator would not be willing to proceed in this FCA litigation if she were required to proceed in her given name. Similarly, Relator's spouse and family would be unwilling to have Relator proceed in this action should Defendants be enabled to upend the Superior Court orders and de-anonymize that case here. These health matters, and the unauthorized

8

MOTION FOR LEAVE OF COURT TO FILE UNDER SEAL AND IN CAMERA
United States vs. Sutter Health et al.                              Case No. 18-CV-02067-LHK

photos disseminated by Defendant Hong, were of a highly sensitive nature and caused extraordinary torment to Relator *and* her family.

6.      Attached as Exhibit "A" is a true and correct copy of August 28, 2017 ordering that Sutter Defendants could not de-anonymize plaintiffs (which is precisely the State Court Order mandated and what Defendants have sought to vitiate here). Defendants are attempting to circumvent the referenced State Court orders in this court.

7.      Attached as Exhibit "B" is a true and correct copy of October 20, 2017 ordering that parties are to continue to observe the plaintiffs' pseudonym.

8.      Attached as Exhibit "C" is a true and correct copy of September 9, 2014 Superior Court order ruling that state case was of "exceptional circumstance" warranting anonymity of the plaintiffs.

9.      Attached as Exhibit "D" is a true and correct copy of the November 19, 2015 Protective Court Order in favor of plaintiffs in Superior Court. Court.

10.     Attached as Exhibit "E" is a true and correct copy of the operative complaint between these parties in Superior Court, also in the pseudonym.

11.     As referenced in this Motion as Exhibit "F" is a [proposed] true and correct copy of Relator's medical record [in camera].

12.     As referenced in the Motion as Exhibit "G" is a [proposed] true and correct copy of Relator's physician attestation of physical harm [in camera].

13.     I am informed that due to a procedural matter, the Superior Court case between parties was dismissed without prejudice before trial.  Due to a clerical issue, my office was unable to obtain a PDF attachable copy of the referenced order at time of filing of this motion.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct. Executed on April 25, 2021 in Orange County, California.

By S/AnthonyGraham

ANTHONY GRAHAM

# CERTIFICATE OF SERVICE

Case
Name:          **United States et. al.**          No. 18-CV-02067
               **vs. Sutter**
               **Healthcare**

I hereby certify that I electronically filed the following documents with the Clerk of the Court by using the ECF system:

**MOTION FOR LEAVE OF COURT TO FILE UNDER SEAL AND IN CAMERA; DECLARATION IN SUPPORT THEREOF**

I certify that service to **all** participants in the case who are registered CM/ECF users will be accomplished by the CM/ECF system. Service to all non-ECF participants will be accomplished electronically by the party's email.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this Declaration was executed on April 26, 2021 at Orange County California.

                    By:   S/ Anthony Graham
                    Anthony Graham

---

### [PROPOSED] ORDER

The Court having reviewed Relator's Motion for Leave of Court to File Under Seal and In Camera, and the Declaration of Anthony Graham in support thereof, the Court ORDERS that: Relator has permission to file the proposed documents Exhibits "A" through "E" under seal, and two [proposed] documents Exhibits "F" and "G" for in camera inspection by the court.

In addition, the Court makes the further orders stated below: Pursuant to the prior Superior Court Protective and Confidentiality Order between the parties, and the Superior Court pseudonym orders, the court orders that the parties shall maintain the state court case, number, and caption under seal or appropriately redact.

IT IS SO ORDERED.

Dated:

_____

**HON.  LUCY KOH**
**JUDGE OF THE UNITED STATES**
**DISTRICT COURT**

MOTION FOR LEAVE OF COURT TO FILE UNDER SEAL AND IN CAMERA
United States vs. Sutter Health et al.                                Case No. 18-CV-02067-LHK