Scott J. Kiepen (State Bar No. 175504)
Katrina A. Pagonis (State Bar No. CA 262890)
**HOOPER LUNDY & BOOKMAN, P.C.**
101 Montgomery Street, 11th Floor
San Francisco, CA 94104
Telephone: (415) 875-8500
Facsimile: (415) 986-2157
Email: SKiepen@health-law.com
Email: KPagonis@health-law.com

Joseph R. LaMagna (State Bar No. CA 246850)
**HOOPER LUNDY & BOOKMAN, P.C.**
101 W. Broadway, Suite 1200
San Diego, CA 92101
Telephone: (619) 744-7300
Facsimile: (619) 230-0987
Email: JLamagna@health-law.com

Attorneys for Defendants Roy Hong M.D. aka
Roy W. Hong and Palo Alto Foundation Medical
Group, Inc., a corporation

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF CALIFORNIA, *ex. rel.* Judy Jones, an individual,<br><br>                Plaintiffs,<br><br>      vs.<br><br>SUTTER HEALTH, a corporation; SUTTER BAY MEDICAL FOUNDATION, a corporation; et al.,<br><br>                Defendants. | Case No. 18-CV-02067-LHK<br><br>(*Assigned to The Honorable Lucy H. Koh*)<br><br>**DEFENDANTS ROY HONG, M.D. aka ROY W. HONG AND PALO ALTO FOUNDATION MEDICAL GROUP, INC., A CORPORATION'S OPPOSITION TO MOTION TO FILE UNDER SEAL AND IN CAMERA**<br><br>Date:     August 19, 2021<br>Time:    1:30 p.m.<br>Crtrm:   8<br>Judge:   Lucy H. Koh<br>Trial Date: None Set |

*(left margin, vertical)* HOOPER, LUNDY & BOOKMAN, P.C. / 101 MONTGOMERY STREET, 11TH FLOOR / SAN FRANCISCO, CALIFORNIA 94104 / TEL. (415) 875-8500 • FAX (415) 986-2157

1    Defendants Palo Alto Foundation Medical Group, Inc. ("PAFMG") and Roy Hong, M.D.

2    (the "Doctor Defendants"),  oppose Relator Judy Jones' improper April 26, 2021 Motion for

3    Leave of Court to File Under Seal and In Camera (the "Motion") (ECF No. 108).  Relator's

4    Motion is puzzling and procedurally improper.  It appears that she is endeavoring to file an

5    Administrative Motion for leave to file Exhibits "A" through "E" under seal and for leave to file

6    proposed Exhibits "F" and "G" under seal for this Court's *in camera* review.  With respect to

7    Exhibits "A" through "E," these state court records are plainly not sealable under Rule 79-5(b).

8    Moreover, the entirety of Relator's request fails to comply with the requirements of Local Civil

9    Rules 79-5 and 7-11 and should be denied.

10   **I.      Public State Court Orders and Pleadings are Not Sealable**

11   Pursuant to Rule 79-5, a document may be filed under seal only if a party establishes that

12   the portions sought to be sealed "are privileged, protectable as a trade secret or otherwise entitled

13   to protection under the law," and the sealing request must be narrowly tailored to cover only

14   sealable material.  Civ. L.R. 79-5(b).  "Historically, courts have recognized a 'general right to

15   inspect and copy public records and documents, including judicial records and documents.'"

16   *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  "In considering a

17   sealing request, the Court begins with 'a strong presumption of access [as] the starting point.'"

18   *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. C 13-159 CW, 2014 WL 6901744, at *1 (N.D. Cal.

19   Dec. 8, 2014) (quoting *Kamakana*, 447 F.3d at 1178).

20   Here, Exhibits "A" through "E" consist of a complaint, stipulated order, and two orders in

21   a state court action.  Because Relator failed to comply with the process required by Rule 79-5(c),

22   Defendants cannot verify the actual content of any of these documents.  From Mr. Anthony

23   Graham's description of these Exhibits in his supporting Declaration, the Doctor Defendants

24   understand that these Exhibits correspond to attachments to Relator's earlier Request for Judicial

25   Notice (ECF No. 79-1), as follows:

26   - Exhibit A is the same as Attachment 14 to the RJN, an August 28, 2017 order

27      granting the defendants' motion to refer to the plaintiffs by their true names at trial;

28   - Exhibit B is the same as Attachment 15 to the RJN, an October 20, 2017 order

HOOPER, LUNDY & BOOKMAN, P.C.
101 MONTGOMERY STREET, 11TH FLOOR
SAN FRANCISCO, CALIFORNIA 94104
TEL (415) 875-8500 • FAX (415) 986-2157

1  denying the plaintiffs' motion for reconsideration of the August 28, 2017 order;

2  • Exhibit C is also labeled as Attachment 15 to the RJN, a September 9, 2014 order

3  denying a demurrer presented by Defendants Frederick Dirbas, M.D., and Stanford

4  Hospital & Clinics, neither of which are parties in this action;

5  • Exhibit D is Attachment 16 to the RJN, a Stipulation and Protective Order

6  Regarding Confidential Information that was entered by the Superior Court on

7  November 19, 2015 following the parties' stipulation; and

8  • Exhibit E corresponds to Attachment 17 to the RJN, the complaint in Relator's

9  malpractice action.

10  Each of these documents is a public court record obtainable from the Superior Court and none is

11  "privileged, protectable as a trade secret or otherwise entitled to protection under the law."

12  Relators contend that "publicly attaching the Superior Court case name and caption here

13  would inevitably lead to discovery of the plaintiffs' given names." Mot. at 6, ECF No. 108. This

14  assertion has no logical basis. Her state court action was filed under a pseudonym, and none of

15  these documents contain Relator's true name (nor does it contain the true name of her co-plaintiff

16  in that malpractice suit). In addition, the case name and caption at issue are already part of the

17  record in this case in the form of the Superior Court's November 29, 2017 order dismissing

18  Relator's malpractice suit. Doctor Defs.' RJN Supp. Mot. Dismiss, Ex. B, ECF No. 72-2. In

19  addition, Relator does not endeavor to present any argument that the body of any document (*e.g.*,

20  everything other than the case name and caption) is sealable, yet appears to request that the

21  documents be sealed in their entirety. In doing so, she disregards the requirement that her request

22  "be narrowly tailored to seek sealing only of sealable material." Civ. L.R. 79-5(b), (d)(1)(B). And

23  her bald assertion that this Court should "defer to the State Court's jurisdiction and permit the

24  party to similarly proceed in a pseudonym" is unsupported by any case law and immaterial to the

25  question of whether the public Superior Court documents are sealable.

26  **II.    Relator's Request is Procedurally Improper**

27  Under this Court's Local Rules, a party seeking to file a document under seal in a civil

28  case must submit an Administrative Motion to File Under Seal in conformance with the

HOOPER, LUNDY & BOOKMAN, P.C.
101 MONTGOMERY STREET, 11TH FLOOR
SAN FRANCISCO, CALIFORNIA 94104
TEL (415) 875-8500 • FAX (415) 986-2157

3

Case No. 18-CV-02067-LHK

HOOPER, LUNDY & BOOKMAN, P.C.
101 MONTGOMERY STREET, 11TH FLOOR
SAN FRANCISCO, CALIFORNIA 94104
TEL (415) 875-8500 • FAX (415) 986-2157

1   requirements of Local Civil Rule 79-5(d)(1) and Rule 7-11, which is incorporated by reference in

2   Rule 79-5(d)(1).  Relator's request to file Exhibits "F" and "G" under seal for *in camera* review is

3   also subject to these same procedural requirements.  *See, e.g. Garcia v. Healy*, No. 16-CV-05871

4   NC (PR), 2018 WL 1471922, at *3–4 (N.D. Cal. Mar. 26, 2018) (noting that Rule 79-5 "provides

5   specific instructions" for a motion to seal documents and review them *in camera*).

6         Under Rule 7-11(a), a Motion for Administrative Relief "must be accompanied by a

7   proposed order and by either a stipulation under Civil L.R. 7-12 or by a declaration that explains

8   why a stipulation could not be obtained."  Relator's counsel's supporting declaration, however,

9   gives no indication that she attempted to obtain a stipulation from any Defendant concerning her

10  request to file the documents under seal.[1]  In fact, the only forewarning that Doctor Defendants

11  had concerning her intent to file this motion was a reference to the anticipated motion in the

12  Declaration of Anthony Graham filed in support of her April 25, 2021 Motion for Permission to

13  Proceed Under Pseudonym (ECF No. 106).  Nor has Relator broached a stipulated protected order

14  that would enable the parties to handle these documents in a way that preserves the judicial

15  process while also protecting the privacy of her medical records.  Her failure to comply with Local

16  Rule 7-11(a) has resulted in Doctor Defendants expending resources on this opposition without an

17  opportunity to discuss any potential stipulation.

18        In addition, Relator failed to file a redacted version of any of the documents proposed to be

19  filed under seal, as is required under Rule 79-5(d)(1)(C).  This failure makes it impossible to

20  confirm that the documents Doctor Defendants believe Relator is describing as Exhibits "A"

---

22  [1] Anthony Graham's Declaration includes the puzzling assertion that "Relator sought to timely
23  obtain Defendant's position as to the pseudonym matter.  Defendants explained that they will
    'vigorously' oppose the pseudonym, but were either unable or unwilling to give any further
24  explanation for their declination."  Graham Decl. ¶ 2.  This statement only relates to the
    pseudonym matter and plainly does not address efforts to obtain a stipulation on the request to
25  seal.  In addition, this representation to the Court is plainly contradicted by correspondence
    between counsel.  In Relator's Motion, she represents that these supposed meet and confer efforts
26  consisted of correspondence between Mr. Graham and Mr. LaMagna.  Mot. at 4 (ECF No. 108).
    This correspondence has previously been submitted in full to the Court (Decl. J. LaMagna Supp.
27  Mot. Dismiss, Exs. A & B, ECF No. 72-1) and consists of a June 10, 2020 letter from counsel for
    Doctor Defendants making clear their objections to the use of a pseudonym and a June 15, 2020
28  rambling and inflammatory response from Relator's counsel.

HOOPER, LUNDY & BOOKMAN, P.C.
101 MONTGOMERY STREET, 11TH FLOOR
SAN FRANCISCO, CALIFORNIA 94104
TEL (415) 875-8500 • FAX (415) 986-2157

1   through "E" are in fact the correct documents or to assess Exhibits "F" and "G" at all.  Relator's

2   failure to file redacted versions has also allowed her to publicly misrepresent the content of the

3   Superior Court orders and conflate her baseless accusations against the Doctor Defendants with

4   judicial findings.  For example, she represents that the Superior Court allowed her to proceed

5   under a pseudonym "due to a finding of 'exceptional circumstances.'"  Mot. 6.  In support, she

6   cites to paragraph 9 of Mr. Graham's Declaration, which in turn cites to a *stipulated* protective

7   order that contains *no findings* of the Superior Court and is not remotely uncommon in cases

8   involving medical records and other protected health information.[2]  She also states that these

9   exceptional circumstances "include the unlawful and unauthorized use of extremely personal

10  cellphone photography of Relator's body taken by and used by defendant Dr. Roy Hong," but

11  none of the Superior Court Orders contain any such factual finding and Relator has never proved

12  these inflammatory allegations.  The supporting Declaration of Mr. Graham also misrepresents the

13  various Superior Court Orders.  For example, he characterizes the Superior Court's August 28,

14  2017 Order granting the defendants' motion to use the plaintiffs' true name at trial as an order that

15  defendants "could not de-anonymize plaintiffs."  *Compare* Graham Decl. ¶6 *with* RJN Opp. Mot.

16  Dismiss, Att. 14, ECF No. 79-1.

17  **III.**   **The Government's Position**

18          Lastly, Relator purports to represent the Government's position to this Court, but her

19  Motion and supporting declaration do not suggest that she has ever sought the Government's

20  position or that the Government has ever made its position on this issue known to the parties or the

21  Court.

22  **IV.**   **Conclusion**

23          For the foregoing reasons, Doctor Defendants respectfully ask this Court to deny Relator's

24  Motion for Leave of Court to File Under Seal and In Camera (ECF No. 108).

25

26

27

28  [2] Mr. Graham also misrepresents this stipulated order as an "Order in favor of plaintiffs" (¶ 9).

HOOPER, LUNDY & BOOKMAN, P.C.
101 MONTGOMERY STREET, 11TH FLOOR
SAN FRANCISCO, CALIFORNIA 94104
TEL. (415) 875-8500 • FAX (415) 986-2157

1  DATED:  April 30, 2021                HOOPER, LUNDY & BOOKMAN, P.C.

2

3

4                                        By:        /s/ Katrina A. Pagonis

5                                               SCOTT J. KIEPEN
                                              KATRINA A. PAGONIS
                                               JOSEPH R. LAMAGNA
6                                        Attorneys for Defendants Roy Hong, M.D.
                                         aka Roy W. Hong; Palo Alto Foundation Medical
7                                        Group, Inc., a corporation

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6                                        Case No. 18-CV-02067-LHK
DOCTOR DEFENDANTS' OPPOSITION TO MOTION TO FILE UNDER SEAL AND IN CAMERA