Scott J. Kiepen (State Bar No. 175504)
Katrina A. Pagonis (State Bar No. CA 262890)
**HOOPER LUNDY & BOOKMAN, P.C.**
101 Montgomery Street, 11th Floor
San Francisco, CA 94104
Telephone: (415) 875-8500
Facsimile: (415) 986-2157
Email: SKiepen@health-law.com
Email: KPagonis@health-law.com

Joseph R. LaMagna (State Bar No. CA 246850)
**HOOPER LUNDY & BOOKMAN, P.C.**
101 W. Broadway, Suite 1200
San Diego, CA 92101
Telephone: (619) 744-7300
Facsimile: (619) 230-0987
Email: JLamagna@health-law.com

Attorneys for Defendants Roy Hong M.D. aka
Roy W. Hong and Palo Alto Foundation Medical
Group, Inc., a corporation

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF CALIFORNIA, *ex. rel.* Judy Jones, an individual,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>SUTTER HEALTH, a corporation; SUTTER BAY MEDICAL FOUNDATION, a corporation; et al.,<br><br>　　　　　Defendants. | Case No. 18-CV-02067-LHK<br><br>(*Assigned to The Honorable Lucy H. Koh*)<br><br>**DEFENDANTS ROY HONG, M.D. aka ROY W. HONG AND PALO ALTO FOUNDATION MEDICAL GROUP, INC., A CORPORATION'S OPPOSITION TO MOTION FOR PERMISSION TO PROCEED UNDER PSEUDONYM**<br><br>Date:　　August 19, 2021<br>Time:　　1:30 p.m.<br>Crtrm:　　8<br>Judge:　　Lucy H. Koh<br>Trial Date: None Set |

**TABLE OF CONTENTS**

**Page**

I. Introduction ...........................................................................................................................5

II. Background ...........................................................................................................................5

    A. The Action at Bar ......................................................................................................5

    B. Relator's Anonymous Malpractice Suit ...................................................................6

    C. Relator's Anonymous Stanford FCA Suit ................................................................7

III. Argument ...............................................................................................................................8

    A. Relator's Use of a Fictitious Name is Not Warranted Because Disclosure of Her True Name Does Not Threaten Her With Severe Harm, Her Fears are Not Reasonable, and She is Not Vulnerable to Such Retaliation .............................9

    B. Allowing Relator to Continue to Proceed from Behind a Cloak of Anonymity Would Prejudice Defendants and the Public's Interests .......................10

    C. Relator Misrepresents the Superior Court Orders, Which Do Not Bind This Court .................................................................................................................13

IV. Conclusion ...........................................................................................................................17

# TABLE OF AUTHORITIES

**Cases**                               **Page(s)**

*4 Exotic Dancers v. Spearmint Rhino*,
  No. CV 08-4038ABCSSX, 2009 WL 250054 (C.D. Cal. Jan. 29, 2009) .............................. 10

*Doe v. California*,
  No. CV 19-3251-DSF (KK), 2019 U.S. Dist. LEXIS 86373 (C.D. Cal. May 22, 2019)................................................................................................................................... 9

*Doe v. Kamehameha Sch.*,
  596 F.3d 1036 (9th Cir. 2010) ................................................................................... 8, 10

*Doe v. Texaco, Inc.*,
  No. C 06-02820 WHA, 2006 U.S. Dist. LEXIS 76111 (N.D. Cal. Oct. 5, 2006).................... 8

*Doe v. UNUM Life Ins. Co. of Am.*,
  164 F. Supp. 3d 1140 (N.D. Cal. 2016) ............................................................................. 9

*United States ex rel. Durham v. Prospect Waterproofing, Inc.*,
  818 F. Supp. 2d 64 (D.D.C. 2011) .................................................................................. 11

*United States ex rel. Graves v. Internet Corp. for Assigned Names & Nos., Inc.*,
  398 F. Supp. 3d 1307 (N.D. Ga. 2019) ........................................................................... 11

*United States ex rel. Grover v. Related Cos., LP*,
  4 F. Supp. 3d 21 (D.D.C. 2013) ..................................................................................... 11

*United States ex rel. Herrera v. Bon Secours Cottage Health Servs.*,
  665 F. Supp. 2d 782 (E.D. Mich. 2008) ..................................................................... 10, 11

*United States ex rel. Roe*,
  No. CV 17-8726 DSF (AFMx), 2020 U.S. Dist. LEXIS 156475 (C.D. Cal. July 13, 2020) ..................................................................................................... 5, 8, 9, 11
  No. CV 17-8726 DSF (AFMx), 2020 U.S. Dist. LEXIS 156495 (C.D. Cal. July 13, 2020) ........................................................................................................................ 7
  No. CV 17-8726 DSF (AFMx), 2020 U.S. Dist. LEXIS 164530 (C.D. Cal. Aug. 21, 2020) ........................................................................................................................ 8

*U.S. ex rel. McLain v. Fluor Enterprises, Inc.*,
  No. CIV.A. 06-11229, 2013 WL 4721367 (E.D. La. Sept. 3, 2013) .................................. 11

*United States v. Air Indus. Corp.*,
  No. 812CV02188JVSRNB, 2016 WL 11515131 (C.D. Cal. Oct. 24, 2016).................... 10, 11

*United States v. UCB, Inc.*,
  No. 14-cv-2218 (TPG), 2017 U.S. Dist. LEXIS 30725 (S.D.N.Y. Mar. 3, 2017) ............ 10, 11

HOOPER, LUNDY & BOOKMAN, P.C.
101 MONTGOMERY STREET, 11TH FLOOR
SAN FRANCISCO, CALIFORNIA 94104
TEL (415) 875-8500 • FAX (415) 986-2157

7067554.3

3                                                Case No. 18-CV-02067-LHK
DOCTOR DEFENDANTS' OPPOSITION TO MOTION FOR PERMISSION TO PROCEED UNDER PSEUDONYM

**Statutes**

31 U.S.C.
  §§ 3729 *et seq.* ............................................................................................................. 5
  § 3730(b)(5) ................................................................................................................. 13
  § 3730(d) ..................................................................................................................... 11

Cal. Civ. Code
  § 1708.85 ..................................................................................................................... 16

Cal. Gov't Code
  § 12650 .................................................................................................................*passim*

**Other Authorities**

Fed. R. Civ. P.
  Rule 8(a) ........................................................................................................................ 6
  Rule 9(b) ........................................................................................................................ 6
  Rule 10(a) .............................................................................................................*passim*

HOOPER, LUNDY & BOOKMAN, P.C.
101 MONTGOMERY STREET, 11TH FLOOR
SAN FRANCISCO, CALIFORNIA 94104
TEL (415) 875-8500 • FAX (415) 986-2157

7067554.3

Defendants Palo Alto Foundation Medical Group, Inc. ("PAFMG") and Roy Hong, M.D. (the "Doctor Defendants"), oppose Relator Judy Jones' April 25, 2021 Motion for Permission to Proceed Under a Pseudonym (the "Motion") (ECF No. 106).

## I.     Introduction

Relator is a vexatious litigant that has made it her practice to use the State and Federal courts to harass respected physicians and healthcare providers from behind the veil of anonymity with scandalous allegations,[1] and by her Motion, she is seeking this Court's authorization to continue in this vein. Her insistence on proceeding under a pseudonym in this case is particularly puzzling as this is a False Claims Act suit concerning Medicare claims and the details of her own care is wholly irrelevant to this case. She nonetheless uses her pleadings and motions in this case to make irrelevant, unsupported, and scandalous allegations against the Doctor Defendants concerning her own treatment.

Relator should not be permitted to use the courts in secret to serially harass healthcare providers. Her Motion should be denied, and this Court should instead order Relator to file a statement disclosing her true name and order the Clerk to correct the caption to reflect Relator's true name. *See United States ex rel. Roe*, No. CV 17-8726 DSF (AFMx), 2020 U.S. Dist. LEXIS 156475 (C.D. Cal. July 13, 2020) (order against the same Relator), *appeal docketed*, No. 20-55874 (9th Cir. Aug. 25, 2020).

## II.    Background

### A.     The Action at Bar

Relator's Second Amended Complaint ("SAC"), ECF No. 96, presents two causes of action: (1) Violations of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729 *et seq*. and (2) Violations of the California False Claims Act ("CFCA"), Cal. Gov't Code § 12650. Relator's interactions with Defendants flow from her own experience as a commercially insured patient undergoing a breast reconstruction surgery. She alleges that Defendants used an erroneous

---

[1] To date, Relator has filed lawsuits against Dr. Frederick Dirbas, Stanford Healthcare (formerly known as Stanford Hospitals and Clinics) and its affiliates ("Stanford"), Sutter Health and its affiliates ("Sutter Defendants"), and the Doctor Defendants.

diagnostic code in connection with the insurance claim for her single stage reconstruction procedure and that this code inflated the price charged to her commercial insurer. SAC ¶¶ 5-6 (repeated at ¶¶ 45-47). The facts and circumstances of Relator's surgery are immaterial to her FCA and CFCA claims because she is not a Medicare or Medicaid beneficiary and claims for her treatment were not submitted to any governmental payer. With respect to the Medicare and Medicaid programs, she alleges that Defendants submitted claims that improperly billed specific combinations of CPT codes. SAC ¶¶ 11-12 (repeated at ¶¶ 51-52).

Relator initiated the instant *qui tam* action on April 4, 2018 (ECF No. 1) and filed her First Amended Complaint ("FAC") (ECF No. 13) on October 19, 2018. On June 11, 2019, the United States declined to intervene, and on June 19, 2019, the State of California followed suit. ECF Nos. 23, 29. On June 15, 2020, Sutter Defendants moved to dismiss Relator's FAC under Fed. R. Civ. P. Rules 8(a), 9(b), and 10(a), and Doctor Defendants moved to dismiss under Rules 8(a) and 9(b). The Doctor Defendants also requested that a deadline be set for any motion to proceed under a fictitious name. The Court granted the Sutter and Doctor Defendants' motions to dismiss under the public disclosure bar on November 6, 2020, concluding that the material elements of the allegedly fraudulent transactions are disclosed in Freedom of Information Act ("FOIA") reports and that Relator cannot proceed as an "original source." Mem. Op., ECF No. 90. Relator filed her SAC on January 25, 2021, and therein stated that she "will file a motion to proceed under a fictitious name." SAC ¶ 2 n.1, ECF No. 96. Four months after indicating her intent to do so (and three years after initiating this action), Relator filed the instant Motion.

B.     **Relator's Anonymous Malpractice Suit**

Relator's anonymous state court malpractice suit against Stanford Healthcare, Dr. Dirbas, PAFMG, and Dr. Hong was dismissed on November 29, 2019, when Relator failed to present for trial.[2] Doctor Defs.' RJN, Ex. B (ECF 72-2) (order of dismissal under Cal. Civ. Pro. § 581(b)(5)). Relator's instant motion relies heavily on documents filed in this unsuccessful malpractice action. Because she failed to comply with this Court's Local Rules when filing the instant Motion and her

---

[2] Sutter Defendants were not parties to the malpractice action.

HOOPER, LUNDY & BOOKMAN, P.C.
101 MONTGOMERY STREET, 11TH FLOOR
SAN FRANCISCO, CALIFORNIA 94104
TEL (415) 875-8500 • FAX (415) 986-2157

April 26, 2021 Motion for Leave of Court to File Under Seal and In Camera (ECF No. 108), Defendants have not received redacted or unredacted copies of any of the orders and documents filed in her malpractice action upon which Relator now relies. Based on the description of those documents, Doctor Defendants assume that the following exhibits to Mr. Graham's declaration correspond to Attachments 14 through 17 to Relator's earlier Request for Judicial Notice ("RJN"), ECF No. 79-1, as follows:

- Exhibit A is the same as Attachment 14 to the RJN, an August 28, 2017 order granting the defendants' motion to refer to the plaintiffs by their true names at trial;
- Exhibit B is the same as Attachment 15 to the RJN, an October 20, 2017 order denying the plaintiffs' motion for reconsideration of the August 28, 2017 order;
- Exhibit C is also labeled as Attachment 15 to the RJN, a September 9, 2014 order denying a demurrer presented by Defendants Frederick Dirbas, M.D., and Stanford Hospital & Clinics, neither of which are parties in this action;
- Exhibit D is Attachment 16 to the RJN, a Stipulation and Protective Order Regarding Confidential Information that was entered by the Superior Court on November 19, 2015 following the parties' stipulation; and
- Exhibit E corresponds to Attachment 17 to the RJN, the complaint in Relator's malpractice action.

These documents, however, markedly diverge from Relator's representations in her Motion. For example, she cites to Exhibits A and B to argue that the Superior Court rejected Defendant's alleged efforts to de-anonymize Relator. In fact, Exhibit A is an order *granting* the defendant's motion to refer to the plaintiffs by their true name at trial, and neither Exhibit includes a finding that any defendant in the state court action attempted to de-anonymize Relator. *See* RJN, Atts. 14 & 15, ECF No. 79-1.

C.  **Relator's Anonymous Stanford FCA Suit**

Relator also filed an anonymous FCA suit against Stanford Healthcare and Dr. Dirbas, which was dismissed on July 13, 2020, *United States ex rel. Roe*, No. CV 17-8726 DSF (AFMx), 2020 U.S. Dist. LEXIS 156495 (C.D. Cal.). The court further ordered Relator to "file a statement

disclosing her true name." *United States ex rel. Roe*, No. CV 17-8726 DSF (AFMx), 2020 U.S. Dist. LEXIS 156475, at *4 (C.D. Cal. July 13, 2020).  She failed to do so, and she and her attorney were "ordered to purge their contempt of the Court's July 13 order by filing a statement of Relator's true name no later than August 26, 2020" on threat of a contempt sanction of $100 per day after August 26 and until the contempt is purged.  2020 U.S. Dist. LEXIS 164530 (C.D. Cal. Aug. 21, 2020).  Although Relator appealed these orders to the Ninth Circuit, she failed to file her opening brief on April 28, 2021, and on May 7, 2021, the Court granted her a fifth extension of time with the warning that failure to file her opening brief by May 21, 2021 may result in dismissal of her appeal for failure to prosecute..  No. 20-55874 (9th Cir., docketed Aug. 25, 2020).

### III.  Argument

Relator cannot satisfy the requirements for proceeding under a fictitious name.  Under Rule 10(a), a complaint "must name all the parties."  This rule "apprise[s] the parties of their opponents, and it protects the public's legitimate interest in knowing all the facts and events surrounding court proceedings." *Doe v. Texaco, Inc.*, No. C 06-02820 WHA, 2006 U.S. Dist. LEXIS 76111, at *19 (N.D. Cal. Oct. 5, 2006).  Thus, the "use of pseudonyms is reserved for the rare cases" in order to adhere to the requirements of Rule 10(a) and in light of the public and the parties' common law right to know the identity of the parties in a judicial proceeding. Id. at *11.  A plaintiff must establish that a pseudonymous filing is appropriate in light of "'(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, . . . (3) the anonymous party's vulnerability to such retaliation,' (4) the prejudice to the opposing party, and (5) the public interest." *Doe v. Kamehameha Sch.*, 596 F.3d 1036, 1042 (9th Cir. 2010) (quoting *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000)).[3]  These factors do not support Relator's anonymous filing; rather, her unilateral and repeated "use of fictitious names runs afoul of the public's common law right of access to judicial proceedings and Rule 10(a)'s

---

[3] For unknown reasons, Relator's Motion primarily relies on out-of-circuit authority, including a five-factor test used by the Fourth Circuit to determine whether a pseudonymous plaintiff could further proceed anonymously at trial, which omits key factors (*e.g.*, the public interest) established in Ninth Circuit precedent on pseudonymous complaints. *E.g.*, Mot. 11 (citing *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)).

1 command that the title of every complaint include the names of all the parties." *Doe v. California*,
2 No. CV 19-3251-DSF (KK), 2019 U.S. Dist. LEXIS 86373, at *5 (C.D. Cal. May 22, 2019)
3 (internal quotations omitted).

**A. <u>Relator's Use of a Fictitious Name is Not Warranted Because Disclosure of Her True Name Does Not Threaten Her With Severe Harm, Her Fears are Not Reasonable, and She is Not Vulnerable to Such Retaliation.</u>**

7 Relator's FAC attempted to justify her use of a pseudonym stating that she did so "to
8 protect Relator's medical privacy" and because she feared that her prosecution of this action
9 "could adversely impact both her family's finances and her career," FAC ¶ 43, an allegation she
10 did not repeat in her SAC (ECF No. 96), but that she misquotes in her Motion (pp. 13-14).  Her
11 medical privacy concerns do not warrant her use of a fictitious name in this FCA action.  First, her
12 medical record is not implicated in this action as she is not a Medicare beneficiary and her care is
13 not at issue in this case, a point that she concedes in her Motion.  *See* Mot. p. 9 (noting that "her
14 personal and sensitive medical history is not directly relevant" to her FCA suit).  Second, even if
15 her confidential medical information was at issue and relevant, this Court has authority to enter
16 and enforce appropriate protective orders to safeguard her medical privacy.  *See Doe v. UNUM
17 Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140, 1147 (N.D. Cal. 2016) (denying a motion to proceed
18 anonymously, noting that "[l]ess extraordinary measures are available to provide a reasonable
19 level of privacy protection"); *United States ex rel. Roe*, No. CV 17-8726 DSF (AFMx), 2020 U.S.
20 Dist. LEXIS 156475, at *3 (C.D. Cal. July 13, 2020) ("[V]irtually every case involving physical
21 injury or medical treatment requires some disclosure of otherwise private health information. The
22 typical response to this is appropriate sealing, not anonymity.").
23 Relator also speculates that her anonymous filing is appropriate because, "if her identity
24 were to become publicly known, Relator's pursuit of a false claims action against Sutter and an
25 entire cadre of its referring physicians could adversely impact both her family's finances and her
26 career." FAC ¶ 43 (emphasis added).  In her Motion, she misrepresents this allegation from her
27 FAC, saying that she alleged that "Defendants and those under their control or direction,
28 threatened Relator with severe economic harm, and are in a position to carry out on their threats."

HOOPER, LUNDY & BOOKMAN, P.C.
101 MONTGOMERY STREET, 11TH FLOOR
SAN FRANCISCO, CALIFORNIA 94104
TEL (415) 875-8500 • FAX (415) 986-2157

1  Mot. pp. 13-14.  This is but just one of many gross misrepresented and unsupported, scandalous
2  assertions made in her Motion.
3        Moreover, Relator's speculative fear of economic harm is not the type of "severe harm"
4  that justifies anonymous prosecution of an FCA case.  Rather, the courts have held that the risk of
5  economic retaliation is not sufficient to warrant proceeding under a pseudonym.  *E.g.*, *4 Exotic*
6  *Dancers v. Spearmint Rhino*, No. CV 08-4038ABCSSX, 2009 WL 250054, at *2–3 (C.D. Cal.
7  Jan. 29, 2009) ("[E]conomic retaliation is not sufficiently severe to warrant pseudonymity.");
8  *United States v. UCB, Inc.*, No. 14-cv-2218 (TPG), 2017 U.S. Dist. LEXIS 30725, at *10
9  (S.D.N.Y. Mar. 3, 2017) (declining to impinge on the public's rights on the basis of "mere
10 speculation" where the relator feared that his employer "might take retaliatory action against
11 him"); *United States ex rel. Herrera v. Bon Secours Cottage Health Servs.*, 665 F. Supp. 2d 782,
12 786 (E.D. Mich. 2008) (Relator's "personal privacy interests . . . , i.e., her general apprehension
13 regarding retaliation by her current employer or future employers, are insufficient to overcome the
14 strong presumption in favor of access to public records.").
15       Thus, the two rationales set forth in the FAC and repeated in her Motion suggest
16 speculative concerns but do not indicate a reasonable fear of severe harm, as is required under the
17 first two of the *Kamehameha* factors.  Moreover, Relator does not allege that she is more
18 vulnerable to retaliation than any other relator in an FCA action or a typical plaintiff.  Thus, the
19 third *Kamehameha* factor does not favor an anonymous filing in this case.

      **B.**    <u>**Allowing Relator to Continue to Proceed from Behind a Cloak of Anonymity Would Prejudice Defendants and the Public's Interests**</u>

22       The public and Defendants are and would continue be prejudiced by Relator's use of a
23 pseudonym.  In general, the public interest favors dismissal of anonymous complaints.
24 "Identifying the parties to the proceeding is an important dimension of publicness. The people
25 have a right to know who is using their courts."  *United States v. Air Indus. Corp.*, No.
26 812CV02188JVSRNB, 2016 WL 11515131, at *2 (C.D. Cal. Oct. 24, 2016) (quoting *United*
27 *States v. Stoterau*, 524 F.3d 988, 1013 (9th Cir. 2008)).
28       The public interest in knowing the identity of litigants is particularly weighty in FCA cases

where "[t]axpayers are 'real parties in interest.'" *United States ex rel. Durham v. Prospect Waterproofing, Inc.*, 818 F. Supp. 2d 64, 67 (D.D.C. 2011) (quoting *United States ex rel. Schweizer v. Oce, N.V.*, 577 F. Supp. 2d 169, 171 (D.D.C. 2008)); *see also United States ex rel. Grover v. Related Cos., LP*, 4 F. Supp. 3d 21, 25 (D.D.C. 2013) (same). Thus, courts routinely deny requests for anonymity in FCA cases based on fears of reputational or economic harm. *See, e.g.*, *United States ex rel. Graves v. Internet Corp. for Assigned Names & Nos., Inc.*, 398 F. Supp. 3d 1307, 1313 (N.D. Ga. 2019) (noting that "courts have uniformly found that fears of retaliation including interference with a relator's employment do not justify indefinitely sealing a qui tam case"); *UCB, Inc.*, 2017 U.S. Dist. LEXIS 30725; *Grover*, 4 F. Supp. 3d at 25-26; Herrera, 665 F. Supp. 2d at 785; *U.S. ex rel. McLain v. Fluor Enterprises, Inc.*, No. CIV.A. 06-11229, 2013 WL 4721367, at *2 (E.D. La. Sept. 3, 2013) ("Relators may not proceed anonymously because their privacy does not trump the legitimate public interest of openness in judicial proceedings."); *Air Indus. Corp.*, 2016 WL 11515131, at *2 (C.D. Cal. Oct. 24, 2016) (noting that the public has a right to know the identity of a *qui tam* relator because, if successful, the relator will share in any money due to the government in an FCA suit under 31 U.S.C. § 3730(d)).

The public interest particularly weighs against anonymity in this FCA case where Relator's allegations place her own expertise at issue. She alleges that her "understanding of the matters giving rise to this action stem from . . . Relator's position, training, and certification in healthcare claim billing" and that she is "a physician and surgeon, and a certified professional medical coder, who has worked in a surgical specialty from 2000 to the present day." SAC ¶¶ 1, 30, 41, ECF No. 96. In a similar, meritless FCA action brought against Stanford Defendants under a fictitious name, the court concluded that Relator's true name should be disclosed so that the public can evaluate her competency and credibility to bring serious allegations of fraud:

> The public interest and Defendants' interests also favors disclosure of Relator's name, especially in the context of claims of fraud against the government. The public will be much less well-equipped to evaluate the serious allegations brought by the Relator if it has no way means of judging Relator's competence and credibility. If Relator might be viewed as somehow not very competent or credible, Defendants have an interest in having the public view her allegations in that light.

*United States ex rel. Roe*, No. CV 17-8726 DSF (AFMx), 2020 U.S. Dist. LEXIS 156475, at *3-4

HOOPER, LUNDY & BOOKMAN, P.C.
101 MONTGOMERY STREET, 11TH FLOOR
SAN FRANCISCO, CALIFORNIA 94104
TEL (415) 875-8500 • FAX (415) 986-2157

7067554.3

11                                                Case No. 18-CV-02067-LHK
DOCTOR DEFENDANTS' OPPOSITION TO MOTION FOR PERMISSION TO PROCEED UNDER PSEUDONYM

(C.D. Cal. July 13, 2020). The same is true in the case at bar.

Although Relator fails to cite to a single FCA suit where a relator was permitted to proceed under a fictitious name, she appears to believe that she should be able to proceed under a pseudonym because the government is the real party in interest. Mot. 15 ("As a practical matter, Relator's pseudonym does not obstruct public scrutiny of the FCA, since the Government is the plaintiff."). This belief runs contrary to the case law and her minimization of or disregard for the public interest is unavailing.

Relator further asserts that "the United States itself does not oppose Realtors [*sic*] use of a pseudonym." This statement is unsupported by any filing by the United States or even Mr. Graham's Declaration. In fact, Mr. Graham's Declaration does not indicate that he has ever made any effort to obtain the United States' position on his Motion, let alone that he is authorized to make any representations to this Court concerning the United States' position.[4]

In support of her Motion, Relator argues that requiring her to proceed in her true name "will obviously inhibit Relator's willingness to pursue her claims." Mot. p. 17. In support of this assertion, Relator relies on hearsay in her attorney's declaration. Mr. Graham states, "I am informed through recent discussions that Relator would not be willing to proceed in this FCA litigation if she were required to proceed in her given name. Similarly, Relator's spouse and family would be unwilling to have Realtor proceed in this action" in her true name." Graham Decl. ¶ 5. Even if this speculative, hearsay-based assertion were credited (it should not be), the

---

[4] Mr. Graham's Declaration also makes the erroneous assertion that "Relator sought to timely obtain Defendant's position as to the pseudonym matter" and that Defendants indicated their opposition "but were either unable or unwilling to give any further explanation for their declination." The only correspondence between counsel on this matter consists of two letters that were previously submitted in full to the Court (Decl. J. LaMagna Supp. Mot. Dismiss, Exs. A & B, ECF No. 72-1). On June 10, 2020, counsel for Doctor Defendants sent a letter to Mr. Graham making clear their objections to the use of a pseudonym, and on June 15, 2020, Mr. Graham provided a rambling and inflammatory response. Doctor Defendants are not aware of any correspondence on this issue between Relator's counsel and Sutter Defendants' counsel, but note that Sutter Defendants have argued for dismissal under Fed. R. Civ. P. 10(a) in their Motion to Dismiss Relator's FAC (pp. 25-27, ECF No. 73) and their Motion to Dismiss Relator's SAC (pp. 23-24, ECF No. 100). Mr. Graham's assertion that he is unaware of the basis for Defendants' objections to Relator's use of a pseudonym is simply incredible.

HOOPER, LUNDY & BOOKMAN, P.C.
101 MONTGOMERY STREET, 11TH FLOOR
SAN FRANCISCO, CALIFORNIA 94104
TEL (415) 875-8500 • FAX (415) 986-2157

suggestion that her failure to proceed would harm the public interest is particularly hollow in this case. The Government is not subject to the FCA's first-to-file rule and could file suit even if Relator dismisses this action.[5] 31 U.S.C. § 3730(b)(5). Although the public interest may favor the prosecution of certain types of cases under a fictitious name where violations would otherwise systematically go unchallenged because of the stigma associated with proceeding under a true name, that is not true in an FCA case because the Government maintains the right to litigate the matter. The public interest in pursuing fraud thus does not favor the use of a pseudonym in an FCA case because the Government remains free to litigate an FCA case even where a whistleblower is unwilling to do so.

In this particular action, the interests of the public and Defendants also very strongly favor dismissal because Relator is a serial anonymous litigant whose (ab)use of the courts is obscured by her use of pseudonyms. At this time, Defendants are aware of one state court malpractice action and a second federal FCA action that Relator has brought under the pseudonyms "Jane Doe" and "Emily Roe," respectively. The courts, Defendants, and the public have no way to confirm whether this is the entire universe of actions initiated by Relator under various pseudonyms. The public has a right to know how Relator is using the courts, and Defendants are particularly prejudiced by Relator's use of her fictitious name to publicly harass respected physicians and healthcare providers from behind the veil of anonymity with scandalous allegations. *See* Part III.C, below. Whether or not Defendants know Relator's identity does not diminish the very real prejudice to Defendants of Relator proceeding under a cloak of secrecy.

Thus, Realtor's repeated and flagrant disregard of Rule 10(a) prejudices Defendants and the public, and this Court should order her to file a statement of her true name.

### C. Relator Misrepresents the Superior Court Orders, Which Do Not Bind This Court

Relator presents the surprising and wholly unsupported assertion that "Federal Courts usually defer to the State Court's jurisdiction and permit the party to similarly proceed in a

---

[5] The fact that the Government has not done so here is of no moment. The Government remains free to do so if it were to determine that Relator's claims are meritorious and worth pursuing.

pseudonym where a party was ordered to proceed via by [*sic*] the state Superior Court because of 'exceptional circumstances'." Mot. p. 5; *see also* Mot. p. 18.  Relator presents no case law or other authority to support her contention that "defer[ence]" to the State Superior Court is warranted in this Federal case.  Nor does she present any examples to support her view that such deference is typical.  To put it simply, Relator has chosen to file suit against Defendants in Federal Court, and actions in Federal Court are subject to the Federal Rules of Civil Procedure, including Rule 10(a).  Defendants have not hailed her into this Court to deanonymize her; her role in this case is entirely of her own making.  And no state court can overrule or create exceptions to the applicability of the Federal Rules of Civil Procedure to an action proceeding in Federal court.

Her arguments based on the state court's orders, moreover, rely on her misrepresentation of the content of those orders.  Although Defendants cannot be certain as to the content of the orders upon which Relator purports to rely because she has failed to serve any of those documents on Defendants in connection with this Motion or her improper April 26, 2021 Motion for Leave of Court to File Under Seal and In Camera (ECF No. 108), based on the description of those documents, Defendants believe that the documents are the same as those appended as Attachments 14 through 16 to Relator's earlier Request for Judicial Notice (ECF No. 79-1).  Having reviewed these documents, her Motion (often grossly) misrepresents their content.

First, she argues that the Superior Court determined that "exceptional circumstances" warranted the use of a pseudonym in that matter, but none of the Orders make any finding of "exceptional circumstances."  In fact, based on the documents she presented in her earlier Request for Judicial Notice, it does not appear that Relator ever sought leave of the Superior Court to proceed under a pseudonym or that any finding of "exceptional circumstances" was ever made. Rather, it appears that defendants Dr. Dirbas and Stanford (neither of which are parties in this action) unsuccessfully sought to dismiss the plaintiffs' complaint on the grounds that their use of pseudonyms rendered their complaint "uncertain[]" and deprived plaintiffs of the legal capacity to sue.  RJN, Att. 15, ECF No. 79-1.  In denying the demurrer in its September 9, 2014 order, the court noted that state law places the burden on the defendants to establish that the use of a pseudonym is inappropriate and that Dr. Dirbas and Stanford "failed to articulate why Jane Doe

should not be able to pursue her claim under a fictitious name." *Id.* This is far from a finding of "exceptional circumstances" that would warrant deviating from the requirements of Fed. R. Civ. P. 10(a) in this Federal action. Moreover, it is worth noting that the Doctor Defendants did not file the motion that gave rise to this September 9, 2014 order (and Sutter Defendants were not parties to the Superior Court action at all). Of course, even if the Superior Court had found such "exceptional circumstances" in that case, there is again no basis for Relator's assertion that such a finding would bind this Court in this case under Federal law.

Second, Relator argues that "Defendants tried a number of times to de-anonymize relator in Superior Court, and each time, Defendants' efforts were rejected by the Superior Court." Mot. p. 8; *see also* Mot. p. 12 ("Defendants . . . attacked Relator's anonymity a number of times in Superior Court, . . . [a]nd, each time, Defendants [sic] efforts were rejected by the State Court."); Graham Decl. ¶ 6. None of the Superior Court materials indicate any improper effort to de-anonymize Relator. In the August 28, 2017 order, the Superior Court *granted* the defendants' motion to refer to the plaintiffs by their true names at trial, saying that the defendants "established to the court's satisfaction that they would be prejudiced if they are required to maintain the anonymity of plaintiffs during the time of trial." RJN, Att. 14, ECF No. 79-1. The court also denied the plaintiffs' application for a protective order, stating that it "is not convinced that there is sufficient evidence demonstrating that defendants are intentionally 'de-anonymizing' plaintiffs' identity." *Id.* Thereafter, on October 20, 2017, the court denied plaintiff's motion for reconsideration of the August 28, 2017 order. RJN, Att. 15, ECF No. 79-1. These orders do not support Relator's assertion that "Defendants tried a number of times to de-anonymize relator in Superior Court" or that the Superior Court ever "rejected" these supposed efforts. Mot. p. 8

The November 2015 Stipulation and Protective Order Regarding Confidential Information (RJN, Att. 16, ECF No. 79-1) likewise does not support Relator's assertion that any defendant attempted to improperly de-anonymize Relator in state court. This stipulated protective order—which deals with the handling of Relator's medical record and protected health information in her malpractice case—is simply unremarkable. This protective order was stipulated to by the defendants and plaintiffs and then ordered by the Superior Court, and cannot be viewed as

indicating any effort by any defendant to de-anonymize Relator or any rejection of such efforts by the Superior Court, and Relator's assertion to the contrary is puzzling, at best.

Third, Relator falsely asserts that the Superior Court made findings in these orders concerning her scandalous and unsubstantiated allegations of misconduct with respect to photographs taken in connection with her surgery. Mot. 8. This is simply untrue, and Relator's misrepresentation of the Superior Court's order is nothing more than an attempt to give the imprimatur of legitimacy to her bald and baseless allegations against Doctor Defendants. The only Superior Court Order cited by Plaintiff that mentions any unauthorized photographs is found in a restatement of her allegations in the court's order denying Dr. Dirbas' and Stanford's demurrer to her malpractice complaint, and the paraphrasing of a plaintiff's allegations that are assumed to be true on a demurrer certainly cannot constitute a finding by the Superior Court.[6] None of the cited Superior Court documents suggest that any defendant improperly disseminated any photograph in connection with that matter or otherwise. Her attempt to associate Dr. Hong with a former Stanford anesthesia technician who was convicted of molesting male patients is also baseless and should be stricken if Plaintiff fails to withdraw it. Mot. p. 8. And her reference to an amended state court cause of action including a claim under California Civil Code § 1708.85 should likewise be stricken if not withdrawn. *Id.* After Doctor Defendants relied on this amended complaint in their Motion to Dismiss (RJN Supp. Mot. Dismiss, Ex. 3, ECF No. 72-2), Relator asserted that the original complaint is the "correct and only operative complaint" in her malpractice suit and that the amended complaint was never endorsed by the court (RJN p. 5, ECF No. 79-1). Given her clarification that she never amended her Superior Court complaint to allege any claim under California Civil Code § 1708.85, it is extraordinary for her to now cite to bald assertions that she ultimately declined to include in her state court complaint and has never (to the knowledge of Doctor Defendants) alleged in any state or federal court action.

In short, Relator's Motion demonstrates the extraordinary prejudice to Defendants that would result should Relator be allowed to proceed under a fictitious name. She has used her

---

[6] The Stipulated Protective Order also addresses the handling of photographs but contains no suggestion or admission that any photograph was unauthorized or improper. Att. 16.

filings in this court to malign Defendants with unsupported and scandalous allegations that are immaterial to the FCA claims actually at issue. Her abuse of the judicial process should not be tolerated.

### IV. Conclusion

For the foregoing reasons, Doctor Defendants respectfully ask this Court to deny Relator's for Permission to Proceed Under a Pseudonym, ECF No. 106.

DATED: May 10, 2021

HOOPER, LUNDY & BOOKMAN, P.C.

By: */s/ Scott J. Kiepen*
SCOTT J. KIEPEN
KATRINA A. PAGONIS
JOSEPH R. LAMAGNA
Attorneys for Defendants Roy Hong, M.D. aka Roy W. Hong; Palo Alto Foundation Medical Group, Inc., a corporation