UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF CALIFORNIA, *ex rel.* Judy Jones, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>SUTTER HEALTH, et al.,<br><br>Defendants. | Case No. 18-CV-02067-LHK<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH PREJUDICE**<br><br>Re: Dkt. Nos. 99, 100 |

Pseudonymous *qui tam* plaintiff "Judy Jones" ("Relator") brings this action under the False Claims Act and California False Claims Act against three groups of Defendants (collectively, "Defendants"): (1) Sutter Health, Sutter Bay Medical Foundation, and Palo Alto Medical Foundation (collectively, "Sutter Defendants"); (2) Palo Alto Foundation Medical Group and Dr. Roy Hong (collectively, "Doctor Defendants"); and (3) unknown Does 1–10.

Before the Court are Sutter Defendants' motion to dismiss Relator's Second Amended Complaint ("SAC"), ECF No. 100, and Doctor Defendants' motion to dismiss the SAC, ECF No. 99. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court GRANTS Defendants' motions to dismiss with prejudice.

1

## I.   BACKGROUND

### A. Factual Background

Relator "is a physician and surgeon, and a certified professional medical coder, who has worked in a surgical specialty from 2000 to the present." ECF No. 96 ("SAC") ¶ 41. On November 15, 2012, Relator was diagnosed as having a high risk for potential breast cancer by Dr. Roy Hong, who worked for Sutter Health and Palo Alto Medical Foundation. *Id.* ¶ 42. On December 12, 2012, Relator underwent an operation for a single-stage breast reconstruction by Dr. Hong at Palo Alto Medical Foundation. *Id.* ¶¶ 3, 43. Relator's single-stage breast reconstruction "follow[ed] [a] preventative double mastectomy by a non-Sutter surgeon Dr. Frederick Dirbas." *Id.* ¶ 3.

Relator alleges that, on or about December 11, 2012, Relator "spoke alone directly with Dr. Hong, who later admitted to her that he, [Palo Alto Medical Foundation] and Sutter [Health] had falsely represented to her insurance carrier that she had been diagnosed with breast cancer, when in fact she did not have breast cancer." *Id.* ¶ 46. "Moreover, he admitted that he performed these same breast reconstructive procedures frequently on all his clients, specifically including those covered by Medicare and Medi-cal." *Id.* According to Relator, these surgeries were "upcoded," meaning that the billers used a higher priced non-applicable billing code. *Id.* at 2, ¶ 47. Relator alleges that these surgeries were also "unbundled," which occurs when the billers "tak[e] a specific surgical practice which is required to be charged at a fixed 'all inclusive' price, and charging for each action and equipment used individually, and thus at a much higher overall price)." *Id.* at 2, ¶ 52.

On March 5, 2014, following Relator's surgery, Relator filed a medical malpractice lawsuit against Dr. Roy Hong, Dr. Frederick Dirbas, Palo Alto Foundation Medical Group, Stanford Healthcare, the Reproductive Endocrinology and Infertility Clinic at Stanford University, Registered Nurse Penny Donnelly, and Does 3–50 in the California Superior Court for the County of Santa Clara under the pseudonym "Jane Doe." *Id.* ¶ 44; *see also* Compl. for Damages, *Doe vs. Hong*, No. 1-14-CV-261702 (Cal. Super. Ct. Mar. 05, 2014). On November 29, 2017, the

California Superior Court dismissed Relator's malpractice case after Relator failed to appear for trial. *See* ECF No. 90 at 3.

Relator alleges that, during her medical malpractice lawsuit, "counsel for Relator deposed Doctor Hong and discovered that the reconstruction procedures performed by Hong on Relator were neither safe nor necessary." SAC ¶ 45. Relator further alleges that "she independently discovered when examining her bill from Dr. Hong, and having many years working with such coded billings, that although the price[] charged to her insurance was $2850.90, based on the use of a fraudulent code, the actual cost for the surgery in fact performed was less than $1550." *Id.* Relator alleges that, on October 20, 2016, Relator contacted a Sutter Health executive about Dr. Hong's alleged false cancer diagnosis which led to the alleged false billing. *Id.* ¶ 53. According to Relator, on December 12, 2016, Sutter Health, Palo Alto Medical Foundation, and Dr. Hong admitted in writing to making a specific false cancer entry and admitted that no breast cancer had existed in Relator. *Id.* Relator alleges that Sutter Health, Palo Alto Medical Foundation, and Dr. Hong never made corrections in their billing, and the false cancer diagnosis payments were retained by Sutter Health. *Id.*

On December 4, 2017, just days after Relator failed to appear for trial in her medical malpractice lawsuit in the California Superior Court, Relator brought a *qui tam* lawsuit in the Los Angeles Division of the United States District Court for the Central District of California under the False Claims Act and the California False Claims Act against Dr. Frederick Dirbas, Stanford Healthcare Billing Department, Stanford Healthcare, the Board of Directors of Stanford Healthcare, the Board of Directors of the Lucile Salter Packard Children's Hospital at Stanford, Stanford University, the Board of Trustees of Stanford University, and Does 1–10. *United States ex rel. Doe v. Stanford Healthcare Billing Dep't*, 2020 WL 1074585, at *1–*2 (C.D. Cal. Feb. 4, 2020).

On February 4, 2020, the Central District of California court dismissed Relator's case with leave to amend because the court concluded that Relator's case was foreclosed by the public disclosure bar. *Id.* at *1. The court concluded that Relator's complaint also "falls short in its

3

Case No. 18-CV-02067-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH PREJUDICE

allegations in other ways" and stated that "[i]t is not clear why most of the Defendants are named in the case." *Id.* at *2. On July 13, 2020, the court dismissed Relator's amended complaint with prejudice because the court again concluded that Relator's complaint was foreclosed by the public disclosure bar. *United States ex rel. Doe v. Stanford Healthcare Billing Dep't*, 2020 WL 5033219, at *2 (C.D. Cal. July 13, 2020). The court concluded that "[e]ssentially nothing was added to bolster Relator's claim to be an original source under the meaning of the [False Claims Act]." *Id.*

On April 4, 2018, less than five months after Relator failed to appear for trial in her medical malpractice lawsuit in the California Superior Court, Relator brought the instant *qui tam* action in the San Jose Division of the United States District Court for the Northern District of California. ECF No. 1 (original complaint). On October 19, 2018, Relator filed a First Amended Complaint ("FAC"). ECF No. 13. The FAC alleged violations of the False Claims Act ("FCA"); the California False Claims Act ("CFCA"); and the California Insurance Fraud Prevention Act. *Id.*

On June 11, 2019, the United States declined to intervene in the instant *qui tam* action. ECF No. 23. On June 19, 2019, California followed suit. ECF No. 29.

On December 4, 2019, Relator voluntarily dismissed without prejudice her California Insurance Fraud Prevention Act claim in the instant *qui tam* action. ECF No. 39.

**B. Procedural History**

On June 15, 2020, Sutter Defendants and Doctor Defendants each filed a motion to dismiss the FAC. ECF Nos. 72, 73. On November 6, 2020, the Court granted Defendants' motions to dismiss with leave to amend. ECF No. 90. The Court concluded that dismissal of the FAC was required by the public disclosure bar, which provides that "[t]he court shall dismiss" a *qui tam* action "if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed" in any of several sources, including a "federal agency's written response to a request for records under the Freedom of Information Act (FOIA)." *Id.* at 9. Specifically, the Court concluded that substantially the same allegation or transactions as were alleged in the FAC were publicly disclosed in the Centers for Medicare and Medicaid Services' response to a FOIA request that Relator had made. *Id.* at 9–12. The Court warned that "failure to cure the deficiencies

4

Case No. 18-CV-02067-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH PREJUDICE

identified in this Order and in Defendants' motions to dismiss will result in dismissal of deficient claims with prejudice." *Id.* at 19–20.

On January 25, 2021, Relator filed the SAC. ECF No. 96. The SAC alleges violations of the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, and the California False Claims Act ("CFCA"), Cal. Gov't Code § 12650 *et seq. Id.* ¶¶ 56–86.

On March 1, 2021, Sutter Defendants and Doctor Defendants each filed a motion to dismiss the SAC. ECF No. 99 (Doctor MTD); ECF No. 100 (Sutter MTD). On April 21, 2021, Relator filed an opposition to Doctor Defendants' motion to dismiss. ECF No. 104 ("Opp'n"). Relator failed to oppose Sutter Defendants' motion to dismiss. On May 17, 2021, Sutter Defendants and Doctor Defendants each filed a reply. ECF No. 115 (Doctor Reply); ECF No. 116 (Sutter Reply).

## II. LEGAL STANDARD

### A. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The U.S. Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially

noticeable facts, *see Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation marks omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

   **B. Motion to Dismiss Under Federal Rule of Civil Procedure 9(b)**

   Claims sounding in fraud are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001). Under the Federal Rules, a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To satisfy this standard, the allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Thus, claims sounding in fraud must allege "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). In other words, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). The plaintiff must also plead facts explaining why the statement was false when it was made. *See In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1549 (9th Cir. 1994) (en banc), *superseded by statute on other grounds as stated in Adomitis ex. rel. United States v. San Bernardino Mountains Cmty. Hosp. Dist.*, 816 F. App'x 64, 66 (9th Cir. 2020). When there are multiple defendants in a case, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'requires plaintiffs to differentiate their allegations when suing more than

one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'" *Swartz*, 476 F.3d at 764–65 (alterations in original omitted) (quoting *Haskin v. R.J. Reynolds Tobacco Co.*, 995 F. Supp.1437, 1439 (M.D. Fla. 1998)). The heightened pleading requirement of Rule 9(b) does not apply to allegations regarding defendant's state of mind. Thus, knowledge and intent need only be alleged generally to state a valid claim. *See* Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.").

"When an entire complaint . . . is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the complaint . . . ." *Vess*, 317 F.3d at 1107. The Ninth Circuit has recognized that "it is established law in this and other circuits that such dismissals are appropriate," even though "there is no explicit basis in the text of the federal rules for the dismissal of a complaint for failure to satisfy 9(b)." *Id.* A motion to dismiss a complaint "under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim." *Id.*

## C. Leave to Amend

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

### III. DISCUSSION

Defendants move to dismiss the SAC for three reasons. First, Defendants contend that the public disclosure bar requires the Court to dismiss the SAC. Sutter MTD at 11–14; Doctor MTD at 13–20. Second, Defendants assert that the SAC fails to state a claim under Federal Rules of Civil Procedure 8(a) and 9(b). Sutter MTD at 14–22; Doctor MTD at 20–28. Third, Sutter Defendants contend that Relator uses a pseudonym in violation of Federal Rule of Civil Procedure 10(a) and the common law. Sutter MTD at 22–23.

The Court agrees with Defendants that the SAC is subject to dismissal for two independent reasons. First, Relator failed to oppose Sutter Defendants' motion to dismiss at all and failed to oppose Defendants' arguments that the SAC fails to state a claim under Rules 8(a) and 9(b). Thus, Relator concedes Defendants' Rule 8(a) and 9(b) arguments. Second, even if Relator had not conceded Defendants' arguments, the SAC fails to state a claim under Rules 8(a) and 9(b). The Court addresses each of these issues in turn.

#### A. Relator failed to oppose Sutter Defendants' motion to dismiss and failed to address Defendants' arguments that the SAC fails to state a claim under Rules 8(a) and 9(b).

Both Sutter Defendants' motion to dismiss and Doctor Defendants' motion to dismiss contend that the SAC should be dismissed for failure to state a claim under Rules 8(a) and 9(b). Sutter Mot. at 14–22; Doctor Mot. at 20–28.

Relator failed to file any opposition to Sutter Defendants' motion to dismiss. Moreover, Relator's opposition to Doctor Defendants' motions to dismiss fails to respond to Doctor Defendants' contention that the SAC should be dismissed for failure to state a claim under Rules 8(a) and 9(b). *See* Opp'n at 2 ("Plaintiff Judy Jones hereby opposes the 'Motion to Dismiss' filed by Defendants Dr. Roy Hong a.k.a. Roy W. Hong, Palo Alto Medical Foundation Medical Group ('PAFMG') (collectively, 'Sutter' or 'Defendants') ECF No. 99 ('Motion' or 'Mot.'), since Defendants' argument is without merit."). Rather, Relator's opposition to Doctor Defendants' motion to dismiss responds solely to the argument that the SAC is foreclosed by the public disclosure bar. *See* Opp'n at 14–22 (arguing that the SAC is not barred by the public disclosure bar, but failing to address Rule 8(a) and 9(b) arguments).

Because Relator has failed to oppose Sutter Defendants' and Doctor Defendants' Rule 8(a) and 9(b) arguments, Relator has conceded Defendants' Rule 8(a) and 9(b) arguments. *See Lou v. JP Morgan Chase Bank N.A.*, 2018 WL 1070598, at *2 (N.D. Cal. Feb. 26, 2018) ("Courts have found that a failure to oppose an argument serves as a concession."); *Hall v. Mortg. Inv'rs Grp.*, 2011 WL 4374995, at *5 (E.D. Cal. Sep. 16, 2011) ("Plaintiff's failure to oppose Defendants' Motion to Dismiss on this basis serves as a concession that his claim is time-barred. Accordingly, Plaintiff's claim . . . is dismissed with prejudice."); *Marziano v. County of Marin*, 2010 WL 3895528, at *4 (N.D. Cal. Oct. 4, 2010) ("[T]he Court views Ms. Marziano's failure to oppose the argument as a concession that . . . the claim should be dismissed."). Moreover, Relator's complete failure to oppose Sutter Defendants' motion to dismiss is a separate and independent ground to grant Sutter Defendants' motion to dismiss in its entirety. *See Gwaduri v. INS*, 362 F.3d at 1146–47, n.3 (stating that it "is beyond question" that courts may grant unopposed motions); *Rider v. JPMorgan Chase Bank N.A.*, 2021 WL 229308, at *2 (N.D. Cal. Jan. 22, 2021) ("[A] district court may properly grant a motion for failure to file an opposition.") (quotation omitted). Accordingly, the Court GRANTS Defendants' motions to dismiss.

The Court's dismissal is with prejudice because Relator failed to oppose Doctor Defendants' and Sutter Defendants' Rule 8(a) and 9(b) arguments despite being on notice of these arguments since June 15, 2020, when Defendants filed their first motions to dismiss. Indeed, in their June 15, 2020 motions to dismiss, both the Doctor Defendants and the Sutter Defendants contended that Relator had failed to state a claim under Rules 8(a) and 9(b). ECF No. 72 at 19–27; ECF No. 73 at 9–16. The Court's order granting Sutter Defendants' and Doctor Defendants' June 15, 2020 motions to dismiss granted Relator leave to amend but specifically warned Relator that "failure to cure the deficiencies identified in this Order and in Defendants' motions to dismiss will result in dismissal of deficient claims with prejudice." ECF No. 90 at 20. Despite this warning, Relator failed to cure these deficiencies. *See* Section III(B), *infra* (concluding that Relator failed to state a claim under Rules 8(a) and 9(b)). Moreover, when the Doctor Defendants and Sutter Defendants again contended in the instant motions to dismiss that Relator had failed to state a

claim under Rules 8(a) and 9(b), Relator failed to oppose Doctor Defendants' and Sutter Defendants' Rule 8(a) and 9(b) arguments and failed to file any opposition to Sutter Defendants' motion to dismiss at all. In light of Relator's failure to oppose Sutter Defendants' motion to dismiss at all and Relator's failure to oppose Doctor Defendants' and Sutter Defendants' Rule 8(a) and 9(b) arguments, the Court GRANTS the instant motions to dismiss with prejudice.

**B. The SAC fails to state a claim under Federal Rules of Civil Procedure 8(a) and 9(b).**

Dismissal is also appropriate because Defendants' arguments that the SAC fails to state a claim under Rules 8(a) and 9(b) is meritorious. To state a claim under the False Claims Act ("FCA"), Relator must allege "(1) a false statement or fraudulent course of conduct, (2) made with scienter, (3) that was material, causing (4) the government to pay out money or forfeit moneys due." *United States ex rel. Campie v. Gilead Sciences, Inc.*, 862 F.3d 890, 902 (9th Cir. 2017). The "California analogue" to the FCA, the CFCA, "is nearly identical." *United States ex rel. Mosler v. City of Los Angeles*, 414 F. App'x 10, 11 (9th Cir. 2010) (citing Cal. Gov't Code § 12652(d)(3)). "For that reason, California courts look to federal decisions to interpret the public disclosure provision of the state statute." *Id.* (citing *State of California ex rel. Bowen v. Bank of Am. Corp.*, 126 Cal. App. 4th 225, 240 n.11 (Ct. App. 2005)). The Court accordingly analyzes Relator's claims under the FCA and CFCA together.

Claims under the FCA must meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016). Rule 9(b) requires that a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To satisfy this heightened standard, the allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F. 3d 1014, 1019 (9th Cir. 2001) (quoting *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)). Thus, claims sounding in fraud must allege "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG*

10

*LLP*, 476 F.3d 756, 764 (9th Cir. 2007). In other words, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106 (quoting *Cooper*, 137 F.3d at 627). The plaintiff must also "set forth what is false or misleading about a statement, and why it is false." *Id.* (quoting *Decker v. GlenFed, Inc.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc)).

"Consistent with these requirements, 'mere conclusory allegations of fraud are insufficient.'" *United Healthcare*, 848 F.3d at 1180 (quotation omitted). Moreover, "[b]road allegations that include no particularized supporting detail do not suffice." *Id.* (citing *Bly–Magee*, 236 F.3d at 1018). Although a complaint need not "identify representative examples of false claims to support every allegation," a complaint must "allege 'particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted.'" *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998–99 (9th Cir. 2010) (quotation omitted).

In the instant motions to dismiss, Defendants contend that the SAC fails to state a claim under Rules 8(a) and 9(b) for three reasons. First, Defendants assert that the SAC fails to state a claim because the SAC does not plead submission of a false claim with particularity. Second, Defendants assert that the SAC fails to state a claim because the SAC does not adequately allege knowledge. Third, Defendants contend that the SAC fails to state a claim because the SAC's allegations against Defendants are collective rather than particularized. The Court agrees with Defendants as to each of these arguments and addresses each argument in turn.

**1. The SAC does not plead submission of a false claim with particularity.**

Defendants assert that the SAC fails to state a claim because the SAC does not plead submission of a false claim with particularity. In the instant case, the SAC alleges that "Defendants knowingly submitted, and caused to be submitted, thousands of false or fraudulent statements, records, and claims for payment to Medicare and Medicaid for upcoded and unbundled mastectomy and breast reconstruction surgeries and procedures and related charges." SAC ¶ 15; *see also id.* ¶¶ 11–12 (alleging that Defendants engaged in an upcoding and unbundling scheme).

As explained above, the SAC need not "identify representative examples of false claims" to support this allegation, but the SAC must allege "particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted." *Ebeid*, 616 F.3d at 998–99. However, the SAC neither identifies representative examples of false claims nor "particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted." *Id.* First, the SAC does not identify representative examples of false claims that were submitted to Medicare or Medicaid.[1]

Second, the SAC does not allege "particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted." *Ebeid*, 616 F.3d at 998–99. Many of the SAC's allegations allege that Defendants engaged in upcoding and unbundling with respect to Relator's own surgery. SAC ¶¶ 5, 10, 42, 45, 50. However, Relator's allegations with respect to her own surgery, which was covered by private insurance, are insufficient to allege details of a scheme to submit false claim to the government. *See United States ex rel. Puhl v. Terumo BCT*, 2019 WL 6954317, at *4 (C.D. Cal. Sept. 12, 2019) (dismissing FCA claims because "allegations that providers submitted false claims to private insurers are not enough to create the strong inference needed to plead an FCA claim*"); United States ex rel. Karp v. Ahaddian*, 2018 WL 5333670, at *3 (C.D. Cal. Aug. 3, 2018) (concluding that relators' allegations that "Defendants submitted claims to Medicare using the same CPT codes as the purportedly fraudulent claims submitted to Relators' private insurers" were insufficient to state an FCA claim).[2]

---

[1] Previous versions of Relator's complaint specifically alleged Medicare claims that Defendants allegedly submitted to the government. *See* ECF No. 13 ¶ 95, Exhs. A & B. However, the Court's order on Defendants' first motions to dismiss dismissed the FAC because the Court concluded that the Medicare data on which Relator relied was publicly disclosed, and the FAC was thus foreclosed by the public disclosure bar. ECF No. 90 at 9–12. Relator then removed all references to the Medicare data on which she relied.

[2] The SAC further alleges that Dr. Hong admitted to Relator "that he performed these same breast reconstructive procedures frequently on all his clients, specifically including those covered by Medicare and Medi-cal." *See* SAC ¶ 6. From the face of the SAC, it appears that Relator is

Because Relator has failed to identify representative claims or the particular details of a scheme paired with reliable indicia that false claims were submitted, Relator has failed to state an FCA claim. *See United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1057 (9th Cir. 2011) (affirming the dismissal of the complaint of a relator who did "not identify" a single false claim because "[i]n light of [Relator's] failure to identify any particular false claims or their attendant circumstances . . . we will not draw the unwarranted and improbable inference that discovery will reveal evidence of such false claims."); *United States ex rel. Aflatooni v. Kitsap Physicians Serv.*, 314 F.3d 995, 1002 (9th Cir. 2002) (stating that it is not sufficient for a relator "to describe a private scheme in detail but then to allege simply and without any stated reason for [the] belief that claims requesting illegal payments must have been submitted") (quotation omitted).Therefore, the Court agrees with Defendants that the SAC should be dismissed because the SAC does not plead a false claim with particularity.

### 2. The SAC does not adequately allege knowledge.

Defendants assert that the SAC fails to state a claim because the SAC does not adequately allege knowledge. To state a claim under the FCA, a complaint must allege that a false statement or fraudulent course of conduct was made with knowledge, meaning that a defendant "(i) has actual knowledge of the information; (ii) acts in deliberate ignorance of the truth or falsity of the information; or (iii) acts in reckless disregard of the truth or falsity of the information." 31 U.S.C. § 3729(b)(1). "A complaint . . . must set out sufficient factual matter from which a defendant's knowledge of a fraud might reasonably be inferred." *United States ex rel. Anita Silingo v.*

---

alleging that Dr. Hong admitted that he frequently performed single-stage reconstructions. This allegation is directly contradicted by Relator's allegation that Dr. Hong "had only performed possibly two total 'single-stage' mastectomy reconstructions in his career." SAC ¶ 14. Moreover, this allegation does not provide "particular details of a scheme to submit false claims." *Ebeid*, 616 F.3d at 999. Finally, Dr. Hong's admission does not satisfy Rule 9(b) because Relator does not plead where this statement was made. *See Vess*, 317 F.3d at 1106 ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged.") (quotation omitted). As discussed below, *infra* Section III(C), the Court's order on Defendants' June 15, 2020 motions to dismiss warned Relator that if Relator did not cure the deficiencies identified by Defendants' June 15, 2020 motions to dismiss, including the Rule 9(b) deficiency, Relator's complaint would be dismissed with prejudice. ECF No. 90 at 20.

*WellPoint, Inc.*, 904 F.3d 667, 679–80 (9th Cir. 2018).

In the instant case, Relator makes conclusory allegations that Defendants knowingly submitted false claims and avoided their obligations to repay overpayments. *See, e.g.*, SAC ¶ 9 (alleging that Sutter "knowingly and improperly avoid[ed] its obligations to repay these overpayments"); *id.* ¶ 10 (alleging that Sutter surgeons "knowingly billed insurance carriers' higher 'first-time' reconstruction codes and misused code modifiers"); *id.* ¶¶ 61, 62, 77, 78 (alleging that "Defendants knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval"). However, Relator does not set out allegations that support her assertion that Defendants had knowledge of fraud. Accordingly, Relator has failed to adequately allege Defendants' knowledge as required for her FCA claim. *See WellPoint, Inc.*, 904 F.3d at 679–80 ("A complaint . . . must set out sufficient factual matter from which a defendant's knowledge of a fraud might reasonably be inferred."); *United States ex rel Modglin v. DJO Glob. Inc.*, 114 F. Supp. 3d 993, 1024 (C.D. Cal. 2015), *aff'd* 678 F. App'x 594 (9th Cir. 2017) (finding that relators could not plead an FCA claim "[i]n the absence of any factual allegations supporting relators' assertion that defendants acted with the requisite scienter"). Accordingly, the Court concludes that the SAC should be dismissed because the SAC does not adequately allege Defendants' knowledge.

### 3. The SAC does not make particularized allegations for each defendant.

Defendants next contend that the SAC fails to state a claim because Relator makes collective allegations regarding Defendants rather than particularized allegations for each Defendant. "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *United States ex rel. Lee v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) (quoting *Swartz*, 476 F.3d at 764–65). "A plaintiff must 'identify the role of each defendant in the alleged fraudulent scheme.'" *United Healthcare*, 848 F.3d at 1184 (quoting *Corinthian Colls.*, 655 F.3d at 995).

In the instant case, the SAC lumps Defendants together rather than providing particularized

allegations for each Defendant. *See, e.g.*, SAC ¶ 9 (alleging that "Defendants' misconduct has resulted in many tens of millions of dollars of overpayments from Medicare and the State"); *id.* ¶ 15 (alleging that "Defendants knowingly submitted, and caused to be submitted, thousands of false or fraudulent statements, records, and claims for payment to Medicare and Medicaid for upcoded and unbundled mastectomy and breast reconstruction surgeries"). Moreover, the SAC barely mentions some defendants at all. *See id.* ¶ 21 (only mention of Sutter Bay Medical Foundation); *id.* ¶ 23 (only mention of Palo Alto Foundation Medical Group). Because Relator lumps Defendants together without alleging how each Defendant was involved in the alleged fraud, Relator fails to state a claim under Rule 9(b). *See Corinthian Colls.*, 655 F.3d at 995 (stating that "Rule 9(b) does not allow a complaint to merely lump multiple defendants together") (quotation omitted).

Indeed, the Central District of California court came to the same conclusion for the same Relator. In addition to bringing the instant case in the Northern District of California, Relator brought a lawsuit in the Los Angeles Division of the United States District Court for the Central District of California under the False Claims Act and the California False Claims Act against Dr. Frederick Dirbas, Stanford Healthcare Billing Department, Stanford Healthcare, the Board of Directors of Stanford Healthcare, the Board of Directors of the Lucile Salter Packard Children's Hospital at Stanford, Stanford University, the Board of Trustees of Stanford University, and Does 1–10. *United States ex rel. Doe v. Stanford Healthcare Billing Dep't*, 2020 WL 1074585, at *1–*2 (C.D. Cal. Feb. 4, 2020). Dr. Dirbas was the surgeon for Relator's preventative double mastectomy, which preceded Relator's single-stage breast reconstruction by Dr. Hong. SAC ¶ 3.

On February 4, 2020, the Central District of California court dismissed Relator's case under the public disclosure bar. *Id.* at *1. However, the court concluded that Relator's complaint also "falls short in its allegations in other ways." *Id.* at *2. Specifically, the court concluded that "[i]t is not clear why most of the Defendants are named in the case" because "Stanford Health Care, Dr. Frederick Dirbas, and Debra Zumwalt are the only Defendants that are directly discussed in the FAC." *Id.* The court stated that "[t]he other entities appear to be thrown into the complaint

15

for no particular reason; there should either be allegations against them or they should be dismissed." *Id.*

In the instant case, the SAC similarly focuses its allegations on Dr. Hong while barely mentioning some defendants at all. *See id.* ¶ 21 (only mention of Sutter Bay Medical Foundation); *id.* ¶ 23 (only mention of Palo Alto Foundation Medical Group). Thus, the Court concludes that the SAC should be dismissed because the SAC does not set out particularized allegations for each defendant.

In sum, the Court agrees with Defendants that the SAC fails to state a claim under Rules 8(a) and 9(b) because the SAC fails to plead submission of a false statement with particularity, fails to adequately plead knowledge, and improperly groups Defendants together rather than making particularized allegations for each Defendant. Accordingly, the Court GRANTS Defendants' motion to dismiss the SAC.

### C. Dismissal with prejudice is warranted.

Relator requests leave to amend any deficiencies that the Court identifies. Opp'n at 8. Dismissal with prejudice is warranted when amendment would be futile, unduly prejudice the opposing party, or cause undue delay, or the moving party has acted in bad faith. *Leadsinger*, 512 F.3d at 532. In the instant case, the Court denies leave to amend because: (1) amendment would be futile; (2) Relator may have acted in bad faith; (3) amendment would unduly prejudice Defendants; and (4) Relator has already had a chance to amend her complaint. The Court addresses each of these issues in turn.

First, granting leave to amend would be futile. In the instant case, Defendants contended in their June 15, 2020 motions to dismiss that Relator had failed to state a claim under Rules 8(a) and 9(b). ECF No. 72 at 19–27; ECF No. 73 at 9–16. The Court's order granting Sutter Defendants' and Doctor Defendants' June 15, 2020 motions to dismiss granted Relator leave to amend but specifically warned Relator that "failure to cure the deficiencies identified in this Order and in Defendants' motions to dismiss will result in dismissal of deficient claims with prejudice." ECF No. 90 at 20. However, Relator failed to cure these deficiencies. Indeed, the SAC fails to plead

16

submission of a false statement with particularity, fails to adequately plead knowledge, and improperly groups Defendants together rather than making particularized allegations for each Defendant. *See* Section III(B), *supra*. When the Doctor Defendants' and Sutter Defendants' instant motions to dismiss again contended that Relator had failed to state a claim under Rules 8(a) and 9(b), Relator failed to oppose Sutter Defendants' motion to dismiss at all and failed to oppose Doctor Defendants' and Sutter Defendants' Rule 8(a) and 9(b) arguments. *See* Section III(A), *supra*. Thus, Relator conceded Defendants' Rule 8(a) and 9(b) arguments, which are dispositive. Based on this record, the Court concludes that further leave to amend would be futile.

Second, Relator may have acted in bad faith. On March 5, 2014, following Relator's surgery, Relator filed a medical malpractice lawsuit against Dr. Roy Hong, Dr. Frederick Dirbas, Palo Alto Foundation Medical Group, Stanford Healthcare, the Reproductive Endocrinology and Infertility Clinic at Stanford University, Registered Nurse Penny Donnelly, and Does 3–50 in the California Superior Court for the County of Santa Clara under the pseudonym "Jane Doe." SAC ¶ 44; *see also* Compl. for Damages, *Doe vs. Hong*, No. 1-14-CV-261702 (Cal. Super. Ct. Mar. 05, 2014). Dr. Dirbas was the surgeon for Relator's preventative double mastectomy, which preceded Relator's single-stage breast reconstruction by Dr. Hong. SAC ¶ 3. After discovery, Relator failed to appear for trial in the Superior Court case. *See* ECF No. 90 at 3. As a result, the California Superior Court dismissed Relator's medical malpractice lawsuit on November 29, 2017. *Id.*

On December 4, 2017, just days after Relator failed to appear for trial in her medical malpractice lawsuit in the California Superior Court, Relator brought a *qui tam* lawsuit in the Los Angeles Division of the United States District Court for the Central District of California under the False Claims Act and the California False Claims Act against Dr. Frederick Dirbas, Stanford Healthcare Billing Department, Stanford Healthcare, the Board of Directors of Stanford Healthcare, the Board of Directors of the Lucile Salter Packard Children's Hospital at Stanford, Stanford University, the Board of Trustees of Stanford University, and Does 1–10. *United States ex rel. Doe v. Stanford Healthcare Billing Dep't*, 2020 WL 1074585, at *1–*2 (C.D. Cal. Feb. 4, 2020). On February 4, 2020, the Central District of California court dismissed Relator's lawsuit

17
Case No. 18-CV-02067-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH PREJUDICE

with leave to amend because Relator's case was foreclosed by the public disclosure bar. *Id.* at *1. On July 13, 2020, the court dismissed Relator's amended complaint with prejudice because the court again concluded that Relator's complaint was foreclosed by the public disclosure bar. *United States ex rel. Doe v. Stanford Healthcare Billing Dep't*, 2020 WL 5033219, at *2 (C.D. Cal. July 13, 2020).

On April 4, 2018, less than five months after Relator failed to appear for trial in her medical malpractice lawsuit in the California Superior Court and four months after Relator filed her *qui tam* lawsuit in the Central District of California, Relator filed the instant case in the United States District Court for the Northern District of California. On November 6, 2020, the Court dismissed Relator's FAC under the public disclosure bar because the Court concluded that substantially the same allegation or transactions as were alleged in the FAC were publicly disclosed in the Centers for Medicare and Medicaid Services' response to a FOIA request that Relator had made. ECF No. 90 at 9–12. In response to the Court's order, Relator's SAC simply removed the references to the Centers for Medicare and Medicaid Services' response to her FOIA request. *Compare* SAC *with* ECF No. 13. Relator's removal of the references to the response to her FOIA request may reflect bad faith on the part of Relator because Relator may be trying to circumvent the dismissal of her lawsuit on lawful grounds.

Third, requiring Sutter Defendants and Doctor Defendants to file a third motion to dismiss would unduly prejudice Sutter Defendants and Doctor Defendants, who have already litigated two motions to dismiss on the same issues. The prejudice that would result to Defendants weighs significantly against granting leave to amend. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (holding that "it is the consideration of prejudice to the opposing party that carries the greatest weight" among the leave to amend factors).

Finally, Relator's previous amendments to the complaint also weigh against granting leave to amend. *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (holding that, in considering whether to grant leave to amend, courts should consider whether the plaintiff has previously amended the complaint); *see also City of Los Angeles v. San Pedro Boat Works*, 635

F.3d 440, 454 (9th Cir. 2011) ("[T]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.") (quotation omitted). Accordingly, the Court DENIES leave to amend.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motions to dismiss the Second Amended Complaint with prejudice. Accordingly, the Court denies as moot Relator's motion to proceed by pseudonym, ECF No. 106.[3]

**IT IS SO ORDERED.**

Dated: August 18, 2021

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge

---

[3] In addition to Relator's motion to proceed by pseudonym, Relator makes an accompanying motion for leave to file under seal, ECF No. 108. In determining whether to grant sealing, "the court must 'conscientiously balance[ ] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quotation omitted). Because the Court is not ruling on the merits of Relator's motion to proceed by pseudonym, the "public interest in understanding the judicial process" is reduced. *Id.* Accordingly, the Court GRANTS Relator's motion for leave to file under seal, ECF No. 108. However, if in the future the Court addresses the merits of Relator's motion to proceed by pseudonym, the Court will conduct the balancing required by *Kamakana* and rule anew.